**Ashley M. Gjovik, JD**
*In Propria Persona*
(415) 964-6272
ashleymgjovik@protonmail.com
Boston, MA

# United States Bankruptcy Court

## District of Massachusetts

In re:

**Ashley M. Gjovik**,
*an individual*,

Debtor.

Chapter: 7

Debtor Case No: 25-11496

The Honorable
Judge Christopher J. Panos

Debtor's Notice of *Pro Se* Appearance and Supporting Declaration

Fed.R.Bankr.P. Rule 9010(a)

# Notice of Appearance

1. Ashley Marie Gjovik, *pro se* Debtor, hereby files this Notice of Appearance to inform the Court, Trustee, and her Creditors that she will be representing herself in this Chapter 7 proceeding including any Adversary Proceedings the Debtor initiates.

2. Debtor similarly Notices the Court, Trustee, and Creditors that she is also representing herself *pro se* on all related civil litigation and agency adjudications, as previously noticed in the bankruptcy petition and forms filed to Dkt. 1.

3. Any inquiries on these matters may be directed to the self-represented Debtor, Plaintiff, Complainant, and Charging Party, Ashley Marie Gjovik.

# Declaration Of *Pro Se* Representation

I, Ashley Marie Gjovik, declare as follows:

4. I obtained a Juris Doctor degree in 2022 from Santa Clara University in California, USA. However, I am not a licensed attorney, and I have never taken a Bar examination. Since 2021, I have represented myself successfully in multiple matters (including whistleblower, retaliation, labor, and environmental claims) in U.S. federal courts, state administrative tribunals, and federal agency proceedings. These proceedings have largely centered around a protracted legal and environmental dispute with my former employer, Apple Inc.

5. I would prefer to be represented by counsel in this bankruptcy proceeding, and I acknowledge that the Court has recommended obtaining legal representation, and that many aspects of Chapter 7 practice are quite technical. However, due to my lack of resources, and after reviewing the legal and financial implications of retaining counsel under the constraints of bankruptcy law, I concluded that doing so would not be feasible without raising potential issues under the Bankruptcy Code.

6. Specifically:

a) Pre-filing, any effort to pay an attorney would have required either:
   - (a) using assets that must be disclosed in my bankruptcy schedules and of

    which I have none to spare, or

- (b) strategically defaulting on existing obligations in order to redirect funds toward attorney fees.

  Both actions would risk violating provisions concerning asset disclosure, preferential transfers (11 U.S.C. § 547), or the fair treatment of creditors in order to pursue a discretionary benefit (i.e., legal representation).

b) While some of my basic living and legal costs are currently supported by limited, discretionary donations from members of the public in connection with my public interest litigation and advocacy, these contributions are neither contractual nor reliable, and are typically earmarked for specific costs (e.g., rent, court filing fees, legal textbooks, etc.). Soliciting large donations to pay an attorney for ongoing representation under these circumstances did not seem viable or appropriate.

c) Post-filing, obtaining funds for counsel could create the appearance of undisclosed assets or raise questions about preferential treatment if those funds were directed solely to a bankruptcy attorney. In addition, any attorney representing me in this matter would also necessarily interact with my other ongoing litigation against Apple Inc. and Northeastern University, including open government investigations into these entities based on my claims, requiring a degree of coordination that undermines the goal of independent legal representation.

  7. For these reasons, I concluded that proceeding *pro se* is not only the most viable option, but also the most consistent with the legal, ethical, and policy principles that underlie the Chapter 7 process.

  8. In light of these considerations, I elected to represent myself, reviewed the Court's *pro se* guidance, and purchased legal reference materials published by the National Consumer Law Center (*Bankruptcy Basics* and *Consumer Bankruptcy Law and Practice*) for $285. These purchases were made on July 22, 2025 using funds from my checking account, which are disclosed in my bankruptcy schedules as part of the estate.

The funds were obtained through public fundraising specifically for the purpose of covering the Chapter 7 petition filing fee and purchasing the necessary legal materials. These expenditures were made in good faith, for the purpose of participating competently in this proceeding and fulfilling my obligations under the Bankruptcy Code.

9. My decision to proceed *pro se* was made in good faith, with careful attention to my legal obligations under the Bankruptcy Code. I respectfully submit this declaration to provide transparency and context for my self-representation.

I declare under penalty of perjury under the laws of the United States of America, and in compliance with Fed.R.Bankr.P. Rule 9011, that the foregoing is true and correct.

Executed on July 22 2025 in Boston, Massachusetts.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
*Pro Se / In Propria Persona*
Boston, Massachusetts.
Dated: July 22 2025