UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 23-cv-04597-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY**<br><br>Docket No. 247 |

In July 2025, Ms. Gjovik initiated Chapter 7 bankruptcy proceedings in the District of Massachusetts. *See* Docket No. 257 (notice). Apple now moves for a stay of all proceedings in this case, either (1) "until such time as the Trustee decides how to proceed [with this suit] as the real party in interest with the exclusive authority to prosecute this action" or (2) should Ms. Gjovik "challenge the Trustee's statutory authority, . . . until such time as the bankruptcy court has made a final determination of that issue." Mot. at 9. Ms. Gjovik opposes the request for a stay, arguing, *inter alia*, that Apple is simply trying to avoid litigation in this case, including but not limited to discovery and summary judgment. Having considered the parties' briefs and accompanying submissions,[1] the Court finds this matter suitable for resolution without oral argument. The Court hereby **GRANTS** the motion to stay.

Contrary to what Plaintiff suggests, Apple is not arguing here that there is an automatic stay because of the bankruptcy proceedings. Rather, Apple seeks a *Landis* stay. *See Lockyer v.*

---

[1] The Court has considered the entirety of Ms. Gjovik's opposition, although it exceeds 25 pages. Ms. Gjovik is forewarned that, although the Court is considering the entirety of the brief, that does not mean that it will do so in the future should Ms. Gjovik file excess pages without Court permission.

*Mirant* Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (noting that "[a] district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). According to Apple, a *Landis* stay is warranted because, once Ms. Gjovik filed her Chapter 7 bankruptcy petition, the Trustee became the sole person with standing to decide whether to prosecute this suit. Apple did not move for relief earlier because, only recently, did the Trustee take action suggesting that he might not abandon Ms. Gjovik's claims against Apple (*e.g.*, the Trustee asked the bankruptcy court for approval to employ legal counsel and, after the initial meeting of creditors, continued that meeting to October so that he could, *inter alia*, meet with Ms. Gjovik). *See, e.g.*, Reply at 1 (noting that Apple filed its motion to stay "just four days after the Section 314 Meeting of the Creditors which clarified the Trustee was not abandoning the litigation, as Plaintiff/Debtor told this Court she thought he would").

Under *Landis*, a court considers the following factors in deciding whether to stay proceedings: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110. In the instant case, these factors weigh in favor of a stay.

In particular, the orderly course of justice weighs in favor of a stay. Since Ms. Gjovik's bankruptcy proceeding is a Chapter 7 proceeding, the Trustee must in the first instance decide how to proceed with the case at bar. *See In re DiSalvo*, 219 F.3d 1035, 1039 (9th Cir. 2000) (stating that, "'[i]n [Chapter 7] liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the state [but] [t]he same cannot be said for trustees under the reorganization chapters [where] the debtor has express authority to sue and be sued'"); *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (noting that, "[b]ecause a Chapter 7 debtor forfeits his prepetition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim unless the trustee abandons the asset, which then returns the claim to the possession and control of the debtor"); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998) ("conclud[ing] that a Chapter 13 debtor, unlike a Chapter 7 debtor, has

2

1  standing to litigate causes of action that are not part of a case under title 11"); *Haskins v. FMHA*,
2  No. 95-35004, 1996 U.S. App. LEXIS 16773, at *3 (9th Cir. June 19, 1996) (in Chapter 7 case,
3  stating that, "[u]pon filing a petition for bankruptcy, a debtor's legal or equitable interests in all
4  property becomes property of the bankruptcy estate," and "[a] trustee, as the representative of the
5  bankruptcy estate, is 'the proper party in interest, and the only party with standing' to prosecute
6  causes of action belonging to the estate"); *In re Lazo*, No. 90-56128, 1991 U.S. App. LEXIS
7  30307, *2-3 (9th Cir. Dec. 17, 1991) (in Chapter 7 case, stating that "[a]ll causes of action that the
8  Lazos had as of June 13, 1983, whether filed or unfiled, became property of the Chapter 7 estate,"
9  and "[t]hese claims could be prosecuted only by the trustee of the estate"); *Lennear v. Diamond*
10 *Pet Food Processors of Cal., LLC*, 147 F. Supp. 3d 1037, 1044 (E.D. Cal. 2015) (stating that,
11 "[u]nder Chapter 7 bankruptcy, once the petition is filed, all pre-petition causes of action become
12 part of the estate[;] [a]s such, the bankruptcy trustee is the sole individual with standing to
13 maintain the pre-petition claim").

14     Ms. Gjovik has failed to cite any authority to counter the authority cited above or to
15 otherwise support her position that there should be "continued debtor control over [this] litigation"
16 *at this time*. Opp'n at 10. *See, e.g.*, *In re Starky*, 522 B.R. 220, 227 (9th Cir. BAP 2014) (noting
17 that, in a Chapter 7 proceeding, all of a debtor's assets become the property of the bankruptcy
18 estate subject to the debtor's right to reclaim certain property as exempt; a trustee has the ability to
19 file an objection to an exemption claim).

20     A stay of proceedings also would not impose undue hardship on Ms. Gjovik. Apple does
21 not seek an indefinite stay, and the stay sought should not be unduly lengthy, especially as Ms.
22 Gjovik has now filed an emergency motion with the bankruptcy court asking for relief with
23 respect to actions taken by the Trustee. *See* Docket No. 251 (notice of motion filed in bankruptcy
24 court).

25     The Court therefore grants Apple's motion to stay. Proceedings in this case are stayed
26 pending a decision by the bankruptcy court as to the propriety of the Trustee's actions. If the
27 bankruptcy court holds that the Trustee alone has standing to decide whether to prosecute this
28 action (at least until he abandons it), the instant case shall continue to be stayed until the Trustee

3

makes that decision.

Finally, to the extent Ms. Gjovik has asked for leave to amend her complaint to add in RICO and/or other claims because of, *e.g.*, Apple's recent conduct related to the bankruptcy proceedings, the request is denied. Likewise, the Court denies Ms. Gjovik's request that the Court reconsider her motion to disqualify Apple's counsel.[2]

The parties shall file a joint status report – in particular, addressing what has taken place in the bankruptcy proceedings – within sixty (60) days.

This order disposes of Docket No. 247.

**IT IS SO ORDERED**.

Dated: September 4, 2025

_____
EDWARD M. CHEN
United States District Judge

---

[2] Ordinarily, the Court would not entertain such requests for relief as they were raised in an opposition brief. Moreover, as indicated above, it is – at the very least – questionable whether Ms. Gjovik has standing to make the requests for relief. However, in the interest of moving this case forward, the Court has considered Ms. Gjovik's requests and denies them on the merits.