**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ASHLEY M. GJOVIK<br><br>Debtor. | Chapter 7<br><br>Case No. 25-11496 (CJP) |

**APPLE INC.'S OPPOSITION TO**
**DEBTOR'S MOTION FOR ORDER TO SHOW CAUSE AND SANCTIONS**

To the Honorable Christopher J. Panos, Bankruptcy Judge:

Apple Inc. ("Apple") opposes Debtor Ashley M. Gjovik's *Motion for Order to Show Cause and Sanctions Against Creditor Apple, Inc.* (the "Motion") stating as follows:

**INTRODUCTION AND BACKGROUND**

1. Ms. Gjovik is a serial litigant.[1] In the middle of what appears to be nearly a dozen ongoing or recently concluded lawsuits and administrative proceedings, Ms. Gjovik filed a voluntary chapter 7 petition in this Court. Her bankruptcy led to the creation of an estate and the appointment of Mark DeGiacomo as chapter 7 trustee (the "Trustee").[2]

2. After his appointment, Apple contacted the Trustee, as the estate's representative, and requested he agree to stay ongoing litigation in California pending his investigation into

---

[1] *See* ECF No. 1 at 48-49 (listing legal actions); ECF No. 11 (expounding on those legal actions and adding new ones). Indeed, even after commencing this case, Ms. Gjovik filed another suit against Apple in the Northern District of California, which, while she characterizes it as pursuing non-estate claims, is based on alleged environmental harm she sustained prior to the filing of her chapter 7 case. Her actions have resulted in an order from the District Court in the Northern District of California requiring Apple to address how this lawsuit should be managed by that Court.

[2] *See* ECF No. 5 (Trustee appointment).

Ms. Gjovik's claims and determination of whether to pursue, settle, or abandon them. The Trustee agreed. The California action was stayed.

3. Ms. Gjovik now asks this Court for an abundance of punitive relief based on those benign events. But there is no basis in fact or law to grant the Motion. Rather, Ms. Gjovik's Motion is plagued by legal infirmities that require its denial.

4. First, Ms. Gjovik failed to serve her Motion on Apple in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Under this Court's Local Bankruptcy Rules ("L.B.R."), that failure likely requires denying the Motion outright.

5. Second, Ms. Gjovik has not identified any sanctionable conduct. It cannot be sanctionable to communicate with the Trustee, the only person authorized to act on behalf of the estate or to coordinate with him the stay of litigation where he is the party in interest. Nor can it be sanctionable for a party in interest to attend a section 341 meeting of creditors. That, too, requires denying the Motion.

6. Third, Ms. Gjovik's Motion is procedurally improper for several reasons. To start, her requests to disallow or subordinate Apple's claim are premature; Apple has not filed a claim and the deadline to do so has not run. Further, her requests for injunctive and declaratory relief and her request for subordination require an adversary proceeding, which she has not yet filed and does not have standing to file. Further still, even if Ms. Gjovik could proceed by motion, she certainly cannot do so by motion for order to show cause which would impermissibly flip her burden of proof and persuasion to Apple. Again, that requires denying the Motion.

7. Fourth, the relief Ms. Gjovik seeks implicates serious public policy and constitutional concerns. She effectively seeks to bar Apple from participating (and defending

2

itself) in litigation and a bankruptcy that she knowingly and voluntarily initiated. That is improper and, as with the other deficiencies, requires denying the Motion.

8. At bottom, there is no basis to grant the relief Ms. Gjovik seeks. Rather, there is abundant authority compelling its denial.

## ARGUMENT AND AUTHORITIES

### A. Ms. Gjovik failed to serve her Motion on Apple in accordance with the Bankruptcy Rules.

9. Bankruptcy Rule 9014 provides, in relevant part and with exceptions not applicable here, that motions must be served in accordance with Bankruptcy Rule 7004. FED. R. BANKR. P. 9014(b)(1). In turn, Bankruptcy Rule 7004 permits service on corporate entities like Apple by, among other things, mailing a copy of the Motion to an officer or agent authorized by appointment or law, unless the entity has consented in writing to electronic service. *See* FED. R. BANKR. P. 7004(b)(3); *see also* FED. R. BANKR. P. 9036(e).

10. Apple has not previously appeared in this case or consented to electronic service. Yet that is the only method by which Ms. Gjovik attempted to serve Apple with her Motion. *See* ECF No. 20 at 16; ECF No. 21, ¶ 4. That militates against granting any of the relief Ms. Gjovik seeks. *See* L.B.R. 9013-3(d) ("Failure to comply with the provisions of this Rule may result in the imposition of [monetary or non-monetary sanctions] or denial of the relief sought as the Court deems proper."). The Motion should be denied in its entirety for improper service on Apple.

### B. Ms. Gjovik's request for sanctions is meritless.

11. Ms. Gjovik's grievance – at its core – is that Apple somehow interfered with this bankruptcy case by: (a) communicating with the Trustee; (b) seeking to stay ongoing litigation in the Northern District of California pending substitution of the Trustee, other resolution by him, or abandonment of the claims back to Ms. Gjovik; and (c) attending her section 341(a) meeting of

3

creditors. *See* ECF No. 20, ¶¶ 4-30. The conduct that Ms. Gjovik complains of is not sanctionable. Quite the opposite, it is consistent with well settled bankruptcy law.

12. ***Apple's communications with the Trustee and request to stay the California lawsuit are not sanctionable.*** Ms. Gjovik's Motion is premised on an apparent misunderstanding of bankruptcy law. She filed a *voluntary* chapter 7 petition on July 21, 2025. ECF No. 1. That immediately created a bankruptcy estate, which includes the Debtor's claims asserted against Apple. 11 U.S.C. § 541. As aptly explained by this Court:

> When a person files a case under the Bankruptcy Code, virtually all property of the debtor at that time becomes property of the debtor's bankruptcy estate. The bankruptcy estate includes, subject to limited exceptions, all legal or equitable interests of the debtor in property as of the commencement of the case. The term property has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed. Within the scope of [property of the estate] is every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative. . . . [Property of the estate] includes claims that a Chapter 7 debtor may have against third parties.

*In re Dooley*, 399 B.R. 340, 348 (Bankr. D. Mass. 2009) (cleaned up) (internal citations and quotations omitted).

13. Ms. Gjovik's bankruptcy petition also led, as the Bankruptcy Code requires, to the appointment of a chapter 7 trustee. 11 U.S.C. § 701; ECF No. 5. And, post-petition, the Trustee is the *only* individual with authority to act on behalf of the estate and its property. 11 U.S.C. § 323, 704. As to Ms. Gjovik's prepetition litigation, the Trustee "'steps into the shoes of the debtor for the purposes of asserting *or maintaining* the debtor's causes of action' . . . and has *exclusive* standing to prosecute prepetition claims." *In re Robert*, 432 B.R. 464, 470-71 (Bankr. D. Mass.

4

2010) (quoting *DiMaio Fam. Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.*, 448 F.3d 460, 463 (1st Cir. 2006)) (emphasis added).[3]

14. Understanding that, Ms. Gjovik's objection to Apple's communication with the Trustee or request to stay the California litigation is without merit. The Trustee is not just the *proper* party for Apple to communicate with about the California litigation, he is the *only* party who has authority to communicate with Apple about the case. Beyond that, it was entirely prudent for Apple to seek a stay of the California litigation pending the Trustee's determination of how to proceed with Ms. Gjovik's claims.

15. Put differently, there is nothing wrong with Apple communicating with the Trustee about lawsuits where he is the real party in interest. Nor is there anything wrong with informing the California court that the Trustee is now the real party in interest. That is not interference; it is not an attempt to "seize and control" estate property; it is an exercise of appropriate responsibility as a litigant before other tribunals. In fact, the conduct assures that no action will happen in the California litigation that might negatively impact property of the estate in this case.

16. Apple acted in accordance with settled bankruptcy law. It communicated with the Trustee, who is the sole representative of the estate and the only party with authority to prosecute Ms. Gjovik's claims. And, with the Trustee's consent, it sought to stay the California action pending his investigation into the claims and determination on whether to substitute into the case,

---

[3] Apple noted this same standard in support of its motion to stay the California proceedings. *See* ECF No. 20 at 113-117. Ms. Gjovik's counter that the (correct) recitation of black letter bankruptcy law requires sanctions based on "materially false" or "misleading" statements in court is frivolous. Nothing was misrepresented to the California court, and there is no violation of the Bankruptcy Code or Bankruptcy Rules in facilitating a stay of litigation where the debtor was the plaintiff and is no longer the person in control of the litigation. But even if it were, and for numerous reasons including the fact the statements are covered by the litigation privilege, Ms. Gjovik cannot seek recourse from this Court about statements made in another court.

5

resolve it as part of the bankruptcy process, or abandon the claims back to Ms. Gjovik. There is no basis for sanctions. The request should be denied.

17.    ***Apple's attendance at the section 341(a) meeting is not sanctionable.*** The meeting required by section 341 is a public event, open to all parties in interest. *See, e.g.*, *In re Otero*, No. 10-41071, 2010 WL 2545770, at *1 (Bankr. D. Mass. June 18, 2010) ("The § 341 meeting is most often a debtor's first exposure to the public face of the bankruptcy process and to the adversarial forces potentially arrayed against her. Much depends on her performance before a sober and probing trustee and sometimes hostile creditors."); *In re George*, 370 B.R. 4, 10 (Bankr. D. Mass. 2007) (describing the section 341 meeting as "a public event wherein debtors confront, perhaps for the first time, their financial failure, the consequences of that failure and the public nature of the process"); *In re Schlichtmann*, 375 B.R. 41, 50 n.10 (Bankr. D. Mass. 2007) ("The meeting, which is required by 11 U.S.C. § 341, is an occasion for the Chapter 7 trustee to examine the Debtor. Creditors may attend but need not."); *In re Melendez*, 224 B.R. 252, 261 (Bankr. D. Mass. 1998) ("Each debtor filing for Chapter 7 protection is required to attend a public meeting with the bankruptcy trustee and creditors.").

18.    There is no dispute that Apple is a party in interest and potential creditor of this estate. Ms. Gjovik identified Apple in her schedules as such. ECF No. 1 at 12, 32, 48-49, 55-56. Consequently, there is <u>no</u> basis for Ms. Gjovik to complain about Apple's attendance at her meeting of creditors. The public section 341 meeting is a required part of the bankruptcy process. And, as with all bankruptcy proceedings, it is fundamentally designed to benefit creditors and other interested parties and is, thus, open to them (as well as the general public). Ms. Gjovik's request for sanctions based on Apple's participation in her bankruptcy case is meritless and should be denied.

### C. The remainder of Ms. Gjovik's requested relief is entirely without support, premature, and procedurally improper.

19. Ms. Gjovik asks for a litany of additional relief in her Motion. She requests the Court impose monetary sanctions, disallow claims, equitably subordinate claims, prohibit or restrict (*i.e.*, enjoin) Apple from taking certain actions, and require Apple to file or withdraw (again, enjoin, but mandatory) certain documents. The requested relief is without even a shred of credible factual support.[4] But it also fails as a matter of law.

20. *First*, the requests to disallow and subordinate claims are premature. Ms. Gjovik filed this case on July 21, 2025. ECF No. 1. Her schedules list duplicative unsecured claims held by "Apple Inc. / Apple Payment Services LLC" and "Goldman Sachs Bank USA." *Id.* at 32.[5] She classifies those claims as disputed. *Id.* Neither Apple nor Goldman Sachs has filed a proof of claim as required by Bankruptcy Rule 3002(a) to participate in any distributions from this estate, and the deadline to do so does not run until November 12, 2025. ECF No. 13. Accordingly, Ms. Gjovik's request to disallow or subordinate the claims is entirely premature. *See In re Comprehensive Power, Inc.*, 578 B.R. 14, 28-30 (Bankr. D. Mass. 2017) (finding equitable subordination is unavailable before a creditor files a claim). Put simply, there is no basis to disallow or subordinate a proof of claim that has not yet been filed. Ms. Gjovik's request for

---

[4] To be quite clear, Apple denies the baseless (and fictional) allegations proffered in Ms. Gjovik's Motion, but they do not need to be addressed, especially on a point-by-point basis, where clear legal infirmities require denial of the Motion. As set forth below, Apple reserves the right to challenge Ms. Gjovik's incredible factual assertions if they are ever presented in the proper procedural posture, and to seek costs and sanctions for the time incurred defending this Motion and any similar filings.

[5] The debt is owed to Goldman Sachs. It is entirely unclear why Ms. Gjovik scheduled it as owing to Apple. The point, however, is beyond the scope of this opposition. It does not matter who the debt is owed to, the fact that neither entity has filed a claim and that Ms. Gjovik scheduled them as disputed makes her objection and request to subordinate premature.

disallowance or subordination—or more precisely that Apple show cause why its claims should not be disallowed or subordinated—must be denied.

21. **_Second_**, the requests for subordination, injunctive relief (both prohibitive and mandatory), and declaratory relief cannot be granted by motion. Beyond equitable subordination, Ms. Gjovik asks for a slate of injunctive and declaratory relief, including:

      a.    Prohibiting "future unauthorized agreements" with the Trustee;

      b.    Requiring that all communications "regarding estate administration" be filed with the Court;

      c.    Restricting Apple's participation in this case;

      d.    Filing "corrections in federal court";

      e.    Withdrawing "false statements"; and

      f.    "Acknowledg[ing]" that certain purported actions were "unauthorized and without legal effect."

ECF No. 20 at 13-14.

22. None of that relief can be granted by motion. It requires an adversary proceeding. Bankruptcy Rule 7001 provides in pertinent part:

> An adversary proceeding is governed by the rules in this Part VII. The following are adversary proceedings:
>
> . . .
>
> (g) a proceeding to obtain an injunction or other equitable relief . . . ;
>
> (h) a proceeding to subordinate an allowed claim or interest . . . ;
>
> (i) a proceeding to obtain a declaratory judgment related to any proceeding described in (a)-(h) . . . .

FED. R. BANKR. P. 7001.

23. Bankruptcy Rule 7001 encompasses nearly all the relief Ms. Gjovik seeks in her Motion. It covers her request for equitable subordination. FED. R. BANKR. P. 7001(h). It includes

8

her requests for injunctive relief (prohibiting agreements, requiring the filing of communications, restricting participation, and filing or withdrawing certain documents). FED. R. BANKR. P. 7001(g). And it embodies her request for declaratory relief (certain acknowledgements). FED. R. BANKR. P. 7001(i). None of that relief can be granted by motion; it can only be done through an adversary proceeding. *See In re The Educ. Res. Inst., Inc.*, 442 B.R. 20, 23 (Bankr. D. Mass. 2010) ("[T]o the extent [a party] asks the Court to enjoin [another party] from doing anything or asks the Court to order [another party] to take a particular action, Rule 7001(7) requires the filing of an adversary proceeding."). Again, the Motion must be denied.

24.    ***Third***, even if Ms. Gjovik could proceed by motion generally, she cannot flip the burden of proof or persuasion by proceeding through a motion for order to show cause. Ms. Gjovik bears the burden of proving Apple's or Goldman Sachs's claims (if filed) should be disallowed. *See In re Hemingway Transp. Inc.*, 993 F.2d 915, 925 (1st Cir. 1993), *cert. denied*, 510 U.S. 914 (1993); FED. R. BANKR. P. 3001(f).[6] Assuming she has standing to do so (which she does not), she would bear the burden of proving those claims (if filed) should be subordinated. *See In re Giorgio*, 862 F.2d 933, 938-39 (1st Cir. 1988); 11 U.S.C. § 510(c).[7] And she bears the burden of proving her entitlement to declaratory or injunctive relief. *See Esso Standard Oil Co. (Puerto*

---

[6] Ms. Gjovik cites to section 502(d) as the lone basis for objecting to Apple's not-yet-filed claim. ECF No. 20, ¶¶ 37-38, 43. But section 502(d) only applies to claims held by creditors from which property is recoverable under sections 542, 543, 550, or 553 or that are transferees of avoidable transfers under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a). 11 U.S.C. § 502(d). Ms. Gjovik has not alleged *any* facts, let alone proven them, that would support application of section 502(d) here.

[7] Ms. Gjovik lacks standing to pursue equitable subordination as that action belongs exclusively to the Trustee. *See In re Medomak Canning*, 101 B.R. 399, 401-02 (Bankr. D. Me. 1989) ("The proper party to assert equitable subordination is the trustee. . . . [A] general creditor does not have standing to assert the doctrine of equitable subordination.") (citations omitted); *accord In re Flying Star Cafes, Inc.*, 568 B.R. 129, 136 (Bankr. D.N.M. 2017) (same, but for section 510(b)); *In re Moore*, No. 16-12889, 2022 WL 1127327, at *3 (C.D. Cal. Mar. 25, 2022) (same, for section 510(b)).

9

*Rico) v. Monroig-Zayas*, 445 F.3d 13, 17-18 (1st Cir. 2006).[8] Ms. Gjovik cannot shift that burden to Apple or Goldman Sachs by seeking the same relief through a motion for order to show cause. If Ms. Gjovik wants to obtain disallowance or subordination, she must file a motion or objection (disallowance) or an adversary (subordination or equitable relief), after proofs of claim are filed, and prove her case. The Motion should be denied.

### D. Ms. Gjovik's Motion implicates serious public policy and constitutional concerns.

25. Finally, it is important to discuss the absurd implications of granting the relief Ms. Gjovik seeks in her Motion. She asks the Court to approve a scenario in which Apple is: (a) barred from communicating with the Trustee, unless those communications are filed on the docket; (b) restricted from participating in this bankruptcy case beyond filing a claim; and (c) required to file "corrections" or withdraw "false statements" made in other proceedings, despite the fact that the challenged representations are legally correct and objectively true. All that runs afoul of centuries of jurisprudence and the Constitution itself. *See, e.g.*, U.S. Const. amend. I (protecting the fundamental right to petition); Mass. Gen. Laws Ch. 231, § 59H (providing a process to summarily dismiss actions designed to chill or prevent participation); *Duracraft Corp. v. Holmes Prods. Corp.*, 427 Mass. 156, 161 (Mass. 1998) ("[F]ull participation by persons and organizations and robust discussion of issues before legislative, judicial, and administrative bodies and in other public fora are essential to the democratic process.") (quotation omitted).

---

[8] Ms. Gjovik does not even attempt to establish the four factors for obtaining injunctive relief: (1) a likelihood of success on the merits; (2) irreparable harm if the injunction is denied; (3) a balance of hardships in her favor; and (4) a positive effect on the public interest. *See Esso Standard Oil Co. (Puerto Rico)*, 445 F.3d at 18. Nor does she offer any basis for the Court to award a declaratory judgment. *See Ernst & Young v. Depositors Economic Protection Corp.*, 45 F.3d 530, 534-41 (1st Cir. 1995) (discussing general standards for declaratory relief).

26. Ms. Gjovik chose to sue Apple in California. Ms. Gjovik chose to file a bankruptcy petition in this Court. She cannot now object to Apple's participation in the litigation or chapter 7 case she initiated. Apple cannot be enjoined from communicating with the Trustee or required to file all its communications with the Trustee on this Court's docket. Apple cannot be restricted from participating in this case, including by attending meetings of creditors or hearings or by filing documents with the Court. Apple cannot be required to file "corrections" or "withdraw" pleadings in this Court or in any other; there have been no "misrepresentations." Apple cannot be enjoined from advising another court of the filing of this case and the appointment of the Trustee who now controls the litigation before that Court.

27. Pointedly, Ms. Gjovik cannot sue Apple, file bankruptcy, and then contest the processes precipitated by her own decisions. There is no basis to grant the unfounded relief Ms. Gjovik seeks. The Motion should be denied.

### E. Reservation of Rights

28. Apple reserves its right to contest any motion, claim objection, or adversary proceeding that Ms. Gjovik brings in a procedurally proper way and to augment this opposition if the Motion is not summarily dismissed. Apple also reserves its right to seek sanctions against and costs from Ms. Gjovik for the Motion itself, and for future litigation conduct, under Bankruptcy Rule 9011 and 28 U.S.C. § 1927, as and when appropriate.

### CONCLUSION

29. Ms. Gjovik's Motion lacks merit and cannot be granted. Not only has she failed effectively to serve it on Apple in accordance with the Bankruptcy Rules, but she is not entitled to any relief. Apple violated no Bankruptcy Code section or Bankruptcy Rule. Apple engaged in no sanctionable conduct. Moreover, most of the requested relief cannot be granted by motion, and certainly not by motion for order to show cause. Finally, the Motion has serious public policy and

11

constitutional defects that, even if Mr. Gjovik had articulated something actionable, would militate against granting the relief she seeks because it would improperly limit Apple's constitutionally protected speech with parties and courts and its ability to participate in these proceedings.

30. The Motion should be denied in its entirety.

Dated: September 11, 2025      Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ Andrew M. Troop*
    Andrew M. Troop
    Mass. Bar No. 547179
    31 West 52nd Street
    New York, NY 10019-6131
    Tel: (212) 858-1000
    Fac: (212) 858-1500
    andrew.troop@pillsburylaw.com

***Counsel for Apple Inc.***

## **CERTIFICATE OF SERVICE**

I certify that, on September 11, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Massachusetts and to be mailed by first-class mail postage prepaid, and emailed, to the following parties.

Debtor Ashley M. Gjovik
Askley M. Gjovik
18 Worcester Square, Apt. 1
Boston, MA 02118
ashleymgjovik@protonmail.com
legal@ashleygjovik.com

Chapter 7 Trustee
HARRIS BEACH MURTHA CULLINA PLLC
Mark G. DeGiacomo
33 Arch Street, 12th Floor
Boston, MA 02110
mdegiacomo@harrisbeachmurtha.com

United States Trustee
Richard King, Asst. U.S. Trustee
J.W. McCormack P.O. & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109
richard.t.king@usdoj.gov


*/s/ Andrew M. Troop*
Andrew M. Troop