**Ashley M. Gjovik, JD**
*In Propria Persona*
(415) 964-6272
ashleymgjovik@protonmail.com
Boston, MA

# United States Bankruptcy Court

## District of Massachusetts

In Re:

Ashley M. Gjovik,

Debtor.

Chapter 7 Case No: 25–11496

Judge Christopher J. Panos

Amended Ch.7 Petition, Forms, and Schedules

Rule 1009
Sept. 15 2025

(Addendum to Prior Filed versions at Dkt. 1, 11, 18)

# Table of Contents

Amended Official Forms 106-107 .................................................................................2

Legal and Environmental Matters  (Schedules 106 and 107) .......................2

*Schedule 106 A/B Q.30: "Amounts Someone Owes You"* .......................................2

*Schedule 106 A/B Q.33: "Claims Against Third Parties"* .......................................3

*Schedule 107 Part 4 Q.9 "Any lawsuit, court action, or administrative proceeding"*...6

*Schedule 107 Part 10 "Environmental Information" Q.25* .....................................9

*Schedule 107 Part 10 "Environmental Information" Q.26* ...................................10

Schedule 106 A/B Q.34 (Contingent Claims)................................................10

Schedule 106 A/B Q.26 ("IP") .......................................................................11

Schedule 106C: Exempt Property...................................................................12

*11 U.S.C. § 522(d) Exemptions* .......................................................................12

*Exemption: Crime Victim Restitution*................................................................13

*Exemption: Personal Injury, Disability, Medical, and Health* ..............................15

*Exemption: Unlawful Retaliation*.....................................................................17

Restricted "Property" ...................................................................................19

*Constitutional Rights* ....................................................................................19

*State and Local Law* .....................................................................................20

*Federal Supremacy*.......................................................................................20

Non-Estate Property (11 U.S. Code § 541(b)).................................................22

NLRB Claims and Proceedings .....................................................................25

Requirements of the Trustee and Bankruptcy Court regarding the
Debtor, her Rights, Property, and her Legal Claims .................................26

Creditors......................................................................................................27

Certification.................................................................................................27

# Amended Official Forms 106-107

1.　　I, Ashley Marie Gjovik ("Debtor", hereby file this amended petition under Rule 1009 and Local Rule 1009-1. The Debtor hereby amends a "a voluntary petition, list, schedule, statement of financial affairs, statement of intention, or statement of current monthly income" as provided by Local Rule 1009-1(a).

2.　　At this time, a second 341 Meeting was scheduled for October 2025 and the Deadline to File Claims is set for November 2025. The Debtor does not add any new creditors. A disputed creditor and existing Defendant in long-running litigation has already begun citing, quoting, and referencing the Debtor's petition as evidence and a basis for legal arguments in litigation outside this court, thus the Debtor adds additional details, clarifications, and provides this supplement in a memorandum.

3.　　Notice of intent to Amend was given verbally and in written communication to the Trustee on Sept. 8 2025, with the Trustee confirming understanding and expectation of Amendments on Sept. 10 2025. The Amendment is clearly noted as "Amended." Thus, the Amendment does "comply with the notice provisions set forth in Fed. R. Bankr. P. 1009." Local Rule 1009-1. ("Notice of any amendment is required to be given to the trustee." – Fed. R. Bankr. P. 1009, Notes of Advisory Committee on Rules—1983).

4.　　Finally, the Amendment is filed with an amended and current version of Official Form 106Dec, Official Form B 106Sum, and a certificate of service of notice to all parties in interest, in compliance with  Local Rule 1009-1(c).

## Legal and Environmental Matters (Schedules 106 and 107)

5.　　In Response to "Official Form 106 – Schedule A/B" Questions 30 and 33 and the Debtor Response as follows:

### Schedule 106 A/B Q.30: "Amounts Someone Owes You"

6.　　In response to Official Form 106 – Schedule A/B, Question 30 ("*other amounts someone owes you*"), the Debtor responds with the notations below, and

incorporates Form 107 Part 4 and 10. Any new claims, added since the prior filing on
August 19 2025, are noted in red, bold text with a date of "9/15."

i. 7/21: Compensatory, consequential, and other damages from Apple Inc, including unpaid wages and benefits.

ii. 7/21: Compensatory, consequential, and other damages from Northeastern University, including unpaid wages and benefits.

iii. **Amended 9/15:** Compensatory, consequential, and other damages from Irvine Company (3390 Octavius Drive/3250 Scott Blvd).

iv. 8/4 106AB No. 30: compensatory, consequential, and other damages from ~~Debtor's landlords~~ (Seeratt Dutt and Alex Matses) under landlord/tenant, real property, and false claims laws. 8/19 Amendment: clarification that the landlord and property owner is Seeratt Dutt. Alex Matses is partner/relative but is not on the deed and is not party to the lease, but is also liable under civil/criminal, tort, fraud, and related claims. The building HOA may also be partially/joint liable for some torts.

v. **Amended 9/15:** Compensatory, consequential, and other damages from Michael Gillhooly (141 Eagle St).

vi. 7/21: Compensatory, consequential, and other damages from City of Santa Clara. (3390 Octavius Drive/3250 Scott Blvd).

vii. 7/21: Compensatory, consequential, and other damages from Kalil Jenab. (3390 Octavius Drive/3250 Scott Blvd; 825 Stewart Drive/Triple Site).

viii. **Amended 9/15:** Compensatory, consequential, restitution, and other damages from the California government.

ix. **Amended 9/15:** Compensatory, consequential, restitution, and other damages from the U.S. government.

x. Also incorporating all other compensatory, consequential, and other damages from Defendants and Potential Defendants, and claims for damages as reflected in the schedules and forms, below in Question 33, and below in Schedule 107 Part 4 and 10, and all other possible claims reasonably related to and/or arising out of similar facts, as what is included within the disclosures in this Bankruptcy case.

## SCHEDULE 106 A/B Q.33: "CLAIMS AGAINST THIRD PARTIES"

7.    In Response to Official Form 106 – Schedule A/B, Question 33 ("*claims against third parties…*"), the Debtor Response as follows: Any new claims, added since the prior filing on August 19 2025, are noted in red, bold text with a date of "9/15."

i. 7/21: Compensatory, consequential, and other damages from Apple Inc for cases noted. **Amended 9/15:** including, Retaliation, Harassment, Fraud,

Unfair Business Practices, Environmental and Safety Violations.

ii.   7/21: Compensatory, consequential, and other damages from Northeastern University for cases noted. **Amended 9/15:** including, Retaliation, Harassment, Fraud, Unfair Business Practices, Environmental and Safety Violations.

iii.   8/4: Landlord/tenant, real property, and/or false claims (Mass. General Laws Chapter 93A) litigation against Seeratt Dutt and Alex Matses (re: 18 Worcester Sq., Boston, MA). 8/19 Amendment: the conduct giving rise to the claim started in Sept. 2023 and is continuing, and also includes tort, personal injury, and criminal law claims. Includes civil claims against the building HOA or HOA Trustee, and/or Charles Construction.

iv.   8/4: False Claims or related citizen-type criminal/fraud enforcement action against Northeastern University. This would also include crime victim restitution and whistleblower claims.

v.   8/4: Environmental claims against Northeastern University related to asbestos and lead exposure.

vi.   8/4: Civil whistleblower, labor, and/or employment litigation against Northeastern University.

vii.   8/4: Toxic tort and/or premise liability and/or landlord/tenant claims against The Irvine Company (re: Santa Clara Square, Santa Clara, CA)

viii.   8/4: Toxic tort and/or premise liability claims against GI Partners / CalSTRS. (re: 825 Stewart Drive / TRW Microwave Superfund, Sunnyvale, CA).

ix.   8/4: Toxic tort and/or premise liability and/or CERCLA-related claims against Northrop Grumman (re: 825 Stewart Drive / TRW Microwave Superfund, Sunnyvale, CA).

x.   **Amended 9/15:** Toxic torts, personal injury, and/or environmental claims against Bennington College for PFAS and related exposure and injuries in 2004-2005 while a student.

xi.   7/21: Environmental Claims against Apple, City of Santa Clara, and Kalil Jenab (to be filed on or around Sept. 1 2025).

xii.   8/4: Toxic tort and/or premise liability and/or CERCLA-related claims against Kalil Jenab (re: Synertek Superfund site, Santa Clara, CA).

xiii.   8/4: Medical malpractice and medical-related legal compliance claims against Apple Inc (a.k.a. Apple Wellness Center, a.k.a. A.C. Wellness).

xiv.   8/4: Consumer protection and financial compliance claims against Apple Inc (a.k.a. "Apple Card") and Goldman Sachs.

xv.   **Amended 9/15:** Retaliation, discrimination, and/or labor claims against Nike Inc (2012-2015).

xvi.   **Amended 9/15:** Retaliation, discrimination, and/or labor claims against PSU (2011-2013).

xvii.   8/4: Medical malpractice and/or other compliance claims against Boston Medical Center.

xviii.   8/4: Landlord/tenant, toxic tort (lead, asbestos), and/or premise liability claims against Michael Gilhooly (Albany, NY).

xix.   8/19: Claim against Academia for consumer law, unjust enrichment, contract, and/or financial violations, including unlawful billing of the debtor.

xx.   8/19: 42 U.S. Code § 1983 civil rights violation claim, 18 U.S.C. §§ 1961, and other misconduct claims, against the U.S. NLRB.

xxi.   8/19: 42 U.S. Code § 1983 civil rights violation claim, 18 U.S.C. §§ 1961, and other misconduct claims, against certain departments and employees of the U.S. EPA for conduct occurring in 2020-2024.

xxii.   8/19: 42 U.S. Code § 1983 civil rights violation claim, 18 U.S.C. §§ 1961, and other misconduct claims, against the U.S. Dept. of Labor for conduct occurring 2021-2024.

xxiii.   8/19: Civil/tort, and/or criminal claims against Apple employees for actions in or around 2020-2022, including Tom Huynh, Kevin Sung, Dan West, David Powers, Yannick Bertolus, Ekelemchi Okpo, Jenna Waibel, Antonio Lagares, Aleks Kagramanov, "Joanna Appleseed," Christy Dehus, Sophi Jacobs, Ricky Mondello, Shantini Vyas, and DOES.

xxiv.   8/19: Civil/tort, and/or criminal claims against Apple EH&S contractor related to 3250 Scott Blvd including ACT Environmental.

xxv.   8/19: Civil/tort, and/or criminal claims against Apple's external counsel or others at, or the law firms of, Orrick, Herrington & Sutcliffe; Morgan Lewis; O'Melveny & Myers; and McDermott Will & Emery for conduct occurring 2021-current. This may also include other firms, or private security companies, with identities not yet know.

xxvi.   **Amended 9/14:** Malpractice or related claims against prior attorneys and firms in 2021-2022 (M.B.; W.L; etc.).

xxvii.   8/19: Civil/tort (defamation, false light, etc.), against New York Post, AppleInsider, Reuters, and 9-to-5 Mac for conduct occurring 2021-2025.

xxviii.   8/19: Civil/tort against the persons ("DOES") behind certain social media accounts and Wikipedia updates including "Beezie Wacks," "Mel Nayer," and others listed in the civil complaint, if third party.

xxix.   8/19: Civil/tort, and/or criminal claims against Northeastern University's external counsel or others at, or the law firm of Seyfarth Shaw LLP.

xxx.   8/19: Potential funds in a closed checking and/or savings account with a

prior OnPoint Credit Union in Oregon (recently identified but amount known).

xxxi.   **Amended 9/15:** Civil claim against "Latch" and/or "Prometheus Real Estate" for invasion of privacy, premise liability, and unsafe conditions.

xxxii.   All other claims for damages as reflected in the schedules and forms, below in Question 30, and below in Schedule 107 Part 4 and 10, and all other possible claims reasonably related to and/or arising out of similar facts, as what is included within the disclosures in this Bankruptcy case.

## SCHEDULE 107 PART 4 Q.9 "ANY LAWSUIT, COURT ACTION, OR ADMINISTRATIVE PROCEEDING"

8.   Form 107 Part 4 Question 9 asks "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" Debtor responds:

i.   7/21: Employment/Labor Claims against Apple Inc (including NLRB and civil litigation). 8/4 Amendment: For the sake of completeness, this should also include the pending U.S. Dept. of Labor adjudication pending ARB appellate ruling (*Ashley Gjovik v Apple Inc*, *2024-0060*).

ii.   7/21: Employment/Labor Claims against Northeastern University (including NLRB). 8/4 Amendment: For the sake of completeness, this will also include a NSF Whistleblower retaliation claim (case number TBD) seeking compensatory damages.

iii.   7/21: Environmental Claims against Apple (including civil litigation and government enforcement) For clarity, the civil claim (no. 25-1) does include a request for compensatory damages. 7/21: Environmental Claims against Apple... This would also include crime victim restitution. 8/19 Amendment: This would also include whistleblower tips and rewards.

iv.   7/21: Environmental Claims against Apple, City of Santa Clara, and Kalil Jenab (to be filed on or around Sept. 1 2025). The Citizen Suit (no. 26-2) <u>would not</u> provide direct financial benefit to the Debtor. The government enforcement (no. 26-1) <u>would not</u> provide direct financial benefit to the Debtor. This <u>does not</u> include a request for compensatory damages.

v.   8/4 + 8/19 Amendment: This includes a landlord/tenant, real property, premise liability, tortious, criminal, and/or false claims lawsuit against Seeratt Dutt and/or Alex Matses and/or Charles Construction regarding 18 Worcester Sq. Existing government cases covering misconduct occurring back to Sept. 2023 include Boston ISD Case No. 848-712, 849-279; Boston Fire Dept. Case (PRA needed); Boston Building Dept. Case (TBA); Boston Police Department (Report No. [redacted]).

9. Schedule A/B Questions 30 and 33 are also incorporated here.

10. **Amended 8/19 and 9/15:** A list of major litigation, adjudication, and investigations; including appeals, are listed here:

 i. *Ashley Gjovik v. Apple Inc.,* 23-cv-04597-EMC, N.D. Cal., 2023-; including but not limited to:

  i. Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. §§ 1962(a), (c), (d)

  ii. Sarbanes-Oxley Act Whistleblower, 18 U.S.C. §1514A

  iii. Dodd-Frank Act Whistleblower, 15 U.S.C. §78u-6(h)(1)(A)(iii)

  iv. Bane Civil Rights Act, Cal. Civ Code § 52.1

  v. Ralph Civil Rights Act, Cal. Civ Code § 51.7

  vi. Whistleblower Protection Act, Cal. Labor Code § 1102.5

  vii. Retaliation for Filing Complaints, Cal. Labor Code § 98.6

  viii. Retaliation for Safety Activities, Cal. Labor Code §§ 6310

  ix. Termination in Violation of Public Policy

  x. Ultrahazardous Activities

  xi. Private Nuisance; Per Se Nuisance Cal. Civil Code § 3479

  xii. Intentional Infliction of Emotional Distress – Fear of Cancer

  xiii. Intentional Infliction of Emotional Distress – Outrage

  xiv. Negligent Infliction of Emotional Distress

 ii. *Ashley Gjovik v. Apple,* 24-6058, 9th Circuit Court of Appeals (2024-2025)

 iii. *Ashley M. Gjovik v. Apple,* 25-2028, 9th Circuit Court of Appeals (2025-)

 iv. *Ashley Gjovik v. Apple Inc., City of Santa Clara, Khalil/Kalil Jenab, various Jenab Trusts and LLCs*, 5:25-cv-07360, N.D. Cal., 2025- (Citizen Suit: RCRA, CAA, CWA, EPCRA, TSCA, Public Nuisance).

 v. *Ashley Gjovik v Apple Inc*, U.S. Dept. of Labor OALJ, 2024-CER-00001; *Ashley Gjovik v Apple Inc*, U.S. Dept. of Labor ARB, 2024-0060.

 vi. *Apple Inc and Ashley Marie Gjovik*, U.S. NLRB, 32-CA-282142/32-CA-283161.

 vii. *Apple Inc and Ashley Marie Gjovik*, U.S. NLRB, 32-CA-284441

 viii. *Apple Inc and Ashley Marie Gjovik*, U.S. NLRB, 32-CA-284428

 ix. *Apple Inc and Ashley Marie Gjovik*, U.S. NLRB, 01-CA-365726

 x. *Apple Inc and Ashley Marie Gjovik*, U.S. NLRB, 01-CA-345931, 01-CA-332897

 xi. *Ashley Gjovik v. Apple Inc,* RCI-CM-842830, California Dept. of Labor DIR (2021-), incorporated into the Apple civil litigation  (23-cv-04597).

 xii. *Apple Inc,* U.S. EEOC, incorporated into case 23-cv-04597.

 xiii. *Apple Inc,*  Cal. DFEH, incorporated into case 23-cv-04597.

 xiv. *Apple Inc*, U.S. OSHA, incorporated into case 23-cv-04597. Apple

Inc/Gjovik/9-3290-22-051, U.S. Department of Labor OSHA (2021-2024).

xv.   *Apple Inc*, Cal. OSHA, incorporated into case 23-cv-04597. (160-1855100, etc.)

xvi.   *Apple Inc*, U.S. EPA, incorporated into case 23-cv-04597 and 25-cv-07360.

xvii.   *Apple Inc*, Cal. EPA, incorporated into case 23-cv-04597 and 25-cv-07360. (COMP-51794, etc.)

xviii.   *Apple Inc*, Cal. OES, incorporated into case 23-cv-04597 and 25-cv-07360.

xix.   *Apple Inc*, Santa Clara Fire Dept., incorporated into case 23-cv-04597 and 25-cv-07360.

xx.   *Apple Inc*, Santa Clara County Dept. of Env. Health, incorporated into case 23-cv-04597.

xxi.   *Apple Inc*, Santa Clara County Dist. Attorney's Office, Env. Crimes Division, (2021-2023), incorporated into case 23-cv-04597.

xxii.   *Ashley M. Gjovik,* California Unemployment Insurance Appeals Board, Case No. 7253819, July 27 2022.

xxiii.   *Apple Inc,* FBI and local police (a variety of things; 2021-).

xxiv.   *Apple Inc;* Complaints to foreign governments about Apple's violation of international and/or foreign privacy laws: Federal Commissioner for Data Protection and Freedom of Information (BfDI); Commission Nationale de l'Informatique et des Libertés (CNIL); European Commission, European Data Protection Supervisor; UK Data Protection Information Commissioner's Office; Office of the Privacy Commissioner of Canada; Ireland's Data Protection Commission.

xxv.   *Apple Inc;* Reports of Apple's financial and corporate misconduct to the U.S. SEC (16304-612-987-465, 16353-506-600-213, more) supporting the SOX and Dodd Frank whistleblower actions in the civil litigation (23-cv-04597); CFPB, DOJ Antitrust, Treasury, and FERC, etc.

xxvi.   *Gjovik v. the State of Washington,* 2:22-cv-00807 (W.D. Wash. 2022) + associated FBI complaints. *[redacted] v. Gjovik,* No. 22-2-03849-7 SEA, 2022 WL 4541046, (Wash. Super. Ct. Sep. 26, 2022)

xxvii.   *Northeastern University and Ashley Gjovik*, U.S. NLRB, (01-CA-342355)

xxviii.   *Northeastern University and Ashley Gjovik*, U.S. NLRB, (01-CA-350371)

xxix.   *Northeastern University,* U.S. OSHA, (lead, asbestos, drinking water)

xxx.   *Northeastern University,* U.S. EPA, (asbestos; lithium battery fire)

xxxi.   *Northeastern University,* Mass. DEP, (asbestos; lithium battery fire)

xxxii.   *Northeastern University,* NSF (grant fraud and research misconduct)

xxxiii.   *Northeastern University,* NIH / HHS (grant fraud and research misconduct)

xxxiv.   *Northeastern University,* NSF (grant fraud and research misconduct)

xxxv.   *Northeastern University,* U.S. EPA (grant fraud and research misconduct)

xxxvi.   *Northeastern University,* FBI (grant fraud and research misconduct; various criminal activities and schemes).
xxxvii.   18 Worcester Sq., Boston ISD/Health Dept. (habitability violations; health/safety issues; unregistered rental).
xxxviii.   18 Worcester Sq., Boston Building Dept. (electrical, mechanical, plumbing, structural, no permits).
xxxix.   18 Worcester Sq., Boston Fire Dept. (fire hazards, fire code violations)
xl.   18 Worcester Sq., Police Dept. (criminal conduct)
xli.   141 Eagle St., Albany Building Dept. (habitability violations; health/safety issues; building code violations; working without permits).
xlii.   141 Eagle St., Albany Health Dept. Dept. (lead).
xliii.   141 Eagle St., U.S EPA (lead).

## SCHEDULE 107 PART 10 "ENVIRONMENTAL INFORMATION" Q.25

11.   Form 107 Part 10 Question 25 asks *"Have you notified any governmental unit of any release of hazardous material?"[1]* The forms instructs to "report all notices, releases, and proceedings that you know about, regardless of when they occurred." Debtor responds:

i.   *Apple Inc*, U.S. EPA, incorporated into case 23-cv-04597 and 25-cv-07360. (825 Stewart Drive, Sunnyvale and 3250 Scott Blvd, Santa Clara).
ii.   *Apple Inc*, Cal. EPA, incorporated into case 23-cv-04597 and 25-cv-07360. (825 Stewart Drive, Sunnyvale and 3250 Scott Blvd, Santa Clara).
iii.   *Apple Inc*, Cal. OES, incorporated into case 23-cv-04597 and 25-cv-07360. (3250 Scott Blvd, Santa Clara).
iv.   *Apple Inc*, Santa Clara Fire Dept.,  incorporated into case 23-cv-04597 and 25-cv-07360. (3250 Scott Blvd, Santa Clara).
v.   *Apple Inc*, Santa Clara County Dept. of Env. Health,  incorporated into case 23-cv-04597.
vi.   *Apple Inc*, Santa Clara County Dist. Attorney's Office, Env. Crimes Division, (2021-2023),  incorporated into case 23-cv-04597.
vii.   *Northeastern University,* U.S. EPA, MA; (asbestos; lithium battery fire)
viii.   *Northeastern University,* Mass. DEP, MA; (asbestos; lithium battery fire)
ix.   *Northeastern University,* NEU Police Dept. (lithium battery fire).
x.   *M. Gilhooly*, 141 Eagle St., NY; Albany Health Dept. Dept. (lead; citations).
xi.   *M. Gilhooly*, 141 Eagle St., NY; NY Dept. of Labor (asbestos; citations).

---

[1] Schedule 107 Part 10: "*Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term."

xii.    *M. Gilhooly*, 141 Eagle St., NY; U.S EPA (lead and asbestos).

## SCHEDULE 107 PART 10 "ENVIRONMENTAL INFORMATION" Q.26

12.    Form 107 Part 10 Question 26 asks "*Have you been a party in any judicial or administrative proceeding under any environmental law?*"[2] The forms instructs to "report all notices, releases, and proceedings that you know about, regardless of when they occurred." Debtor responds:

i.    **Citizen Suit:** *Ashley Gjovik v. Apple Inc., City of Santa Clara, Khalil/Kalil Jenab, various Jenab Trusts and LLCs*, 5:25-cv-07360, N.D. Cal., 2025-

    a.  **Citizen Suit:** RCRA, CAA, CWA, EPCRA, TSCA, Cal. Public Nuisance

ii.   **Personal Injury and Property Damage:** *Ashley Gjovik v. Apple Inc.,* 23-cv-04597-EMC, N.D. Cal., 2023-); *Ashley Gjovik v. Apple,* 24-6058, 9th Circuit Court of Appeals (2024-2025); *Ashley M. Gjovik v. Apple,* 25-2028, 9th Circuit Court of Appeals (2025-).

    a.  **Cal. Personal Injury Toxic Torts:** Ultrahazardous Activities, Private Nuisance, IIED – Fear of Cancer, RICO Predicate Act 18 U.S. Code § 229, retaliation claims for protected activity under environmental statutes including CERCLA, RCRA, CAA, and others.

iii.  **Retaliation***: Ashley Gjovik v Apple Inc*, U.S. Dept. of Labor OALJ, 2024-CER-00001; *Ashley Gjovik v Apple Inc*, U.S. Dept. of Labor ARB, 2024-0060.

    a.  **Statutory Whistleblower Retaliation** claims under the CERCLA, the RCRA, the Clean Air Act, the Clean Water Act, and the TSCA.

## SCHEDULE 106 A/B Q.34 (CONTINGENT CLAIMS)

13.    Question 26 asks if the Debtor has any "other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims."

14.    Existing Creditors listed with legal claims or potential legal against them

---

[2] Schedule 107 Part 10: "*Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material."

("Disputed Creditors") are Apple, Goldman Sachs, and Boston Medical Center.

15.    The disputed Boston Medical Center debt also intersects with the claims arising out of 18 Worcester Sq. (including a severe injury/illnesses caused by the property/owner/others and then BMC refused to treat said injury), and arising out of 3250 Scott Blvd and 3390 Octavius Dr. (including a sort of injury/illness arising from that location, and then BMC refused to treat the patient).

16.    The Debtor's dispute regarding the Apple Card includes an apparently unlawful "beta program" on employees starting around April 2019 and a large CFPB fine in 2025 for the companies starting the program "too early" in August 2019, but apparently failing to disclose the April 2019 start date to regulators.

17.    Regarding the "Apple Card" debt, the Debtor notes that Goldman Sachs apparently started forwarding its mail to CITIGROUP, and Apple's counsel refuses to confirm if Apple is a creditor, and will not clarify the CITIGROUP forwarding. Debtor reserves the right to add and/or apply any discharge of her Apple Card debt to CITIGROUP, and/or Apple Inc, and/or Goldman Sachs.  The Debtor reserves the right to challenge any claim to the Apple Card debt under a number of theories including interference with the Bankruptcy Estate and Discrimination due to Bankruptcy (11 U.S. Code § 525) during the Bankruptcy proceedings.

18.    There may also be counter claims, cross claims, or other claims against Aidvantage/Maximus related to the student loan discharge complaint, regarding allegations they systemically refuse to recognize bankruptcy discharge orders as applying to them.

19.    Debtor reserves the right to add additional claims here regarding currently unknown counter claims or cross-claims that may be asserted in pending litigation and future claims to be filed, as reflected in the disclosed claims here within.

## SCHEDULE 106 A/B Q.26 ("IP")

20.    Question 26 asks if the Debtor has any "patents, copyrights, trademarks, trade secrets, and other intellectual property." This is a strange question regarding

copyrights because everyone has copyrights, and the Debtor does not waive any of hers by omissions, but does detail the following items out of an abundance of caution.

21.    The Debtor discloses she has websites, domain names, blogs, social media accounts, and other publications and technologies that have IP rights. (ashleygjovik.com, gjovik.co, etc.).

22.    The Debtor also discloses she publishes research and academic papers, blogs, and articles. The Debtor has to non-profit journals (10.17605/OSF.IO/UR79D, DOI 10.17605/OSF.IO/7PE4W) publishing original research and articles. These articles are also listed under her ORCID at https://orcid.org/0009-0004-6972-3407. This disclosure also includes the underlying research, data, samples, analysis, laboratory work, analysis, etc.

23.    This is not an exclusive list and there are certainly more items that fall into such broad categories.

## Schedule 106C: Exempt Property

24.    The Debtor reserves all of her prior exemptions in her Original Petition and Amendments at Dkt. 11 and 18, but also further elaborates here.

25.    These exemptions make clear that most, if not all, of the Debtor's public interest litigation is exempt, not Estate property, and cannot and should not be "administered" by the private Trustee. ("If a debtor succeeds in claiming specific property as exempt, that property is protected from administration by the trustee or from collection processes by creditors." – Consumer Bankruptcy Law, Federal Judicial Center, 2025).

## 11 U.S.C. § 522(d) Exemptions

26.    The Debtor claims all relevant exemptions under 11 U.S.C. § 522(d) including, but not limited to:

      i. § 522(d)(3) The debtor's interest (~$14,875), in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor.

ii. § 522(d)(4) The debtor's aggregate interest (~$1,875), in jewelry held primarily for the personal, family, or household use of the debtor.

iii. § 522(d)(1),(5) The debtor's aggregate interest in any property ($1,475 plus up to $13,950 of any unused amount of the exemption provided under paragraph (1) of this subsection). (~$27,900) (Rental exemption: Mass. Ann. Laws ch. 235, § 34).

iv. § 522(d)(6) The debtor's aggregate interest, (~$2,800), in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

v. § 522(d)(9) Professionally prescribed health aids for the debtor or a dependent of the debtor.

vi. § 522(d)(10) The debtor's right to receive: (A) a social security benefit, unemployment compensation, or a local public assistance benefit.

vii. § 522(d)(10) The debtor's right to receive: (C) a disability, illness, or unemployment benefit.

viii. § 522(d)(11) The debtor's right to receive, or property that is traceable to: (A) an award under a crime victim's reparation law.

ix. § 522(d)(11) The debtor's right to receive, or property that is traceable to: (D) a payment (~$27,900) on account of personal bodily injury of the debtor.

x. § 522(d)(11) The debtor's right to receive, or property that is traceable to: (E) a payment in compensation of loss of future earnings of the debtor.

## Exemption: Crime Victim Restitution

27.   As noted, Debtor claims exemptions, without limit, under 11 U.S.C. § 522(d)(11)(A) for her right to receive payments and her right to property which is traceable to "an award under a crime victim's reparation law." This would include any sort of victim restitution including medical, counseling, personal property, lost wages, lost earnings, etc.

28.   The Debtor also claims this exemption under the Crime Victim Rights Act 18 U.S. Code § 3771 *et seq.,* including her rights to " full and timely restitution as provided in law," to "proceedings free from unreasonable delay," and" to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S. Code § 3771(6)-(8). She also has a right "to be reasonably protected from the accused" and the Trustee may not take actions that create unreasonable risks of harm to her by the

accused. 18 U.S. Code § 3771(1).

29.    The Debtor also claims this exemption on her California-based claims, through California Rev & Tax Code § 17131.14; Cal. Civ. Proc. Code 703.140 and Cal. Constitution art I § 28 ("Marsy's Law"). This includes a Constitutional right "to restitution." art I § 28(b)(13). "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer…. All monetary payments, monies, and property collected from any person who has been ordered to make restitution shall be first applied to pay the amounts ordered as restitution to the victim." art I § 28(b)(13)(A),(C).

30.    The Debtor also claims this exemption on her New York-based claims under New York N.Y. Debt. & Cred. Law § 282(3)(I), N.Y. Exec. Law § 632, and related. ("The debtor's right to receive, or property that is traceable to: (i) an award under a crime victim's reparation law.").

31.    The Debtor also claims this exemption on her Oregon-based claims under Oregon Or. Rev. Stat. Ann. § 18.345 and related. ("The debtor's right to receive, or property that is traceable to, an award under any crime victim reparation law.").

32.    The Debtor also claims this exemption on her Massachusetts-based claims under M.G.L. c.258B, M.G.L. c. 12 § 11K, M.G.L. c. 258C, § 4 MA 940 CMR 14.00, and related. ("The estate of a victim is not eligible for compensation."). Compensable expenses include medical expenses and lost wages.  MA 940 CMR 14.00.

33.    The Debtor has active litigation that falls under this exemption including, but not limited to: :

    i.  **THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) 18 U.S.C. § 1962. (*Gjovik v. Apple*, 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**
   - i.  Tampering with a Witness, Victim, or an Informant (18 U.S. Code § 1512)
   - ii.  Retaliating against a Witness, Victim, or an Informant (18 U.S. Code § 1513)

    iii.   Relating to Chemical Weapons (18 USC § 229)

    iv.   Mail Fraud & Wire Fraud (18 US Code §§ 1341, 1343)

    v.   Criminal Commercial Bribery (Cal. Penal Code § 641.3)

    vi.   Criminal Extortion (California Penal Code § 518)

**ii.   BANE AND RALPH CIVIL RIGHTS ACTS (CAL. CIV. CODE § 52.1, §52.7). (*Gjovik v. Apple*, 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**

    i.   Bane Civil Rights Act (Cal. Civ. Code § 52.1)

    ii.   Ralph Civil Rights Act (Cal. Civ. Code §51.7)

**iii.   WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (TAMNEY) (*Gjovik v. Apple*, 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**

    i.   Tamney: Victim of Crime [California Labor Code § 230(e)] Reporting Allegations of Criminal Conduct to Apple, Law Enforcement, and District Attorneys

    ii.   Tamney: Testifying to Agency and/or Legislative Committee [California Labor Code § 230(e); California Government Code § 9414]

**iv.   RETALIATION FOR FILING A LABOR COMPLAINT: CAL. LABOR CODE § 98.6. (*Gjovik v. Apple*, 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**

    i.   §98.6: Crime Victim Retaliation, California Labor Code § 230(e)

**v.   UNFAIR COMPETITION LAW, CAL.B&P.C. § 17200 (*Gjovik v. Apple*, 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**

34.    The Debtor also has additional claims, against multiple parties that would fall under these exemptions including Northeastern University, and claims arising out of 18 Worcester Sq., 141 Eagle St., and 3390 Octavius Drive/3250 Scott Bvld.

## Exemption: Personal Injury, Disability, Medical, and Health

35.    Debtor claims exemptions, without limit, under 11 U.S.C. § 522(d)(9)-(11) her right to receive payments and her right to property which is related to and public assistance and social securities benefits under 11 U.S.C. § 522(d)(10)(A), 42 USC 407, and 11 USC § 541; and her disabilities and illnesses under 11 U.S.C. § 522(d)(10)(C); and traceable to her personal bodily injuries under 11 U.S.C. § 522(d)(11)(D); including her loss of future earnings under 11 U.S.C. § 522(d)(11)(E).

36.    Debtor claims exemptions, without limit, under 11 U.S.C. § 522(d)(9)-(11) her right to receive payments and her right to property including health aids under 11 U.S.C. § 522(d)(9). The Debtor's dog is also an Emotional Support Animal and falls under this category, among many other exempt categories.

37.    The Debtor claims exemptions under IRC section 104 for compensation for injuries or sickness, including emotional distress caused by physical injuries. Treas. Reg. 1.104-1(c). The Debtor also claims exemptions for personal injuries in California and under California law, under California C.C.P. § 703.140(b)(11), 703.140(b)(10), C.C.P. § 703.140(b)(5), and 703.140(b)(11). The Debtor also claims exemptions for personal injuries in New York and/or under New York law, under N.Y. Debtor and Creditor Law § 282(3)(iii) and NYCPLR § 5205(b).

38.    The Debtor has multiple active litigation that fall under this exemption including, but not limited to:

    **i. ULTRAHAZARDOUS ACTIVITIES**
1. 3250 Scott Blvd, Santa Clara
2. 825 Stewart Drive, Sunnyvale

    **ii. PRIVATE NUISANCE; PER SE NUISANCE (CAL. CIVIL CODE § 3479)**
1. 3250 Scott Blvd, Santa Clara
2. 825 Stewart Drive, Sunnyvale

    **iii. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – FEAR OF CANCER**
1. 3250 Scott Blvd, Santa Clara
2. 825 Stewart Drive, Sunnyvale

    **i. BANE AND RALPH CIVIL RIGHTS ACTS (CAL. CIV. CODE § 52.1, §52.7). (*Gjovik v. Apple*, 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**
      i. Bane Civil Rights Act (Cal. Civ. Code § 52.1)
      ii. Ralph Civil Rights Act (Cal. Civ. Code §51.7)

    **ii. THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) 18 U.S.C. § 1962. (*Gjovik v. Apple*, 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**
1. Tampering with a Witness, Victim, or an Informant (18 U.S. Code § 1512) [Property Damage]
2. Retaliating against a Witness, Victim, or an Informant (18 U.S. Code

§ 1513) [Property Damage]

   3.  Relating to Chemical Weapons (18 USC § 229) [Property Damage]

39.    The Debtor also has additional claims, against multiple parties that would fall under these exemptions including Northeastern University, and claims arising out of 18 Worcester Sq., 141 Eagle St., and 3390 Octavius Drive/3250 Scott Bvld.

## EXEMPTION: UNLAWFUL RETALIATION

40.    Debtor claims exemptions, without limit, under 11 U.S.C. § 522(d)(11) and other federal statutes, Constitutional rights, and state rights, for her right to receive payment and her right to property which is traceable to crime victim reparation (such as an employer terminating the employment of the Debtor due to her reporting criminal activities that harmed the Debtor, and because the Debtor was a victim of the employer's criminal conduct) and personal bodily injuries (like as health/safety concerns at work).  These claims also include the Debtor's loss of future earnings ("front pay"), which is exempt under 11 U.S.C. § 522(d)(11)(E).

41.    Pursuant to § 541(b)(7) any amount (A) withheld by an employer from the wages of employees or (B) received by an employer from employees, for payment as contributions to an employee benefit plan, deferred compensation plan, tax-deferred annuity, or health insurance plan. (See also 29 USC 1056(d); 11 USC 522(b)(3)(C); (n); 42 USC 407). Pursuant to §§ 541(b)(5) and (6), 239 the bankruptcy estate does not include funds placed in certain education, retirement, or tuition credit accounts. This would cover some of the damages in the requested relief within the Debtor's retaliation litigation and claims against her ex-employers Apple and Northeastern University.

42.    The Debtor also claims exemptions under California law for California-based claims including C.C.P. § 703.140(b)(5), 704.18, 704.120, 704.160, 704.070, § 704.120, 704.130, 704.180. 703.140(b)(11)(D), and related. The Debtor also claims exemptions for public assistance under Mass. Ann. Laws ch. 118, § 10; ch. 235, § 34; and unemployment compensation under Mass. Ann. Laws ch. 151A, § 36; wages under Mass. Ann. Laws ch. 115, § 5, and related. The Debtor also claims exemptions under New York law including  N.Y. Civil Practice Law § 5205(h)(1) for future earnings, and

N.Y. Civil Practice Law § 5205(d) and N.Y. Soc. Serv. Law § 147-a for wages, and related.

43.    The Debtor has multiple active legal claims that fall under this exemption including, but not limited to:

   i.    **CALIFORNIA WHISTLEBLOWER PROTECTION ACT: CAL. LABOR CODE §1102.5.** (*Gjovik v. Apple*, **3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).).**

      i.    §1102.5: Reporting Unlawful Labor/Employment Conduct (NLRB, EPA, OSHA, DOL).

      ii.    §1102.5: Reporting Environmental & Safety Violations (NLRB, EPA, OSHA, DOL).

      iii.    §1102.5: Refusal to Participate in Unlawful Conduct

   ii.    **RETALIATION FOR FILING A LABOR COMPLAINT: CAL. LABOR CODE § 98.6.** (*Gjovik v. Apple*, **3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**

      i.    §98.6: Retaliation re: Wages: Cal. Labor Code §232

      ii.    §98.6: Retaliation re: Work Conditions: Cal. Labor Code §232.5

      iii.    §98.6: Lawful Off-Duty Conduct: Cal. Labor Code § 96(k)

      iv.    §98.6: Crime Victim Retaliation, California Labor Code § 230(e)

   iii.    **RETALIATION FOR SAFETY COMPLAINTS: CAL. LABOR CODE § 6310** (*Gjovik v. Apple*, **3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**

      i.    6310: Employee Exposure to Chemicals [Cal.Lab.C. §§ 6398, 6400-6405, 6408; 8 Cal.Code.Reg. § 340.2; 29 CFR Z; OSH Act § 1910.1020]

      ii.    §6310: COVID-19 Safety & Communication [Cal.Labor.C. §§ 6325; 6409.6, 6432]

      iii.    §6310: Wildfire Smoke [Cal.C.Reg. Title 8, § 5141.1]

      iv.    §6310: Injury Reporting [8 Cal.C.Reg. § 14300].

      v.    §6310: Retaliation for Complaining about e-Waste Violations

      vi.    §6310: Right-to-Know Retaliation [Cal. Labor Code §6399.7]

      vii.    §6310: Proposition 65 [Cal. Code of Reg. §5194(b)(6)]

      viii.    §6310: Federal Environmental Statutes

      ix.    §6310: Workplace Violence [Cal.Lab.C. §§ 6401.7, 6401.9].

      x.    6310: Unfair Business Practices & False Advertising [Cal. Bus. & Prof. Code §§ 17200, 17500]

   iv.    **WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (TAMNEY)** (*Gjovik v. Apple*, **3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**

      i.    Tamney: Victim of Crime [California Labor Code § 230(e)] Reporting Allegations of Criminal Conduct to Apple, Law

Enforcement, and District Attorneys

    ii. Tamney: Tamney: Reporting Allegations of Unlawful Acts to State and Federal Agencies; Testifying About Employer

    iii. Tamney: Testifying to Agency and/or Legislative Committee [California Labor Code § 230(e); California Government Code § 9414]

    iv. Tamney: Discrimination, Harassment, and Retaliation due to Sex and Disability (Cal. FEHA; California Constitution, Article I, Section 8; Title VII/EEOC)

    v. Tamney: Invasion of Privacy (Cal. Const. art. 1, § 1); California Privacy Rights Act; FTC Act.

    vi. Tamney: Protests about Misuse of ADA Procedures and Medical Clinics; Protest of Employee Health Data Collection.

    **v. UNFAIR COMPETITION LAW, CAL.B&P.C. § 17200 (*Gjovik v. Apple,* 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**

    **vi. BREACH OF IMPLIED CONTRACT (*Gjovik v. Apple,* 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**

    **vii. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (*Gjovik v. Apple,* 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).**

44. The Debtor also has additional claims, against multiple parties that would fall under these exemptions including against Northeastern University.

# Restricted "Property"

## Constitutional Rights

45. The Bankruptcy Court and Trustee cannot interfere with the Debtor's Constitutional Rights (state or federal). "No legislature can exempt itself from the Constitution. A legislature can always exempt itself from a generally applicable statute, but it cannot render itself immune from whatever restraints the Constitution imposes because it is the supreme law. And if that is true, then it follows that the government also cannot empower a private party to operate in lieu of the government but outside of the Constitution." Paul J. Larkin Jr., The Private Delegation Doctrine, 73 Fla. L. Rev. 31 (2021). This includes a prohibition on interfering with her legal actions arising from constitutional rights to remedy.

## STATE AND LOCAL LAW

46.    The Supreme Court has explained there is a "limited scope of...
Bankruptcy Code provisions" and "that Congress did not intend for [Bankruptcy Code]
to preempt all state and local laws." *Midlantic Nat'l Bank v. NJDEP,* 474 U.S. 506-507
(1986). The Code itself orders the Trustee, in any cause, must "manage and operate
the property in his possession...according to the requirements of the valid laws of the
State in which such property is situated." § 959(b).

**47.**    The Trustee is generally bound by nonbankruptcy law. "If Congress wishes
to grant the trustee an extraordinary exemption from nonbankruptcy law... the intention
would be clearly expressed, not left to be collected or inferred from disputable
considerations of convenience in administering the estate of the bankrupt." *Edmonds v.
Compagnie Generale Transatlantique,* 443 U. S. 256, 443 U. S. 266-267 (1979); *Swarts v.
Hammer*, 194 U. S. 441, 194 U. S. 444 (1904); *Palmer v. Massachusetts,* 308 U. S. 79, 308
U. S. 85 (1939);  *Midlantic Nat'l Bank v. NJDEP*, 474 U.S. 494, 501 (1986).

## FEDERAL SUPREMACY

48.    During Bankruptcy, the Government may still commence or continue legal
proceedings. "For example,  § 362(b)(5) permits the Government to enforce
"nonmonetary" judgments against a debtor's estate. It is clear from the legislative
history that one of the purposes of this exception is to protect public health and
safety...Thus, where a governmental unit is suing ...to prevent or stop violation of
fraud, environmental protection, consumer protection, safety, or similar police or
regulatory laws, or attempting to fix damages for violation of such a law, the action or
proceeding is not stayed under the automatic stay." H.R.Rep. No. 95-595, supra, at 343
(emphasis added); S.Rep. No. 95-989." *Midlantic Nat'l Bank v. NJDEP,* 474 U.S. 494,
503-504 (1986).

49.    In Bankruptcy, abstention requires the consideration, *inter alia*, of (1) the
effect on the efficient administration of the estate; (2) the extent to which Federal law
issues predominate over bankruptcy issues; (3) the difficulty of the applicable Federal
law issues; (4) the presence or availability of related proceedings in nonbankruptcy

fora; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; and (6) the feasibility of severing the Federal law claims from core bankruptcy matters. *Plum Run Serv. Corp.*, 167 B.R. at 465; *see also Hutchins v. Fordyce Bank & Trust Co. (In re Hutchins)*, 211 B.R. 319 (Bankr. E.D. Ark. 1997); *Fid. Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 928 (Bankr. E.D. Cal. 1995).

50.     The exceptions to the automatic stay and dischargeability are instructive as to which claims a Debtor may have as a Plaintiff which would be exempt, not part of the Estate at all, or otherwise demand the Trustee not interfere with obtaining a successful judgment, fines, and/or consent agreement. This includes RICO judgements (*In re Scheuer,* 125 B.R. 584 (Bankr. C.D. Cal. 1991)), False Claims Act actions (I*n re Commonwealth Co., Inc.,* 913 F.2d 518 (8th Cir. 1990); *United States v. NBI, Inc.*, 141 B.R. 1 (D.D.C. 1992) – with qui tam relator; *In re Kochekian,* 175 B.R. 883 (Bankr. M.D.N.C. 1995)), civil penalties (*In re Hunt,* 93 B.R. 484 (Bankr. N.D. Tx. 1988)), and punitive damages (*St. Laurent v. Ambrose,* 991 F.2d 672 (11th Cir. 1993)).

51.     The Debtor has multiple active legal claims that fall under this exemption including, but not limited to:

    **i.**   **EPA CITIZEN SUIT (***Ashley Gjovik v. Apple Inc., City of Santa Clara, Khalil/Kalil Jenab, various Jenab Trusts and LLCs*, 5:25-cv-07360).

        iv.  RCRA, CAA, CWA, EPCRA, TSCA,

        v.  Cal. Public Nuisance.

    **ii.**  **THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) 18 U.S.C. § 1962. (***Gjovik v. Apple, 3:23-cv-04597, i.e. Dkt. 32, 47, 76, 142).***

        i.  Criminal Bribery of Executive Officer (Cal. Penal Code § 67

        ii.  Criminal Commercial Bribery (Cal. Penal Code § 641.3)

        iii.  Criminal Extortion (California Penal Code § 518)

        iv.  Mail Fraud & Wire Fraud (18 US Code §§ 1341, 1343)

        v.  Tampering with a Witness, Victim, or an Informant (18 U.S. Code § 1512)

        vi.  Retaliating against a Witness, Victim, or an Informant (18 U.S. Code § 1513)

        vii.  Securities Fraud (15 USC § 78)

        viii.  Relating to Chemical Weapons (18 USC § 229)

# Non-Estate Property (11 U.S. Code § 541(b))

52.     "If the debtor has no legal or equitable interest in the property at issue… the property would not come into the estate under § 541(a)(1). Under § 541(b)(1), if the debtor's interest in property is limited to a power that can be exercised solely for the benefit of another, that interest does not become property of the estate." (Consumer Bankruptcy Law, Federal Judicial Center, 2025);  *Owen v. Owen,* 500 U.S. 305, 308 (1991).

53.     While exemptions are not required for items which are not property and could not be Estate property, the Debtor still claims all relevant exemptions under 11 USC 541(b) ("*Property of the estate does not include…*")  including, but not limited to:

  i.  § 541(b)(1) "Property of the estate does not include… any power that the debtor may exercise solely for the benefit of an entity other than the debtor."

54.     This clearly includes the Debtor's public interest litigation where there is no personal compensation and the relief would be injunctive, declaratory, and/or fines paid to the government.  "Subsection (b) excludes from property of the estate any power, such as a power of appointment, that the debtor may exercise solely for the benefit of an entity other than the debtor." Senate Report No. 95–989.

55.     This would include, but not be limited to, the following litigation and adjudication:

  i.  **Citizen Suit:** *Ashley Gjovik v. Apple Inc., City of Santa Clara, Khalil/Kalil Jenab, various Jenab Trusts and LLCs,* 5:25-cv-07360, N.D. Cal., 2025- (RCRA, CAA, CWA, EPCRA, TSCA, Cal. Public Nuisance).
  ii.  **NLRB Work Rule Case:** *Apple Inc,* 32-CA-284428, 32-CA-284441, etc.
  iii.  **NLRB Work Rule/Policy Case:** *NEU,* 01-CA-342355
  iv.  **CAND Work Rule/Policy Claims:** *Apple Inc,* 1102.5, 98.6, 232.5, etc. (3:23-cv-04597)
  v.  **CAND Injunctive Claims:** *Apple Inc,* Cal.B&P.C. § 17200 (3:23-cv-04597)

56.     The Citizen Suit legal costs are paid through a public "GoFundMe" trust account, with donations from members of the public to support a "Citizen" federal enforcement action pursuant to federal environmental and public safety laws. *Begier v.*

*IRS,* 110 S.Ct. 2258 (1990); *Building Dynamics, Inc. v. Grisope Elec. Co.,* 134 B.R. 715 (Bankr. W.D. N.Y. 1992); *In re Momentons Computer Systems Int'l,* 66 B.R. 512 (N.D. Cal. 1986).

57.    Environmental citizen suits are not property of the estate under 11 U.S.C. § 541 because they are held in trust for the public, not for the debtor's economic benefit: Property that the debtor holds in trust for another is not property of the estate. 11 U.S.C. § 541(b),(c)(2). Citizen Suits have no economic interest; the claims only allow injunctive relief and civil penalties paid to the U.S. Treasury, so there is no economic interest for the estate, while the action represents the same police powers exception to the automatic stay. 11 U.S.C. § 362(b)(4). Congress designed citizen suits as "private attorney general" actions to supplement government enforcement when agencies fail to act. *33 U.S.C. § 1365; Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167 (2000).

58.    The Supreme Court held in *Midlantic Nat'l Bank v. NJDEP*, that the RCRA's "imminent and substantial endangerment to health or the environment" clause is not preempted by Bankruptcy Law, and the Bankruptcy Court must "protect the public's health and safety." 42 U.S.C. § 6973; *Midlantic Nat'l Bank v. NJDEP*, 474 U.S. 505-507 (1986). ("In the face of Congress' undisputed concern over the risks of the improper storage and disposal of hazardous and toxic substances, we are unwilling to presume that, by enactment of § 554(a), Congress implicitly overturned longstanding [environmental and safety] restrictions on the common law abandonment power...." *Midlantic Nat'l Bank v. NJDEP*, 474 U.S. 505-507 (1986)).

59.    Federal environmental enforcement actions serve paramount federal interests that supersede debt collection. The Supremacy Clause prohibits state law (including federal bankruptcy law as applied) from interfering with federal regulatory schemes. *Gregory v. Ashcroft* framework: clear statement rule requires explicit congressional authorization for bankruptcy law to override federal enforcement.

60.    "Congress has repeatedly expressed its legislative determination that the trustee is not to have carte blanche to ignore nonbankruptcy law. Where the Bankruptcy

Code has conferred special powers upon the trustee and where there was no common law limitation on that power, Congress has expressly provided that the efforts of the trustee to marshal and distribute the assets of the estate must yield to governmental interest in public health and safety." *Midlantic Nat'l Bank v. NJDEP,* 474 U.S. 494, 503-504 (1986). See also, *Stern v. Marshall,* 564 U.S. 462 (2011).

61.    Rather then environmental matters becoming properly of the Estate, the Trustee and the Bankruptcy Court are required to comply with environmental laws, to protect the environment, and prioritize public safety, regardless of Bankruptcy law.

i.    Bankruptcy Law and Courts are required to uphold the national "goal of protecting the environment against toxic pollution." *Chemical Manufacturers Assn., Inc. v. Natural Resources Defense Council, Inc.*, 470 U. S. 116, 470 U. S. 143 (1985).

ii.    The Chapter 7 trustee must conform with various health and safety regulations in administering estate property. *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection,* 474 U.S. 494 (1986).

iii.    A Chapter 7 trustee must comply with wetlands statutes. *In re Motel Investment, Inc.*, 172 B.R. 105 (Bankr. M.D. Fla. 1994).

iv.    *Midlantic National Bank v. N.J. Dept. of Environmental Protection,* 474 U.S. 494 (1986) (bankruptcy trustee may not abandon property under section 554(a) in contravention of state statute or regulation that is reasonably designed to protect the public health or safety from identified hazards; before authorizing abandonment, court must formulate conditions that will adequately protect the public's health and safety);

v.    Trustee could not abandon debtor's plant in violation of the Comprehensive Environmental Response, Compensation, and Liability Act, and thereby avoid liability for postpetition cleanup costs. *In re Peerless Plating Co.*, 70 B.R. 943 (Bankr. W.D. Mich. 1987).

vi.    *In re Charles George Land Reclamation Trust,* 30 B.R. 918 (Bankr. D. Mass. 1983) (chapter 7 case filed by owner of waste disposal facility dismissed because trustee could not comply with state environmental laws and therefore would violate 28 U.S.C. § 959(b) requiring compliance by trustee with state laws);

vii.    "The trustee must take all precautions possible ... consult with appropriate federal, state and local authorities, and document the actions taken." 11 U.S.C. § 704; Handbook for Chapter 7 Trustees Page 4-7.

viii.    Government's action to recover response costs under the CERCLA was not an action to protect its own "pecuniary interest," for purpose of automatic stay.

*U.S. v. Mattiace Industries, Inc.,* 73 B.R. 816 (Bankr. E.D.N.Y. 1987).

## NLRB Claims and Proceedings

62.    Similarly, the Bankruptcy Court and Trustee do not have jurisdiction over labor cases, investigations, or proceedings. Further, the Trustee himself can be found in violation of the NLRA through his actions during Bankruptcy proceedings.

63.    "Not only did Congress fail to confer jurisdiction on the Bankruptcy Court to hear and determine regulatory matters such as charges of unfair labor practice, it also exempted those proceedings from the automatic stay provisions of the Bankruptcy Reform Act." *In Re Brada Miller Freight Systems, Inc.*, 16 B.R. 1002 (N.D. Ala. 1981). NLRB investigations and proceedings are exempt from the "automatic stay" during Bankruptcy. *NLRB v. Bildisco & Bildisco,* 465 U. S. 513, 465 U. S. 534 (1984); *Midlantic Nat'l Bank v. NJDEP,* 474 U.S. 494, 502 (1986); *Nathanson v. NLRB,* 344 U.S. 25 (1944); *In re Commercial Motor Freight, Inc.*, 27 B.R. 293 (Bankr. S.D. Ind. 1983).

64.    As a part of the Bankruptcy Reform Act, Congress amended § 2(1) of the NLRA, 29 U.S.C. § 152(1), to include "trustees in cases under title 11 of the United States Code" as persons subject to the provisions of the nation's labor laws. ("The term "person" includes one or more individuals, labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in cases under title 11 of the United States Code [under title 11], or receivers.").A Bankruptcy Trustee who commits an unfair labor practice is "subject to the jurisdiction of the Board, notwithstanding the fact that he is an officer of the Bankruptcy court, and the fact that the business of the bankrupt is being administered in a sense by the court." *Durand v. NLRB,* 296 F. Supp. 1049, 1055 (W.D.Ark.1969).

65.    "There is apparent agreement among the circuits which have considered the issue that bankruptcy courts lack jurisdiction to adjudicate and remedy unfair labor practices which affect commerce." *NLRB v. Baldwin Locomotive Works,* 128 F.2d 39 (3rd Cir. 1942); *In re Bel Air Chateau Hospital, Inc.,* 611 F.2d 1248 (9th Cir. 1979); *In re Shippers Interstate Service, Inc.,* 618 F.2d 9, 13 (7th Cir. 1980); *NLRB v. Evans Plumbing Co.,* 639 F.2d 291, 293 (5th Cir. 1981).

## Requirements of the Trustee and Bankruptcy Court regarding the Debtor, her Rights, Property, and her Legal Claims

66.    The Trustee must comply "with all duties imposed by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (Rules), local rules, and orders of the court." (Handbook for Chapter 7 Trustees, 2012, Page 1-1).

67.    The Chapter 7 trustee must conform with various health and safety regulations in administering estate property. *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection,* 474 U.S. 494 (1986).

68.    28 U.S.C. § 959(b) requires trustee or debtor in possession comply with most applicable laws as it continues its business. "The government cannot enact a statute that exempts itself from complying with the rule of law. Any such statute would be not a law but a license to act lawlessly."  Paul J. Larkin Jr., The Private Delegation Doctrine, 73 Fla. L. Rev. 31 (2021).

69.     The trustee must have in place a procedure to screen new cases for possible conflicts of interest or lack of disinterestedness upon being appointed. If a trustee discovers a conflict of interest or a lack of disinterestedness after accepting the appointment, the trustee shall immediately resign from the case … 28 U.S.C. § 586." (Handbook for Chapter 7 Trustees, 2012, Page 2-7). Washington ex rel. Seattle Title Trust Co. v. Roberge, 278 U.S. 116, 122 (1928) (describing delegation to self-interested private parties as "*repugnant to the due process clause of the Fourteenth Amendment*").

70.    "Situations presenting an actual or potential conflict of interest or lack of disinterestedness" includes if "the estate has a potential cause of action against the trustee, an employee of the trustee, a client of the trustee or the trustee's firm or other person or entity with whom the trustee has a business or family relationship…"(Handbook for Chapter 7 Trustees, 2012, Page 2-7).

71.    "It is a violation of federal criminal law for a trustee to purchase directly or indirectly or otherwise deal in property of the estate for which the trustee serves. 18 U.S.C. § 154."  (Handbook for Chapter 7 Trustees, 2012, Page 2-7).

72.    Individual trustees are obliged to report any criminal activities and assist in any subsequent prosecutions. 18 U.S.C. § 3057; 28 U.S.C. § 586(a)(3)(F).

## CREDITORS

73.    No new creditors have been added in this amendment.

## CERTIFICATION

74.    I declare under penalty of perjury under the laws of the United States of America, and in compliance with Fed.R.Bankr.P. Rule 9011, that the foregoing is true and correct. Executed on Sept. 15 2025 in Boston, Massachusetts.

75.    A copy of this Amended Petition will be emailed to the Trustee along with efiled through the Pro Se clerk.


Respectfully submitted,


**/s/ Ashley M. Gjovik**
*Pro Se / In Propria Persona*
18 Worcester Square, Apt 1
Boston, MA 02118
Dated: Sept. 15 2025