**Ashley M. Gjøvik, JD**
*In Propria Persona*
(415) 964-6272
ashleymgjovik@protonmail.com
Boston, MA

# United States Bankruptcy Court

## District of Massachusetts

In Re:

Ashley M. Gjovik.

Chapter 7 Case No: 25–11496

Judge Christopher J. Panos

Debtor's Omnibus Reply in Support of her Motions to Compel the Trustee (Dkt. 19, 26) & for an Order to Show Cause re: Sanctions against Apple Inc (Dkt. 20).

Declaration in Support of Debtor's Reply

# DECLARATION OF DEBTOR IN SUPPORT
# OF OMNIBUS REPLY

Pursuant to 28 U.S.C. § 1746, I, Ashley M. Gjovik, hereby declare as follows:

1. My name is Ashley Marie Gjovik. I am a self-represented Debtor in this above captioned matter.  I make this Declaration based upon my personal knowledge and in support of *Debtor's Omnibus Reply in Support of her Motions to Compel the Trustee (Dkt. 19, 26) & for an Order to Show Cause re: Sanctions against Apple Inc (Dkt. 20)*.

2. I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto. The facts alleged in my Reply are true and correct to the best of my knowledge, and the Reply was filed for a lawful and legitimate purpose. I've attached to this motion Exhibits A-F which are all true and correct copies of the referenced documents.

3. I declare under penalty of perjury under the laws of the United States of America, and in compliance with Fed. R. Bankr. P. Rule 9011, that the foregoing is true and correct.  Executed on September 22 2025 in Boston, Massachusetts.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
*In Propria Persona*
18 Worcester Square, Apt 1
Boston, MA 02118
Dated: September 22 2025

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served upon parties (Trustee, Apple Inc) via the Court's electronic filing system and email on or around September 22 2025, when the pro se clerk posts it.

The Trustee (mdegiacomo@harrisbeachmurtha.com) and Apple (andrew.troop@pillsburylaw.com) will also be served via email on September 22 2025.

Apple will be promptly mailed a paper copy addressed to 10355 N. De Anza Blvd, Cupertino, CA 95014. This mailing will also include paper copies of the Motion at Dkt. 20 and Objections at Dkt. 32.

Goldman Sachs Bank USA will be promptly mailed a courtesy paper copy addressed to Salt Lake City Branch, Lockbox 6112, P.O. Box 7247, Philadelphia, PA 19170 – though it is likely to be forwarded to CITIGROUP and Apple still refuses to explain why or to provide a different address.

# EXHIBIT A

**Re: Call**

| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
|---|---|
| To | Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com> |
| CC | USTP.Region01@usdoj.gov, richard.t.king@usdoj.gov |
| Date | Wednesday, September 17th, 2025 at 4:34 PM |

Hello Mr. DeGiacomo,

I am documenting your refusal to answer my question regarding if you communicated with Dutt and/or Matses and/or related parties about me/my claims about 18 Worcester Sq, and if so to provide copies of those communications.

Your only response has been insisting you did not "serve" them anything. "Service" is a legal term, not a factual term. I have repeatedly asked you a factual question -- did you communicate with them including transmitting any letters/documents/notices to them.

Your only response thus far is that it is your legal opinion that you did not effectuate "service" on non-parties to a legal proceeding.

I strongly object to your refusal to answer my basic factual questions.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](Proton Mail) secure email.

On Wednesday, September 17th, 2025 at 4:20 PM, Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com> wrote:

> Not served in any way including electronic or any other way. I can't be any clearer and I will not be responding any further on this question.
>
>
> Sent from my iPhone
>
>
> **Mark G. DeGiacomo** | Partner
> Direct: 617.457.4039 | Email: mdegiacomo@harrisbeachmurtha.com
>
> 
>
> **HARRISBEACHMURTHA.COM**
>
> Boston Office | 33 Arch Street, 12th Floor, Boston, MA 02110-2320
> 617.457.4000 | Fax: 617.482.3868
>
> 
>
> > On Sep 17, 2025, at 4:00 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:
> >
> >
> > Mr. DeGiacomo,
> >
> > Please clarify, as requested below, if by "service" you mean mail (electronic or otherwise) or other communications.
> >
> > I asked you to confirm if you mailed them documents/letters/notices (electronic or otherwise), and you are continuing to insist you did not "serve" them, but "service" and "mail" are not mutually exclusive concepts.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, September 17th, 2025 at 3:49 PM, Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com> wrote:

> Due to your request I did not serve them or anyone related to them. The only people served are listed in the certificate of service.

> Sent from my iPhone

> **Mark G. DeGiacomo** | Partner
> Direct: 617.457.4039 | Email: mdegiacomo@harrisbeachmurtha.com



> **HARRISBEACHMURTHA.COM**

> Boston Office | 33 Arch Street, 12th Floor, Boston, MA 02110-2320
> 617.457.4000 | Fax: 617.482.3868



>> On Sep 17, 2025, at 3:41 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

>> Hello Mr. DeGiacomo,

>> You told me in writing and on the phone, multiple times, you planned to mail a copy of your notice to Matses and Dutt. I objected and you insisted. At no time did you tell me you would not mail them a copy, but instead, you told me you planned to and would mail them a copy.

>> As you saw in my objections, I complained that you did not disclose to the court (including in your certificate of service) that you were going to / did mail potential defendants copies of the notice. Your apparent omission in your certificate of service about mailing a copy to Dutt and Matses is not evidence that you did not then proceed to mail them a copy.

>> So I ask you more directly -- did you mail or otherwise transmit a copy of your abandonment notice, or any other communications about this 18 Worcester Sq matter, to Dutt and/or Matses and/or their lawyers or relatives or agents, regarding my Bankruptcy, and/or complaints, and/or legal claims -- including letter mail, email, or other transmission methods?

>> If so, please provide me copies of what you sent and anything you received from them, including phone call dates/times/durations.

>> And if you did not send them copies, I then ask why you repeatedly threatened me (in writing) that you would "serve" Dutt and Matses copies, even demanding I provide you their address for that mailing.

>> -Ashley

>> —

>> **Ashley M. Gjøvik**
>> **BS, JD, PMP**

>> Sent with [Proton Mail](#) secure email.

>> On Wednesday, September 17th, 2025 at 3:12 PM, Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com> wrote:

As indicated on the Certificate of Service, I did not serve Dutt or Matses with the Notice of Abandonment.

**Mark G. DeGiacomo** | Partner
Direct: 617.457.4039 | Email: mdegiacomo@harrisbeachmurtha.com



**HARRISBEACHMURTHA.COM**

Boston Office | 33 Arch Street, 12th Floor, Boston, MA 02110-2320
617.457.4000 | Fax: 617.482.3868



---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Wednesday, September 17, 2025 1:49 PM
**To:** Mark G. DeGiacomo <mdegiacomo@harrisbeach.com>; USTP.Region01@usdoj.gov; richard.t.king@usdoj.gov
**Subject:** Re: Call

Mr. DeGiacomo,

You cannot "investigate" my legal claims without speaking to me about those claims. Either you need to actually investigate the claims properly, or you should abandon all of them.

I also note I'm still waiting for a response from you to my prior inquiries (reattached below) including if you served a copy of the inaccurate and harmful Notice of Abandonment to Dutt and Matses, as you previously threatened you would do, despite my clear warnings it would invite further harassment of me by Matses, harm my claims, and create an acute risk to my physical safety -- and then you apparently proceeded to do it anyways after I would not comply with your request for me to "change my mind" about my legal claims against Matses and his family's construction company and withdraw those claims from the Estate, which was my Trustee threatening me with physical violence in order to coerce me to engage in bankruptcy fraud, which I declined.

I note Matses now emailed me today informing me he would becoming to my home, despite my prior warning to him and Dutt that I wanted no further contact and if he did contact me again, I would request a restraining order. (attaching emails with him and Dutt, and I added you to the cc with the email with Matses).

As I warned you repeatedly, I expect Matses will attempt to claim that your inaccurate Notice of Abandonment ("Ashley believes Matses is the agent of her Landlord") served to him by you, somehow provides him legal justification for continuing his harassment of me and other illegal conduct. Again, your only response, in writing, was suggesting I drop my claims against him and his family business, and drop my fraud/tort/civil claims, otherwise you would proceed to take actions you knew were not based in fact or law, and which could cause me physical harm. When I refused to withdraw my claims, you then took the actions you knew would risk my physical safety and could cause me physical harm, and now the exact person I was concerned about suddenly contacted me informing me he planned to enter my home.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, September 17th, 2025 at 11:48 AM, Mark G. DeGiacomo <[mdegiacomo@harrisbeachmurtha.com](#)> wrote:

> I have determined that , at this point, I have all the information I need so there is no need to have the call we had scheduled for Monday.

> **Mark G. DeGiacomo** | Partner

> Direct: 617.457.4039 | Email: [mdegiacomo@harrisbeachmurtha.com](#)

> 

> [HARRISBEACHMURTHA.COM](#)

> Boston Office | 33 Arch Street, 12th Floor, Boston, MA 02110-2320

> 617.457.4000 | Fax: 617.482.3868

> 

**Re: Ashley Gjovik | Chapter 7 Case 25-11496**

On Monday, September 15th, 2025 at 5:38 AM, Ashley M. Gjøvik <[ashleymgjovik@protonmail.com](#)> wrote:

> Hi Mr. DeGiacomo,

> I filed an amended petition today. I'm attaching a copy for you for now until the clerk posts it. There's no changes to creditors. I did add more claims and information, and made some corrections as previously discussed.

I want to strongly encourage you to please run a conflict check on my claims against your law firm, and yourself. You have a pending application for employment for your firm on this case filed before you investigated my claims and were able to see the details of who the claims were against. If after I filed my Aug 19 amendment or this latest one, you were to see a name of a person or company that your firm represents as a client, that would of course mean you would need to step back from this case and allow someone without a conflict to replace you.

I want to note for the record that it seems very odd to me that the very first abandonment notice you filed, which you filed urgently, full of mistakes and omissions, grossly downplaying the issues and value -- also excluded an expressly named company (Charles Construction) and the majority of the liability for that company and the construction supervisor of that family business (Alex Matses), without explanation and in direct violation of bankruptcy law and rules.

Upon performing research this weekend into claims against Charles Const. Co. (d.b.a CSD Real Estate), it is clear there's a systemic long-running pattern of misconduct with that company and family, including Alex Matses. I also note that your law firm's website promotes a large division dedicated to the litigation and regulatory defense for the construction industry. One would assume that if you actually "investigated" the claim prior to abandonment, you might ask that division about the company or also run your own search of cases. You could have found what I did (for example, attached). That would make it outrageous for you to abandon such a claim where there's extensive strict liability and evidence in this instant case, and to instead frame the matter as "she doesn't like the contract, saw a mouse, and thinks its dirty."

I also note that the construction supervisor at issue here, Alex Matses, did start acting very strange after telling me on ~8/2 that he would contact his law firm (assumably the family business' primary firm for settlements like this, as he knew already thats what was going to need to happen here), but then after speaking with that firm/lawyer, then refused to tell me who the firm or lawyer was or have them contact me, while concurrently complaining about my bankruptcy. This was noted in the memo I sent you Sept. 7 2025, prior to your next-day urgent demand to abandon this claim and insistence on serving Matses a copy of your neutered version of facts, claims, and parties.

I've become very concerned that Charles Construction and/or the Matses family may be represented by Harris Beach Murtha, or one of their attorneys. And as you informed me repeatedly, you are not my attorney. However, you could be their attorney -- in which case your duty of loyalty would be to them, not me. That's why the DOJ Handbook requires recusal if there's conflicts between Estates and law firm clients.

Please advise.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Friday, September 12th, 2025 at 7:57 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Hello,

I filed my response to your Notice of Abandonment at Dkt. 25 today.

The pro se Clerk probably won't post it until Monday-Tuesday, so I'm attaching an email version for you.

Going forward, I would highly encourage you to consider collaborating with me on your draft of my own facts/claims. Hopefully we can work together on this to ensure those summaries are accurate and to avoid the need for me to have to file objections and motions requesting intervention.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Thursday, September 11th, 2025 at 11:58 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

I saw your notice of abandonment (Dkt 24) where you have put forward your own analysis of legal claims, their scope, the supposed priority of my concerns (mice vs no ventilation), your view of the subject matter of my complaints, and your view of liability of parties --- including putting forth things I supposedly "allege" including about my legal relationship with specific people (specifically a person/assertion I said is complicated and that kind of statement you made would likely cause me harm).

i see you filed this despite my objections and warnings, without running any draft language by me -- and in my opinion, without needing to include most of those details.

I will be filing an objection to your motion. Regardless of other standing, if you are "abandoning" claims to me, but then in that process taking unnecessary steps that then harm me, my interests, and those claims -- and that harm is directly related to a police report/crime victim status, and you know that -- that gives me direct standing to object.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

# EXHIBIT B

### RE: In re Gjovik // Case No. 25-11496 (Bankr. D. Mass.)

---

From    Ashley Gjovik <ashleymgjovik@protonmail.com>

To    Troop, Andrew M. <andrew.troop@pillsburylaw.com>

CC    Trechter, Reed C. <reed.trechter@pillsburylaw.com>, Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com>,
richard.t.king@usdoj.gov, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>,
Jimenez, Catherine M. <catherine.jimenez@pillsburylaw.com>

Date    Sunday, September 21st, 2025 at 9:54 PM

---

Hey Mr. Troop,

Thanks for your email. It appears that your position is that you will not reply to my emails or email with me further regarding any pending motions or issues in the case.

Thus I'm documenting here that after my attempts to meet/confer, Apple via their counsel:
- Refuses to meet/confer further
- Refuses to provide information about:
  - whether Apple is or is not a creditor for the Apple Card
  - Goldman Sachs' current ownership status of the Apple Card
  - why Goldman Sachs appears to be forwarding Apple Card mail to CITIGROUP
  - how Apple expects consumers serve Goldman Sachs regarding the Apple Card if Goldman Sachs is forwarding its mail to a third-party
  - Apple's preferred method and location for service regarding bankruptcy matters
- Suggests it cannot answer basic questions about creditor status, Apple Card ownership, or preferred service methods because I should hire a lawyer who can then somehow explain to me insider information about if Apple thinks it is a creditor for the Apple Card, which companies currently own Apple Card without public disclosures, and tell me how Apple wants to be served, even though Apple won't answer these questions
- Says it may filed an claim in this case over the Apple Card debt, but if it does, it will be later and not now, for unknown reasons.

Let me know if I got anything wrong.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Sunday, September 21st, 2025 at 8:40 PM, Troop, Andrew M. <andrew.troop@pillsburylaw.com> wrote:

> Ms. Gjovik,
>
> Reed and I work as a team, so you do not need to ask him questions you believe you have already posed to me.
>
> As for your question, I reiterate that it is irrelevant to your motion for an order to show cause filed with respect to Apple, whether Apple is a creditor with respect to the Apple Card.
>
> As to the other point in your prior email about notice, Apple is getting notices in this case, and so if it intends to assert a claim in this case, it is aware of the deadline (as we made clear in Apple's opposition to the motion for an order to show cause). You also have served Goldman Sachs, and apparently you believe that notices to it are being forward to Citibank. I am not your lawyer, so I can't give you advice about the sufficiency of the notice you have provided.

Finally, we will not engage in long email exchanges with you.  The Bankruptcy Court has your motion and Apple's response, and next steps will be determined by how it rules.


Regards,


Andrew


**Andrew M. Troop** | Partner

Pillsbury Winthrop Shaw Pittman LLP

31 West 52nd Street | New York, NY 10019-6131

t +1.212.858.1660 | f +1.212.973.7435 | m +1.617.710.0902

andrew.troop@pillsburylaw.com | website bio

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, September 15, 2025 4:08 PM
**To:** Trechter, Reed C. <reed.trechter@pillsburylaw.com>
**Cc:** mdegiacomo@harrisbeachmurtha.com; richard.t.king@usdoj.gov; Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Troop, Andrew M. <andrew.troop@pillsburylaw.com>; Jimenez, Catherine M. <catherine.jimenez@pillsburylaw.com>
**Subject:** Re: In re Gjovik // Case No. 25-11496 (Bankr. D. Mass.)


Thanks, Reed.

Are you able to confirm for me if Apple is a "creditor" for the Apple Card in this proceeding?

I'm still waiting on a answer from Andrew in response to that question, and your motion also doesn't seem to make an assertion either way.

Thanks,
-Ashley


—

**Ashley M. Gjøvik**

**BS, JD, PMP**


Sent with [Proton Mail](#) secure email.


On Monday, September 15th, 2025 at 4:02 PM, Trechter, Reed C. <reed.trechter@pillsburylaw.com> wrote:

> All,

Attached for service is Apple Inc.'s *Motion for Admission Pro Hac Vice* filed this afternoon in *In re Gjovik*, Case No. 25-11496 (Bankr. D. Mass.).

Best,

Reed

**Reed C. Trechter** | Associate

Pillsbury Winthrop Shaw Pittman LLP

609 Main Street
Suite 2000 | Houston, TX 77002

t +1.713.276.7628

reed.trechter@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES
MIAMI   NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH
SACRAMENTO   SAN DIEGO   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Friday, September 12th, 2025 at 5:05 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hi Mr. Troop,

Because I owe a debt under the Apple Card, and no one related to the Apple Card has communicated with me that I don't owe that debt, or that the debt would be somehow discharged outside this Bankruptcy process, it is actually quite important that I understand what entities own that debt.

So for example, if I only listed Goldman Sachs as a creditor and a discharge was granted, but Apple also thought it was a co-creditor, assumably Apple might then try to claim post-discharge that I still owe that debt and that I have to pay Apple or someone else Apple assigns the debt to. Similarly, if Apple and Goldman Sachs had quietly transferred the Apple Card ownership/management to CITIBANK recently, and had not informed regulators or the public about that, and thus I did not include CITIBANK in this Chapter 7 case regarding my Apple Card debt, and my discharge was granted, then assumably CITIBANK might try to claim that they weren't party to the discharge and still try to collect the Apple Card debt.

This seems like a very straight-forward question for a Chapter 7 Bankruptcy, and your refusal to answer that question worries me, Mr. Troop.

I would really like to understand which entities own Apple Card credit/debts in order to ensure I include all of them in this proceeding. Can you please put me in contact with a different lawyer or party who can provide me that information?

Thanks for responding about mail service. I will plan to send mail service to Apple's legal office as currently noted on the creditor list for this case. If that's incorrect, I'd expect you to inform me and provide me a correct address.


Thanks,

-Ashley


—

**Ashley M. Gjøvik**

**BS, JD, PMP**



Sent with Proton Mail secure email.


On Friday, September 12th, 2025 at 4:55 PM, Troop, Andrew M. <andrew.troop@pillsburylaw.com> wrote:

Ms. Gjovik,

There is no lack of clarity.  Your motion for an order for Apple to show cause lacks merit whether Apple is a creditor or not.

For this same reason, your other questions about the Apple Card are not relevant to the motion to show cause and Apple's opposition.

Finally, the opposition does not state that Apple, in the future, wants mail service.  In fact, we have not taken any position on future service, which, when we do, will be governed by the Federal Rules of Bankruptcy Procedure and the Massachusetts Local Bankruptcy Rules.

Regards,

Andrew

**Andrew M. Troop** | Partner

Pillsbury Winthrop Shaw Pittman LLP

31 West 52nd Street | New York, NY 10019-6131

t +1.212.858.1660 | f +1.212.973.7435 | m +1.617.710.0902

andrew.troop@pillsburylaw.com | website bio

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Thursday, September 11, 2025 6:52 PM
**To:** Trechter, Reed C. <reed.trechter@pillsburylaw.com>
**Cc:** mdegiacomo@harrisbeachmurtha.com; richard.t.king@usdoj.gov; legal@ashleygjovik.com; Troop, Andrew M.
<andrew.troop@pillsburylaw.com>
**Subject:** Re: In re Gjovik // Case No. 25-11496 (Bankr. D. Mass.)

Hello,

Can you please clarify Apple's position on whether or not it believes it is a creditor for Apple Card debt?

The opposition you attached argues both that 1) Apple is a creditor and has creditor rights but 2) Apple's not a creditor and I owe it no debt; but also 3) even if Apple's a creditor, Apple has not filed a claim so it has creditor rights but also claims it has no creditor liability unless it later files a claim.

Further, as reflected in my Certificate of Service filed 9/10 (Dkt 25), it appears, based on USPS signature records, that Goldman Sachs is now forwarding its Apple Card mail to CITIGROUP. Can you please clarify the legal relationship between the groups and confirm Apple's knowledge and understanding of the current ownership of the "Apple Card" and related debt?

Finally, you state Apple would like mail service of motions like this, yet it was Apple's counsel at Orrick who attended the 341 meeting and engaged in the alleged bankruptcy-related misconduct in the civil proceeding, and Orrick did consent to digital service and were served via efiling in that civil case. This communication you sent tonight is the first communication to me from Apple on behalf of Pillsbury Winthrop Shaw Pittman LLP, and neither Orrick or Apple had disclosed to me prior that Apple had retained other counsel for my bankruptcy proceeding or related matters.

If Apple is now requesting I send mail service to them for motions in this proceeding, please provide the mailing address where Apple would like me to send those notices.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Thursday, September 11th, 2025 at 6:09 PM, Trechter, Reed C. <reed.trechter@pillsburylaw.com> wrote:

All,

Attached for service is *Apple Inc.'s Opposition to Debtor's Motion for Order to Show Cause and Sanctions* filed in In re Gjovik, Case No. 25-11496 (Bankr. D. Mass.) this afternoon.

Best,

Reed

**Reed C. Trechter** | Associate

Pillsbury Winthrop Shaw Pittman LLP
609 Main Street
Suite 2000 | Houston, TX 77002
t +1.713.276.7628
reed.trechter@pillsburylaw.com | website bio

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

# EXHIBIT C

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>             Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>             Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S STATEMENT REGARDING SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**<br><br>Dept:       Courtroom 5, 17th Floor<br>Judge:     Honorable Edward M. Chen |

APPLE'S STATEMENT REGARDING
JUDICIAL REFERRAL FOR PURPOSE OF
DETERMINING RELATIONSHIP
[23-cv-4597-EMC]

I.      **INTRODUCTION**

Pursuant to Local Rules 3-12(c) and 3-12(e), Apple Inc. respectfully submits this statement in response to Magistrate Judge Cousins's referral of *Gjovik v. Apple Inc., et al.*, Case No. 25-cv-7360 (the "Environmental Case") to Judge Chen for consideration of whether it is related to *Gjovik v. Apple Inc.*, Case No. 23-cv-4597 (the "Retaliation Case") under Local Rule 3-12(a). *See* Dkt. No. 256. For the reasons discussed below, any ruling on this issue would be premature and, in any event, the Environmental Case and the Retaliation Case do not satisfy clearly the criteria for relation under Local Rule 3-12(a).

II.     **IT WOULD BE PREMATURE TO DETERMINE WHETHER THESE TWO CASES ARE RELATED.**

Given the status of the parties and service on those parties across the two cases, determining whether they are related would be premature.

On July 25, 2025, Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"). *In re Gjovik*, Case No. 25-11496 (Bankr. D. Mass.) (the "Chapter 7 Bankruptcy"). Immediately upon filing, a Chapter 7 estate consisting of substantially all the Plaintiff's assets was created under 11 U.S.C. § 541 (the "Chapter 7 Estate"). Also, as required by the Bankruptcy Code, a Chapter 7 trustee was appointed pursuant to 11 U.S.C. § 701 (the "Trustee").

Plaintiff's newly filed Environmental Case is based on events that occurred before she filed her Chapter 7 Bankruptcy; indeed, she provided notice of these claims nearly two months before commencing the action. As such, the claims raised in the Environmental Case belong to her Chapter 7 Estate, notwithstanding her efforts to plead around this legal fact or even to seek permission from the Bankruptcy Court to pursue the Environmental Case. *See* 11 U.S.C. §§ 323, 704. Under clearly established bankruptcy law, the Trustee "'steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of action' … and has ***exclusive*** standing to prosecute prepetition claims." *In re Robert*, 432 B.R. 464, 470-71 (Bankr. D. Mass. 2010) (quoting *DiMaio Fam. Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.*, 448 F.3d 460, 463 (1st Cir.

APPLE'S STATEMENT REGARDING
JUDICIAL REFERRAL FOR PURPOSE OF
DETERMINING RELATIONSHIP
[23-cv-4597-EMC]

2006)) (emphasis added); *see also In re Dooley*, 399 B.R. 340, 348 (Bankr. D. Mass. 2009) ("The bankruptcy estate includes, subject to limited exceptions, all legal or equitable interests of the debtor in property as of the commencement of the case. … [Property of the estate] includes claims that a Chapter 7 debtor may have against third parties."). Put simply, the Trustee is the real party in interest (and the only party with authority) in both the Environmental Case and the Retaliation Case, notwithstanding Plaintiff's assertions in the Environmental Case to the contrary and her failure to obtain permission from the Bankruptcy Court to pursue the Environmental Case. *See* 11 U.S.C. §§ 323, 704; *see also* Apple's *Motion to Stay the Retaliation Case* (Dkt. No. 247). Further, any dispute over whether the Environmental Case is an asset of the Chapter 7 Estate should be resolved in the Bankruptcy Court where the Plaintiff voluntarily sought protection from creditors.[1]

Moreover, the docket in the Environmental Case lacks any indication that Apple or any of the other defendants in the Environmental Case have been properly served. The status of that matter is unsettled—particularly given that there has not yet been any determination by the Trustee as to whether the Environmental Case will remain an asset of the Chapter 7 Estate, and that there is no indication that Apple or the other parties have been properly served. This Court can and should defer any determination as to whether the Retaliation Case and the Environmental Case are related until proceedings in the Bankruptcy Court resolve the issues of who has the capacity to prosecute the claims, and the Trustee and each of the real parties in interest in each case, has had an opportunity to weigh in on the propriety of relating them.

### III.  THE CRITERIA FOR RELATING CASES ARE NOT CLEARLY MET.

In any event, distinctions between the Retaliation Case and the Environmental Case tell against relating them. Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These criteria are not clearly

---

[1] Perhaps recognizing that she should have resolved her capacity to bring the Environmental Case before commencing that case, the Plaintiff late yesterday, September 11, 2025, indicated to the Bankruptcy Court that she challenges the Trustee's authority to prosecute the Environmental Case. *See* Bankr. D. Mass. Case No. 25-bk-11496, Dkt. No. 26.

APPLE'S STATEMENT REGARDING
JUDICIAL REFERRAL FOR PURPOSE OF
DETERMINING RELATIONSHIP
[23-cv-4597-EMC]

1   met here.

2         **First**, the Environmental Case and the Retaliation Case involve different parties. The

3   Retaliation Case is brought solely against Apple Inc. The Environmental Case, by contrast, names

4   Apple Inc. as one defendant among several—including the City of Santa Clara, Kalil/Khalil Jenab,

5   Jenab Family LP, Jenab Family Ventures LLC, and the Jenab Family Trust.

6         **Second**, the events and property at issue are distinct in the two cases. The Retaliation Case

7   is centered on whether Apple—as Plaintiff's employer—retaliated against her for allegedly

8   complaining about a host of purported issues centered on her workplace at 825 Stewart. *See* Dkt.

9   No. 179 at 34 ("Ms. Gjovik's case is essentially a retaliation case[.]").[2] Apple's defense in the

10  Retaliation Case will focus on the legitimate, non-retaliatory reasons why Apple terminated her

11  employment—specifically, her public disclosure of confidential product information and her failure

12  to cooperate and provide accurate and complete information during Apple's investigatory process.

13  The Environmental Case, on the other hand, is an environmental action alleging that Apple's

14  operations at 3250 Scott unlawfully exposed her—as a resident of a nearby apartment complex—

15  to allegedly harmful chemicals. The Environmental Case is not concerned with Plaintiff's alleged

16  protected activity, Plaintiff's disclosure of confidential product information, or Apple's termination

17  of her employment. The Retaliation Case, by contrast, is not concerned with whether any allegedly

18  unlawful activities occurred at 3250 Scott.

19        **Third**, the two cases are factually and legally distinct, involving different claims requiring

20  different discovery and presentation of different evidence. In light of the distinctions between the

21  two cases, it is unlikely that there would be conflicting results were the cases to be managed and

22  ultimately tried before different judges.

23        All of that said, however, whether the Plaintiff has the capacity to prosecute either case is

24

25  _____

    [2]  Although Plaintiff has repeatedly attempted to argue that her allegations about alleged
26  environmental issues at 3250 Scott are germane to the Retaliation Case, the issues are distinct.
    Apple denies that Plaintiff complained prior to her termination about any alleged violations of law
27  at the Apple-operated facility at 3250 Scott (the facility at issue in the Environmental Case); the
    vague statements she alleges she made to her employer Apple about claimed chemical exposure in
28  her apartment at 3255 Scott do not suffice to establish that she engaged in any protected activity
    during her employment related to any Apple-operated facility at 3250 Scott.

APPLE'S STATEMENT REGARDING
JUDICIAL REFERRAL FOR PURPOSE OF
DETERMINING RELATIONSHIP
[23-cv-4597-EMC]

driven by the same fundamental and indisputable facts and law. She is a Chapter 7 debtor, absent

further action in the Chapter 7 Bankruptcy, the Trustee controls her pre-bankruptcy claims, and

both the Retaliation and Environmental Cases are based exclusively on alleged harm occurring

prepetition. For these reasons, neither case should proceed unless and until the Bankruptcy Court

determines that Plaintiff can prosecute either or the Trustee steps in to prosecute either.

## IV.    CONCLUSION

Apple respectfully submits that it is premature to decide whether the criteria set forth in

Local Rule 3-12(a) for relating the Retaliation Case and the Environmental Case are met even if

distinctions between the cases weigh against entry of an order relating them at this time.

Dated: September 12, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                             By:        _/s/ Jessica R. Perry_
                                                        JESSICA R. PERRY
                                                        Attorney for Defendant
                                                        APPLE INC.

APPLE'S STATEMENT REGARDING
JUDICIAL REFERRAL FOR PURPOSE OF
DETERMINING RELATIONSHIP
[23-cv-4597-EMC]

1

## CERTIFICATE OF SERVICE

2    I am more than eighteen years old and not a party to this action. My business address is

3    Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On

4    September 12, 2025, I served the following document(s):

5
6    **DEFENDANT APPLE INC.'S STATEMENT REGARDING SUA SPONTE
     JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**

7    By Electronic Service: On all of the interested parties in this action by transmitting true and

8    correct copies of the documents identified above in portable document format from the email

9    address tmcbride@orrick.com to the email addresses below:

10   Ashley Gjovik (in pro per)                     Mark G. DeGiacomo
     ashleymgjovik@protonmail.com                   mdegiacomo@harrisbeachmurtha.com
11   legal@ashleygjovik.com                         Haris Beach Murtha Cullina PLLC
                                                    33 Arch Street, 12th Floor
12   Plaintiff/Debtor                               Boston, MA 02110

13   **Via ECF**                                    Bankruptcy Trustee

14                                                  **Via Email**

15   I declare under penalty of perjury that the foregoing is true and correct. Executed on

16   September 12, 2025.

17                                          _____
                                                 */s/ Tina McBride*
18                                                 Tina McBride

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
[23-cv-4597-EMC]

# EXHIBIT D

**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJØVIK,** | **CASE NO.**<br>**25-CV-07360-NC** |
| **PLAINTIFF,** | |
| **vs.** | **MAGISTRATE JUDGE:**<br>THE HONORABLE<br>NATHANAEL COUSINS |
| **APPLE INC.,** | |
| **CITY OF SANTA CLARA,** | **ENVIRONMENTAL**<br>**CITIZEN SUIT;**<br>**PUBLIC NUISANCE** |
| **MR. KHALIL JENAB ET AL.,** | |
| **DEFENDANTS**. | **REQUEST FOR**<br>**CLARIFICATION AND**<br>**CASE MANAGEMENT**<br>**GUIDANCE** |

# PLAINTIFF'S REQUEST FOR CLARIFICATION/GUIDANCE CASE 25-CV-07360-NC

1.     Ashley Gjovik, the Plaintiff in Case 25-CV-07360-NC, concurrently files this Request for Clarification and Case Mgmt Guidance to both cases 25-cv-07360-NC & 23-cv-04597.

2.     Plaintiff requests that either the Honorable Magistrate Judge Nathanael Cousins and/or the Honorable Judge Edward Chen, clarify that if Apple would like to file a Motion to Stay case 25-cv-07360-NC, that Apple needs to file that Motion to that actual case (not separate cases), and that Apple needs to file their request as an actual Motion, in compliance with federal and Local Rules, and with proper briefing schedule and procedure.

## I. SUMMARY OF RECENT PROCEDURAL VIOLATIONS AND OTHER DISRUPTION CAUSED BY APPLE AND ITS COUNSEL

3.     On Friday Sept. 12 2025, at 4:07 PM PT, Apple's whistleblower retaliation counsel in case 23-cv-04597 ("Orrick"), filed a "Statement" in response to a pending "Judicial Referral for Purpose of Determining Relationship of Cases." (23-cv-04597, Dkt. 259). The referral is currently pending consideration by The Honorable Judge Edward Chen. (23-cv-04597, Dkt. 256).

4.     Orrick's "statement" was filed only to case  23-cv-04597 and argued that  case 23-cv-04597 is not related to 25-cv-07360-NC, but concurrently asked Judge Edward Chen to "stay" the "unrelated" case (25-cv-07360-NC).

5.     Apple, via Orrick, did not file an actual Motion to Stay to either case or Judge, and filed nothing at all to case 25-cv-07360-NC.

6.     Apple's counsel for the Citizen Suit (25-cv-07360-NC) appears to be Mr. William Tarantino, head of the firm's Environmental Litigation Division, at MoFo. (Dkt. 10). Mr. Tarrantino and/or MoFo were provided a digital copy of the Complaint and Case Management statement on Sept. 8, while the Plaintiff awaits the Summons for the court Clerk. (Dkt. 10).

7.     Despite MoFo apparently being retained as Apple's counsel in 25-cv-07360-NC, MoFo has filed no statements to either case regarding 25-cv-07360-NC. (Dkt. 10).

8.     Orrick has no environmental practice and its whistleblower retaliation defense attorneys cannot interfere with environmental litigation that a different firm is already retained to defend for the same client. The Citizen Suit is entirely about enforcing federal environmental laws and public safety, not personal retaliation or personal injury claims.

*Gjovik v. Apple, Santa Clara, Jenab, et al | 25-CV-07360 | Admin. Motion | Page 1*

9.     Further, Apple's retaliation counsel at Orrick filed a "Statement" that suggested a Bankruptcy Court in Boston actually owns the Citizen Suit (a lawsuit that provides no personal compensation or financial recovery, so by definition could not be Banrkcupy Estate property, and a federal enforcement action arguing substantial and imminent harm that requires immediate judicial intervention to protect public safety). (23-cv-04597, Dkt. 259).

10.     Thus, Orrick suggested in a "Statement" filed to an admittedly "unrelated" retaliation case, that a Boston Bankruptcy Court should decide how to proceed with the Citizen Suit (25-cv-07360-NC), but did not file their "Statement" to the Citizen Suit or Bankruptcy Court. Further, Apple filed their statement when it was already past 7 PM ET on a Friday in Boston.

11.     Apple has also recently retained separate counsel for the Boston Bankruptcy proceeding, (firm Partner and Corporate Restructuring Division leader, Andrew Troop at Pillsbury Winthrop Shaw Pittman LLP). Mr. Troop and Pillsbury have not filed anything in the Bankruptcy case regarding the Citizen Suit other than a vague threat, last night, that the Plaintiff should be sanctioned and fined by the court for filing the Citizen Suit. (25-11496, Dkt. 29).

12.     This was briefly mentioned in a footnote within Apple's larger response to a prompt for Apple to show cause why it should not be sanctioned in the Bankruptcy proceeding due to creditor misconduct ("Apple Card") and Orrick interfering with Bankruptcy Estate administration. (copy posted to 3:23-cv-04597, Dkt. 251; 25-11496, Dkt. 20, 29).

13.     The Bankruptcy Court still has not ruled on the Plaintiff's Motion to Compel the Trustee and request for a Protective Order (copy posted to 3:23-cv-04597, Dkt. 251), but the Trustee did file his defense to that court yesterday, Sept. 11, which stated, without further elaboration, "The Motion to Compel should be denied for reasons too obvious to expound upon here." (25-11496, Dkt. 24).

## II. Plaintiff's Suggestion

14.     The Plaintiff suggests that the Courts consider advising Apple's counsel that if Apple would like to file a Motion to Stay the Citizen Suit, that Apple do so by filing a formal Notice of Appearance and file an actual Motion to Stay, following federal and local rules, in both case 5:25-cv-07360 and the RICO/Whistleblower case at 3:23-cv-04597.

15.     The Plaintiff also suggests that if Apple is the only party shared between the

RICO/Whistleblower suit and the Citizen Suit, and Apple's RICO/Whistleblower defense counsel do not believe the cases are related, but is concurrently attempting to create confusion and administrative efficiency across at least three different federal proceedings, in three different federal Court Houses, and across two different states, with at least three separate defense firms – that perhaps a preliminary decision to not Relate Cases could be issued and then an period of 30 or 60 days provided for the other Defendants to weigh in once the Summons are issued by the Clerk and the Plaintiff is able to served them to the Defendants. (Dkt. 10).

16.    Further, the Plaintiff asks for the court's guidance to all parties about proper motion practice, compliance with the rules of civil procedure, and cross-court referrals. The Plaintiff would like to proceed in an orderly fashion and reduce administrative overhead but is concerned that Apple appears to be creating confusion and unnecessary work as a litigation defense. Such a posture wastes taxpayer money, burdens the courts, and delays justice for all litigants.

Respectfully filed,

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

Executed on this day of September 12 2025 in Boston, Massachusetts.

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

### Re: Ashley Gjovik v. Apple Inc. [CAND Case No. 23-cv-4597-EMC] (In Re Gjovik, Bankrcupy 25-11496)

| | |
|---|---|
| From | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| To | McBride, Tina<tmcbride@orrick.com> |
| CC | Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com>, Ashley Gjovik <ashleymgjovik@protonmail.com>, Perry, Jessica R.<jperry@orrick.com>, Riechert, Melinda <mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, USTP.Region01@usdoj.gov, richard.t.king@usdoj.gov, Troop, Andrew M.<andrew.troop@pillsburylaw.com> |
| Date | Friday, September 12th, 2025 at 7:40 PM |

+Adding Mr. Troop, Apple's Bankruptcy counsel who also filed something to the Bankruptcy court last night calling for me to be sanctioned/fined, including for filing the EPA Citizen Suit on behalf of EPA/DOJ
+ Adding US DOJ Office of the Trustee

Hello Apple's counsel,

The law is extremely clear that a federal enforcement action with no financial recovery for the citizen who chooses to represent the DOJ ENRD/EPA in these environmental and public safety actions, acting as a "last resort" as Congress intended when DOJ ENRD/EPA fails to act in these matters, cannot be considered part of a Bankruptcy estate. There is nothing to liquidate, there is no recovery, and federal environmental laws and public safety police powers preempt Bankruptcy laws.

The only thing a Trustee could do with a case like this is try to "settle" the matter by taking out of court payments from Defendants to end the lawsuit against them, outside of the statutory 45-day DOJ ENRD settlement review/approval process, and in which case that Trustee and the Defendants would be committing federal crimes including some form of criminal bribery and obstruction.

Further there is no basis to "stay" a RCRA lawsuit arguing imminent and substantial endangerment (here, specifically that little children are being actively exposed to toxic waste dumping and lethal gases as they play outside in parks and playgrounds, and the same emissions are being dumped into thousands of homes) by Apple's knowing and reckless federal environmental violations -- let alone on the basis that Apple was able to successful bankrupt its whistleblower through four years of scorched earth retaliation litigation.

The lawsuit is filed on behalf of DOJ ENRD/EPA, and they are able to intervene and take it over at any time -- to enforce their own laws, as they were supposed to in the first place -- and that's why these actions exist. As you certainly saw on the docket earlier today, the US EPA Admin and the US Attorney General have already been served. As was ENRD DOJ, California EPA, and the Santa Clara County District Attorney (who has an environmental crimes division).

If Apple would actually like to stop the Citizen Suit, it should shut down this factory or otherwise provide evidence it has come into compliance with the law and has abated the ongoing hazards and threats to public safety. The the DOJ ENRD would review Apple's assertion and decide whether to end the suit during the 45-day settlement review process.

That's literally what the statutes say -- either you get sued by the citizen and/or the DOJ/EPA, or you correct your violations and comply with federal law. That's your only two options.

-Ashley


—

**Ashley M. Gjøvik**

**BS, JD, PMP**


Sent with Proton Mail secure email.

On Friday, September 12th, 2025 at 7:06 PM, McBride, Tina <tmcbride@orrick.com> wrote:

Counsel,

In connection with the above matter, attached please find:

**DEFENDANT APPLE INC.'S STATEMENT REGARDING SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**

Thank you.

**Tina McBride**

Executive Assistant

Orrick
Silicon Valley

T 650-614-7421
tmcbride@orrick.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**456.49 KB**    1 file attached    2 embedded images

2025.09.12 Response to Referral Re Relating Cases.pdf  452.60 KB

# Exhibit E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**RELATED CASE ORDER**

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to case

23-cv-04597-EMC
Gjovik v. Apple Inc.

I find that the more recently filed case(s) that I have initialed below is not related to the case assigned to me.

| Case | Title | Related | Not Related |
|------|-------|---------|-------------|
| 25-cv-07360-NC | Gjovik v. Apple Inc | | X |

Dated: September 15, 2025                By: _____
                                              Edward M. Chen
                                              United States District Judge

1

# EXHIBIT F

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

## CLERK'S NOTICE

The court has reviewed the motion and determined that no cases are related and no reassignments shall occur.

Dated: September 15, 2025                    By: _____

                                             Alexis Solorzano Rodriguez, Deputy Clerk

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Ashley Marie Gjovik | ) <br> ) <br> ) <br> ) |
| _____ <br> *Plaintiff(s)* <br> v. | ) <br> ) <br> ) |
| Apple Inc, City of Santa Clara, <br> Kalil/Khalil Jenab, Jenab Family LP, <br> Jenab Family Ventures LLC, Jenab Family Trust <br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.   25-cv-07360-NC

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Apple Inc., One Apple Park Way, Cupertino, CA 95014

City of Santa Clara, 1500 Warburton Avenue, Santa Clara, CA 95050

Kalil Jenab a.k.a. Khalil Jenab individually,  as Agent/Member/Manager of Jenab
Family LP and Jenab Family Ventures LLC, and as Trustee/Agent of The Jenab
Family Trust, 108 Sylvian Way, Los Altos, CA, 94022.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:    Ashley M. Gjovik
In Propria Persona
Registered in CM/ECF

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

CLERK OF COURT
*Mark B.Busby*

Date: _____09/15/2025_____                                     K. ADAMS-MOFFETT
                                                                                          *Signature of Clerk or Deputy Clerk*