

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Ashley Marie Gjovik | Chapter 7 |
| Debtor | 25-11496-CJP |

## ORDER

**MATTER:**

#19 Motion filed by Debtor Ashley Marie Gjovik for a Protective Order & To Compel Trustee Action.

    Upon consideration of the *Motion for a Protective Order & To Compel Trustee Action* [ECF No. 19], as supplemented (the "Motion"), filed by the debtor Ashley Marie Gjovik (the "Debtor"), the response of the chapter 7 trustee appointed in this case, Mark G. DeGiacomo (the "Trustee), and the entire record of this chapter 7 case, the Motion is DENIED.

    Upon the Debtor's filing of a chapter 7 petition, all causes of action in which the Debtor had an interest became property of the bankruptcy estate. 11 U.S.C. § 541. The Trustee is responsible, among other things, to administer all assets of the estate, collect and reduce to money all property of the estate, and investigate the financial affairs of the Debtor. 11 U.S.C. §§ 323 and 704(a). Generally, a chapter 7 trustee is given latitude to exercise reasonable business judgment in prosecuting estate claims against third parties, substituting himself or herself as a party in pending litigation, and settling or releasing claims. *Cf. In re Healthco Int'l, Inc.,* 136 F.3d 45, 51 (1st Cir. 1998) (deference to trustee's business judgment in connection with proposed settlement if it falls above "the lowest point in the range of reasonableness"). In opposing the Motion, the Trustee has stated that he is evaluating numerous scheduled causes of action. Response [ECF No. 24]. Absent extraordinary circumstances not shown based on allegations in the Motion, the Trustee has the authority to act in pending cases to stay litigation and take other actions that he deems reasonable in administering the estate.

Dated: 10/06/2025

By the Court,

*/s/ Christopher J. Panos*

Christopher J. Panos
United States Bankruptcy Judge