

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Ashley Marie Gjovik<br><br>Debtor | Chapter 7<br>25-11496-CJP |

## ORDER

**MATTER:**

#20 Motion filed by Debtor Ashley Marie Gjovik for Order to Show Cause and Sanctions Against Creditor Apple, Inc.

    Upon consideration of the *Motion for Order to Show Cause and Sanctions Against Apple, Inc.* [ECF No. 20], as supplemented (the "Motion"), filed by the debtor Ashley Marie Gjovik (the "Debtor"), the opposition thereto filed by Apple, Inc. [ECF No. 29] (the "Opposition"), and the entire record of this chapter 7 case, the Motion is DENIED.

    The Motion fails to state sufficient cause for this Court to enter an order to show cause and appears to recite bases for an objection to claims and an alleged stay violation. For these reasons and the reasons cited in the Opposition filed, the relief requested by the Debtor is denied. If the chapter 7 trustee (the "Trustee") does not pursue a claim objection prior to concluding administration of the estate and the Debtor can demonstrate standing, the Debtor may, with leave of court, pursue an objection to claim. *See In re Choquette*, 290 B.R. 183, 187 (Bankr. D. Mass. 2003) ("The majority of courts have held that a Chapter 7 debtor has standing to object to claims where one or more of the following factual requisites obtained: 1) the debtor had a pecuniary interest in the result by way of a demonstrable surplus; 2) the trustee failed or refused to object to the claim or claims in question; and/or 3) the debtor's objection would not undermine the efficient administration of the estate"). More importantly, Apple Inc. has not filed a proof of claim. Further, the allegations in the Motion do not state a cognizable claim for a violation of the automatic stay and center around statements regarding the Trustee's authority over causes of action that are property of the estate. The Trustee was properly appointed and is the party responsible to administer all assets of the estate, including claims of the estate against third parties. *See* 11 U.S.C. §§ 323, 541, and 704(a).

By the Court,

Dated: 10/06/2025

_____
Christopher J. Panos
United States Bankruptcy Judge