United States Bankruptcy Court
District of Massachusetts

In re:  Case No. 25-11496-cjp
Ashley Marie Gjovik  Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0101-1     User: admin     Page 1 of 2
Date Rcvd: Oct 06, 2025     Form ID: pdf012     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 08, 2025:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: ashleymgjovik@protonmail.com | Oct 06 2025 22:41:00 | Ashley Marie Gjovik, 18 Worcester Square, Apt 1, Boston, MA 02118-2945 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 08, 2025     Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 6, 2025 at the address(es) listed below:

**Name**     **Email Address**

Andrew M. Troop
    on behalf of Creditor Apple Inc. andrew.troop@pillsburylaw.com  nydocket@pillsburylaw.com

Brendan T. Mockler
    on behalf of Defendant U.S. Department of Education Maximus d.b.a. Aidvantage brendan.mockler@usdoj.gov USAMA.bankruptcy@usdoj.gov

Mark G. DeGiacomo
    mdegiacomo@harrisbeachmurtha.com
    MA42@ecfcbis.com;jbabula@harrisbeachmurtha.com;lmulvehill@harrisbeachmurtha.com

Richard King - B
    USTPRegion01.BO.ECF@USDOJ.GOV

District/off: 0101-1     User: admin     Page 2 of 2
Date Rcvd: Oct 06, 2025     Form ID: pdf012     Total Noticed: 1
TOTAL: 4



## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Ashley Marie Gjovik | Chapter 7 |
| | 25-11496-CJP |
| Debtor | |

### ORDER

**MATTER:**

#19 Motion filed by Debtor Ashley Marie Gjovik for a Protective Order & To Compel Trustee Action.

Upon consideration of the *Motion for a Protective Order & To Compel Trustee Action* [ECF No. 19], as supplemented (the "Motion"), filed by the debtor Ashley Marie Gjovik (the "Debtor"), the response of the chapter 7 trustee appointed in this case, Mark G. DeGiacomo (the "Trustee), and the entire record of this chapter 7 case, the Motion is DENIED.

Upon the Debtor's filing of a chapter 7 petition, all causes of action in which the Debtor had an interest became property of the bankruptcy estate. 11 U.S.C. § 541. The Trustee is responsible, among other things, to administer all assets of the estate, collect and reduce to money all property of the estate, and investigate the financial affairs of the Debtor. 11 U.S.C. §§ 323 and 704(a). Generally, a chapter 7 trustee is given latitude to exercise reasonable business judgment in prosecuting estate claims against third parties, substituting himself or herself as a party in pending litigation, and settling or releasing claims. *Cf. In re Healthco Int'l, Inc.,* 136 F.3d 45, 51 (1st Cir. 1998) (deference to trustee's business judgment in connection with proposed settlement if it falls above "the lowest point in the range of reasonableness"). In opposing the Motion, the Trustee has stated that he is evaluating numerous scheduled causes of action. Response [ECF No. 24]. Absent extraordinary circumstances not shown based on allegations in the Motion, the Trustee has the authority to act in pending cases to stay litigation and take other actions that he deems reasonable in administering the estate.

Dated: 10/06/2025

By the Court,

Christopher J. Panos
United States Bankruptcy Judge