United States Bankruptcy Court
District of Massachusetts

| | |
|---|---|
| In re: | Case No. 25-11496-cjp |
| Ashley Marie Gjovik | Chapter 7 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0101-1 | User: admin | Page 1 of 2 |
| Date Rcvd: Oct 06, 2025 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol  Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 08, 2025:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: ashleymgjovik@protonmail.com | Oct 06 2025 22:41:00 | Ashley Marie Gjovik, 18 Worcester Square, Apt 1, Boston, MA 02118-2945 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 08, 2025      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 6, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew M. Troop | on behalf of Creditor Apple Inc. andrew.troop@pillsburylaw.com nydocket@pillsburylaw.com |
| Brendan T. Mockler | on behalf of Defendant U.S. Department of Education Maximus d.b.a. Aidvantage brendan.mockler@usdoj.gov USAMA.bankruptcy@usdoj.gov |
| Mark G. DeGiacomo | mdegiacomo@harrisbeachmurtha.com MA42@ecfcbis.com;jbabula@harrisbeachmurtha.com;lmulvehill@harrisbeachmurtha.com |
| Richard King - B | USTPRegion01.BO.ECF@USDOJ.GOV |

District/off: 0101-1                         User: admin                                            Page 2 of 2
Date Rcvd: Oct 06, 2025                      Form ID: pdf012                                   Total Noticed: 1
TOTAL: 4



## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Ashley Marie Gjovik | Chapter 7 |
| | 25-11496-CJP |
| Debtor | |

### ORDER

**MATTER:**

#20 Motion filed by Debtor Ashley Marie Gjovik for Order to Show Cause and Sanctions Against Creditor Apple, Inc.

Upon consideration of the *Motion for Order to Show Cause and Sanctions Against Apple, Inc.* [ECF No. 20], as supplemented (the "Motion"), filed by the debtor Ashley Marie Gjovik (the "Debtor"), the opposition thereto filed by Apple, Inc. [ECF No. 29] (the "Opposition"), and the entire record of this chapter 7 case, the Motion is DENIED.

The Motion fails to state sufficient cause for this Court to enter an order to show cause and appears to recite bases for an objection to claims and an alleged stay violation. For these reasons and the reasons cited in the Opposition filed, the relief requested by the Debtor is denied. If the chapter 7 trustee (the "Trustee") does not pursue a claim objection prior to concluding administration of the estate and the Debtor can demonstrate standing, the Debtor may, with leave of court, pursue an objection to claim. *See In re Choquette*, 290 B.R. 183, 187 (Bankr. D. Mass. 2003) ("The majority of courts have held that a Chapter 7 debtor has standing to object to claims where one or more of the following factual requisites obtained: 1) the debtor had a pecuniary interest in the result by way of a demonstrable surplus; 2) the trustee failed or refused to object to the claim or claims in question; and/or 3) the debtor's objection would not undermine the efficient administration of the estate"). More importantly, Apple Inc. has not filed a proof of claim. Further, the allegations in the Motion do not state a cognizable claim for a violation of the automatic stay and center around statements regarding the Trustee's authority over causes of action that are property of the estate. The Trustee was properly appointed and is the party responsible to administer all assets of the estate, including claims of the estate against third parties. *See* 11 U.S.C. §§ 323, 541, and 704(a).

By the Court,

Dated: 10/06/2025

_____
Christopher J. Panos
United States Bankruptcy Judge