EXHIBIT A

# AMENDED OFFICIAL FORMS 106-107

1. I, Ashley Marie Gjovik ("Debtor", hereby file this amended petition under Rule 1009 and Local Rule 1009-1. The Debtor hereby amends a "a voluntary petition, list, schedule, statement of financial affairs, statement of intention, or statement of current monthly income" as provided by Local Rule 1009-1(a).

2. At this time, a second 341 Meeting was scheduled for October 2025 and the Deadline to File Claims is set for November 2025. The Debtor does not add any new creditors. A disputed creditor and existing Defendant in long-running litigation has already begun citing, quoting, and referencing the Debtor's petition as evidence and a basis for legal arguments in litigation outside this court, thus the Debtor adds additional details, clarifications, and provides this supplement in a memorandum.

3. Notice of intent to Amend was given verbally and in written communication to the Trustee on Sept. 8 2025, with the Trustee confirming understanding and expectation of Amendments on Sept. 10 2025. The Amendment is clearly noted as "Amended." Thus, the Amendment does "comply with the notice provisions set forth in Fed. R. Bankr. P. 1009." Local Rule 1009-1. ("Notice of any amendment is required to be given to the trustee." – Fed. R. Bankr. P. 1009, Notes of Advisory Committee on Rules—1983).

4. Finally, the Amendment is filed with an amended and current version of Official Form 106Dec, Official Form B 106Sum, and a certificate of service of notice to all parties in interest, in compliance with Local Rule 1009-1(c).

## LEGAL AND ENVIRONMENTAL MATTERS
## (SCHEDULES 106 AND 107)

5. In Response to "Official Form 106 – Schedule A/B" Questions 30 and 33 and the Debtor Response as follows:

### SCHEDULE 106 A/B Q.30: "AMOUNTS SOMEONE OWES YOU"

6. In response to Official Form 106 – Schedule A/B, Question 30 ("*other amounts someone owes you*"), the Debtor responds with the notations below, and

incorporates Form 107 Part 4 and 10. Any new claims, added since the prior filing on August 19 2025, are noted in red, bold text with a date of "9/15."

    i. 7/21: Compensatory, consequential, and other damages from Apple Inc, including unpaid wages and benefits.

    ii. 7/21: Compensatory, consequential, and other damages from Northeastern University, including unpaid wages and benefits.

    iii. **Amended 9/15:** Compensatory, consequential, and other damages from Irvine Company (3390 Octavius Drive/3250 Scott Blvd).

    iv. 8/4 106AB No. 30: compensatory, consequential, and other damages from ~~Debtor's landlords~~ (Seeratt Dutt and Alex Matses) under landlord/tenant, real property, and false claims laws. 8/19 Amendment: clarification that the landlord and property owner is Seeratt Dutt. Alex Matses is partner/relative but is not on the deed and is not party to the lease, but is also liable under civil/criminal, tort, fraud, and related claims. The building HOA may also be partially/joint liable for some torts.

    v. **Amended 9/15:** Compensatory, consequential, and other damages from Michael Gillhooly (141 Eagle St).

    vi. 7/21: Compensatory, consequential, and other damages from City of Santa Clara. (3390 Octavius Drive/3250 Scott Blvd).

    vii. 7/21: Compensatory, consequential, and other damages from Kalil Jenab. (3390 Octavius Drive/3250 Scott Blvd; 825 Stewart Drive/Triple Site).

    viii. **Amended 9/15:** Compensatory, consequential, restitution, and other damages from the California government.

    ix. **Amended 9/15:** Compensatory, consequential, restitution, and other damages from the U.S. government.

    x. Also incorporating all other compensatory, consequential, and other damages from Defendants and Potential Defendants, and claims for damages as reflected in the schedules and forms, below in Question 33, and below in Schedule 107 Part 4 and 10, and all other possible claims reasonably related to and/or arising out of similar facts, as what is included within the disclosures in this Bankruptcy case.

## SCHEDULE 106 A/B Q.33: "CLAIMS AGAINST THIRD PARTIES"

7. In Response to Official Form 106 – Schedule A/B, Question 33 ("*claims against third parties…*"), the Debtor Response as follows: Any new claims, added since the prior filing on August 19 2025, are noted in red, bold text with a date of "9/15."

    i. 7/21: Compensatory, consequential, and other damages from Apple Inc for cases noted. **Amended 9/15:** including, Retaliation, Harassment, Fraud,

      Unfair Business Practices, Environmental and Safety Violations.

ii. 7/21: Compensatory, consequential, and other damages from Northeastern University for cases noted. **Amended 9/15:** including, Retaliation, Harassment, Fraud, Unfair Business Practices, Environmental and Safety Violations.

iii. 8/4: Landlord/tenant, real property, and/or false claims (Mass. General Laws Chapter 93A) litigation against Seeratt Dutt and Alex Matses (re: 18 Worcester Sq., Boston, MA). 8/19 Amendment: the conduct giving rise to the claim started in Sept. 2023 and is continuing, and also includes tort, personal injury, and criminal law claims. Includes civil claims against the building HOA or HOA Trustee, and/or Charles Construction.

iv. 8/4: False Claims or related citizen-type criminal/fraud enforcement action against Northeastern University. This would also include crime victim restitution and whistleblower claims.

v. 8/4: Environmental claims against Northeastern University related to asbestos and lead exposure.

vi. 8/4: Civil whistleblower, labor, and/or employment litigation against Northeastern University.

vii. 8/4: Toxic tort and/or premise liability and/or landlord/tenant claims against The Irvine Company (re: Santa Clara Square, Santa Clara, CA)

viii. 8/4: Toxic tort and/or premise liability claims against GI Partners / CalSTRS. (re: 825 Stewart Drive / TRW Microwave Superfund, Sunnyvale, CA).

ix. 8/4: Toxic tort and/or premise liability and/or CERCLA-related claims against Northrop Grumman (re: 825 Stewart Drive / TRW Microwave Superfund, Sunnyvale, CA).

x. **Amended 9/15:** Toxic torts, personal injury, and/or environmental claims against Bennington College for PFAS and related exposure and injuries in 2004-2005 while a student.

xi. 7/21: Environmental Claims against Apple, City of Santa Clara, and Kalil Jenab (to be filed on or around Sept. 1 2025).

xii. 8/4: Toxic tort and/or premise liability and/or CERCLA-related claims against Kalil Jenab (re: Synertek Superfund site, Santa Clara, CA).

xiii. 8/4: Medical malpractice and medical-related legal compliance claims against Apple Inc (a.k.a. Apple Wellness Center, a.k.a. A.C. Wellness).

xiv. 8/4: Consumer protection and financial compliance claims against Apple Inc (a.k.a. "Apple Card") and Goldman Sachs.

xv. **Amended 9/15:** Retaliation, discrimination, and/or labor claims against Nike Inc (2012-2015).

xvi. **Amended 9/15:** Retaliation, discrimination, and/or labor claims against PSU (2011-2013).

xvii. 8/4: Medical malpractice and/or other compliance claims against Boston Medical Center.

xviii. 8/4: Landlord/tenant, toxic tort (lead, asbestos), and/or premise liability claims against Michael Gilhooly (Albany, NY).

xix. 8/19: Claim against Academia for consumer law, unjust enrichment, contract, and/or financial violations, including unlawful billing of the debtor.

xx. 8/19: 42 U.S. Code § 1983 civil rights violation claim, 18 U.S.C. §§ 1961, and other misconduct claims, against the U.S. NLRB.

xxi. 8/19: 42 U.S. Code § 1983 civil rights violation claim, 18 U.S.C. §§ 1961, and other misconduct claims, against certain departments and employees of the U.S. EPA for conduct occurring in 2020-2024.

xxii. 8/19: 42 U.S. Code § 1983 civil rights violation claim, 18 U.S.C. §§ 1961, and other misconduct claims, against the U.S. Dept. of Labor for conduct occurring 2021-2024.

xxiii. 8/19: Civil/tort, and/or criminal claims against Apple employees for actions in or around 2020-2022, including Tom Huynh, Kevin Sung, Dan West, David Powers, Yannick Bertolus, Ekelemchi Okpo, Jenna Waibel, Antonio Lagares, Aleks Kagramanov, "Joanna Appleseed," Christy Dehus, Sophi Jacobs, Ricky Mondello, Shantini Vyas, and DOES.

xxiv. 8/19: Civil/tort, and/or criminal claims against Apple EH&S contractor related to 3250 Scott Blvd including ACT Environmental.

xxv. 8/19: Civil/tort, and/or criminal claims against Apple's external counsel or others at, or the law firms of, Orrick, Herrington & Sutcliffe; Morgan Lewis; O'Melveny & Myers; and McDermott Will & Emery for conduct occurring 2021-current. This may also include other firms, or private security companies, with identities not yet know.

xxvi. **Amended 9/14:** Malpractice or related claims against prior attorneys and firms in 2021-2022 (M.B.; W.L; etc.)

xxvii. 8/19: Civil/tort (defamation, false light, etc.), against New York Post, AppleInsider, Reuters, and 9-to-5 Mac for conduct occurring 2021-2025.

xxviii. 8/19: Civil/tort against the persons ("DOES") behind certain social media accounts and Wikipedia updates including "Beezie Wacks," "Mel Nayer," and others listed in the civil complaint, if third party.

xxix. 8/19: Civil/tort, and/or criminal claims against Northeastern University's external counsel or others at, or the law firm of Seyfarth Shaw LLP.

xxx. 8/19: Potential funds in a closed checking and/or savings account with a

prior OnPoint Credit Union in Oregon (recently identified but amount known).

xxxi. **Amended 9/15:** Civil claim against "Latch" and/or "Prometheus Real Estate" for invasion of privacy, premise liability, and unsafe conditions.

xxxii. All other claims for damages as reflected in the schedules and forms, below in Question 30, and below in Schedule 107 Part 4 and 10, and all other possible claims reasonably related to and/or arising out of similar facts, as what is included within the disclosures in this Bankruptcy case.

## SCHEDULE 107 PART 4 Q.9 "ANY LAWSUIT, COURT ACTION, OR ADMINISTRATIVE PROCEEDING"

8. Form 107 Part 4 Question 9 asks "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" Debtor responds:

i. 7/21: Employment/Labor Claims against Apple Inc (including NLRB and civil litigation). 8/4 Amendment: For the sake of completeness, this should also include the pending U.S. Dept. of Labor adjudication pending ARB appellate ruling (*Ashley Gjovik v Apple Inc, 2024-0060*).

ii. 7/21: Employment/Labor Claims against Northeastern University (including NLRB). 8/4 Amendment: For the sake of completeness, this will also include a NSF Whistleblower retaliation claim (case number TBD) seeking compensatory damages.

iii. 7/21: Environmental Claims against Apple (including civil litigation and government enforcement) For clarity, the civil claim (no. 25-1) does include a request for compensatory damages. 7/21: Environmental Claims against Apple... This would also include crime victim restitution. 8/19 Amendment: This would also include whistleblower tips and rewards.

iv. 7/21: Environmental Claims against Apple, City of Santa Clara, and Kalil Jenab (to be filed on or around Sept. 1 2025). The Citizen Suit (no. 26-2) would not provide direct financial benefit to the Debtor. The government enforcement (no. 26-1) would not provide direct financial benefit to the Debtor. This does not include a request for compensatory damages.

v. 8/4 + 8/19 Amendment: This includes a landlord/tenant, real property, premise liability, tortious, criminal, and/or false claims lawsuit against Seeratt Dutt and/or Alex Matses and/or Charles Construction regarding 18 Worcester Sq. Existing government cases covering misconduct occurring back to Sept. 2023 include Boston ISD Case No. 848-712, 849-279; Boston Fire Dept. Case (PRA needed); Boston Building Dept. Case (TBA); Boston Police Department (Report No. [redacted]).

9. Schedule A/B Questions 30 and 33 are also incorporated here.

10. **Amended 8/19 and 9/15:** A list of major litigation, adjudication, and investigations; including appeals, are listed here:
   i. *Ashley Gjovik v. Apple Inc.*, 23-cv-04597-EMC, N.D. Cal., 2023-; including but not limited to:
      i. Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. §§ 1962(a), (c), (d)
      ii. Sarbanes-Oxley Act Whistleblower, 18 U.S.C. §1514A
      iii. Dodd-Frank Act Whistleblower, 15 U.S.C. §78u-6(h)(1)(A)(iii)
      iv. Bane Civil Rights Act, Cal. Civ Code § 52.1
      v. Ralph Civil Rights Act, Cal. Civ Code § 51.7
      vi. Whistleblower Protection Act, Cal. Labor Code § 1102.5
      vii. Retaliation for Filing Complaints, Cal. Labor Code § 98.6
      viii. Retaliation for Safety Activities, Cal. Labor Code §§ 6310
      ix. Termination in Violation of Public Policy
      x. Ultrahazardous Activities
      xi. Private Nuisance; Per Se Nuisance Cal. Civil Code § 3479
      xii. Intentional Infliction of Emotional Distress – Fear of Cancer
      xiii. Intentional Infliction of Emotional Distress – Outrage
      xiv. Negligent Infliction of Emotional Distress
   ii. *Ashley Gjovik v. Apple,* 24-6058, 9th Circuit Court of Appeals (2024-2025)
   iii. *Ashley M. Gjovik v. Apple,* 25-2028, 9th Circuit Court of Appeals (2025-)
   iv. *Ashley Gjovik v. Apple Inc., City of Santa Clara, Khalil/Kalil Jenab, various Jenab Trusts and LLCs*, 5:25-cv-07360, N.D. Cal., 2025- (Citizen Suit: RCRA, CAA, CWA, EPCRA, TSCA, Public Nuisance).
   v. *Ashley Gjovik v Apple Inc*, U.S. Dept. of Labor OALJ, 2024-CER-00001; *Ashley Gjovik v Apple Inc*, U.S. Dept. of Labor ARB, 2024-0060.
   vi. *Apple Inc and Ashley Marie Gjovik*, U.S. NLRB, 32-CA-282142/32-CA-283161.
   vii. *Apple Inc and Ashley Marie Gjovik*, U.S. NLRB, 32-CA-284441
   viii. *Apple Inc and Ashley Marie Gjovik*, U.S. NLRB, 32-CA-284428
   ix. *Apple Inc and Ashley Marie Gjovik*, U.S. NLRB, 01-CA-365726
   x. *Apple Inc and Ashley Marie Gjovik*, U.S. NLRB, 01-CA-345931, 01-CA-332897
   xi. *Ashley Gjovik v. Apple Inc,* RCI-CM-842830, California Dept. of Labor DIR (2021-), incorporated into the Apple civil litigation (23-cv-04597).
   xii. *Apple Inc,* U.S. EEOC, incorporated into case 23-cv-04597.
   xiii. *Apple Inc,* Cal. DFEH, incorporated into case 23-cv-04597.
   xiv. *Apple Inc*, U.S. OSHA, incorporated into case 23-cv-04597. Apple

          Inc/Gjovik/9-3290-22-051, U.S. Department of Labor OSHA (2021-2024).

xv. *Apple Inc*, Cal. OSHA, incorporated into case 23-cv-04597. (160-1855100, etc.)

xvi. *Apple Inc*, U.S. EPA, incorporated into case 23-cv-04597 and 25-cv-07360.

xvii. *Apple Inc*, Cal. EPA, incorporated into case 23-cv-04597 and 25-cv-07360. (COMP-51794, etc.).

xviii. *Apple Inc*, Cal. OES, incorporated into case 23-cv-04597 and 25-cv-07360.

xix. *Apple Inc*, Santa Clara Fire Dept., incorporated into case 23-cv-04597 and 25-cv-07360.

xx. *Apple Inc*, Santa Clara County Dept. of Env. Health, incorporated into case 23-cv-04597.

xxi. *Apple Inc*, Santa Clara County Dist. Attorney's Office, Env. Crimes Division, (2021-2023), incorporated into case 23-cv-04597.

xxii. *Ashley M. Gjovik,* California Unemployment Insurance Appeals Board, Case No. 7253819, July 27 2022.

xxiii. *Apple Inc,* FBI and local police (a variety of things; 2021-).

xxiv. *Apple Inc;* Complaints to foreign governments about Apple's violation of international and/or foreign privacy laws: Federal Commissioner for Data Protection and Freedom of Information (BfDI); Commission Nationale de l'Informatique et des Libertés (CNIL); European Commission, European Data Protection Supervisor; UK Data Protection Information Commissioner's Office; Office of the Privacy Commissioner of Canada; Ireland's Data Protection Commission.

xxv. *Apple Inc;* Reports of Apple's financial and corporate misconduct to the U.S. SEC (16304-612-987-465, 16353-506-600-213, more) supporting the SOX and Dodd Frank whistleblower actions in the civil litigation (23-cv-04597); CFPB, DOJ Antitrust, Treasury, and FERC, etc.

xxvi. *Gjovik v. the State of Washington,* 2:22-cv-00807 (W.D. Wash. 2022) + associated FBI complaints. *[redacted] v. Gjovik*, No. 22-2-03849-7 SEA, 2022 WL 4541046, (Wash. Super. Ct. Sep. 26, 2022)

xxvii. *Northeastern University and Ashley Gjovik*, U.S. NLRB, (01-CA-342355)

xxviii. *Northeastern University and Ashley Gjovik*, U.S. NLRB, (01-CA-350371)

xxix. *Northeastern University,* U.S. OSHA, (lead, asbestos, drinking water)

xxx. *Northeastern University,* U.S. EPA, (asbestos; lithium battery fire)

xxxi. *Northeastern University,* Mass. DEP, (asbestos; lithium battery fire)

xxxii. *Northeastern University,* NSF (grant fraud and research misconduct)

xxxiii. *Northeastern University,* NIH / HHS (grant fraud and research misconduct)

xxxiv. *Northeastern University,* NSF (grant fraud and research misconduct)

xxxv. *Northeastern University,* U.S. EPA (grant fraud and research misconduct)

xxxvi. *Northeastern University*, FBI (grant fraud and research misconduct; various criminal activities and schemes).

xxxvii. 18 Worcester Sq., Boston ISD/Health Dept. (habitability violations; health/safety issues; unregistered rental).

xxxviii. 18 Worcester Sq., Boston Building Dept. (electrical, mechanical, plumbing, structural, no permits).

xxxix. 18 Worcester Sq., Boston Fire Dept. (fire hazards, fire code violations)

xl. 18 Worcester Sq., Police Dept. (criminal conduct)

xli. 141 Eagle St., Albany Building Dept. (habitability violations; health/safety issues; building code violations; working without permits).

xlii. 141 Eagle St., Albany Health Dept. Dept. (lead).

xliii. 141 Eagle St., U.S EPA (lead).

## SCHEDULE 106 A/B Q.34 (CONTINGENT CLAIMS)

13. Question 26 asks if the Debtor has any "other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims."

14. Existing Creditors listed with legal claims or potential legal against them

---

[2] Schedule 107 Part 10: "*Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material."

("Disputed Creditors") are Apple, Goldman Sachs, and Boston Medical Center.

15. The disputed Boston Medical Center debt also intersects with the claims arising out of 18 Worcester Sq. (including a severe injury/illnesses caused by the property/owner/others and then BMC refused to treat said injury), and arising out of 3250 Scott Blvd and 3390 Octavius Dr. (including a sort of injury/illness arising from that location, and then BMC refused to treat the patient).

16. The Debtor's dispute regarding the Apple Card includes an apparently unlawful "beta program" on employees starting around April 2019 and a large CFPB fine in 2025 for the companies starting the program "too early" in August 2019, but apparently failing to disclose the April 2019 start date to regulators.

17. Regarding the "Apple Card" debt, the Debtor notes that Goldman Sachs apparently started forwarding its mail to CITIGROUP, and Apple's counsel refuses to confirm if Apple is a creditor, and will not clarify the CITIGROUP forwarding. Debtor reserves the right to add and/or apply any discharge of her Apple Card debt to CITIGROUP, and/or Apple Inc, and/or Goldman Sachs. The Debtor reserves the right to challenge any claim to the Apple Card debt under a number of theories including interference with the Bankruptcy Estate and Discrimination due to Bankruptcy (11 U.S. Code § 525) during the Bankruptcy proceedings.

18. There may also be counter claims, cross claims, or other claims against Aidvantage/Maximus related to the student loan discharge complaint, regarding allegations they systemically refuse to recognize bankruptcy discharge orders as applying to them.

19. Debtor reserves the right to add additional claims here regarding currently unknown counter claims or cross-claims that may be asserted in pending litigation and future claims to be filed, as reflected in the disclosed claims here within.