**Ashley M. Gjøvik, JD**
*In Propria Persona*
(415) 964-6272
ashleymgjovik@protonmail.com
Boston, MA

# United States Bankruptcy Court

## District of Massachusetts

|  |  |
|---|---|
| | Chapter 7 Case No: 25–11496 |
| In Re: | Judge Christopher J. Panos |
| Estate of Ashley M. Gjovik, | Debtor's Emergency Motion for Declaratory Relief & to Compel the Trustee (With Declaration) |
| | U.S. District Court Deadline: Nov. 3 2025 |

# MOTION TO COMPEL & DECLARATION
# OF DEBTOR ASHLEY MARIE GJOVIK

1.    I file this Emergency request the court to please re-consider the relief requested in my original Motion to Compel the Trustee at Dkt. 19 (8/25/25) where still relevant in this proceeding; and to ask for a status on my pending Emergency Motion to Compel the Trustee at Dkt. 26-27 (9/10/25), Dkt. 29 (9/11/25), and Dkt. 38 (9/22/25) –  which have not yet been ruled upon and which the pro se clerk failed to designate as a motion and instead docketed the "Emergency Motion" as a "Supplemental Document."

2.    **There is an urgent deadline on Monday Nov. 3 2025 in U.S. District Court (Dkt. 23)** and there remains uncertainly regarding next steps due to the Trustee's ongoing misconduct in this proceeding, and the intersecting and overlapping misconduct by disputed Creditor Apple Inc.

3.    Pursuant to 28 U.S.C.§ 1746, I, Ashley M. Gjovik, hereby declare as follows: My name is Ashley Marie Gjovik. I am a self-represented Debtor in this above captioned matter. I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto.

4.    On Aug. 12-13 2025, Trustee DeGiacomo switched this case to an Asset case but would not explain why and still has not explained why.  (Dkt 13). On Aug. 15 2025, DeGiacomo filed two requests for employment including his law firm and an accounting firm. He did not explain why and still has not explained why. (Dkt. 14-15).

5.    My first Meeting of the Creditors was held on August 25 2025. The only creditor to attend the Meeting was Apple, and Apple attended via retaliation defense counsel Ryan Booms. I complained about this at Dkt. 20 (Motion to Show Cause re: Apple).

6.    During the first Meeting, Trustee DeGiacomo said he was going to schedule a second Meeting of the Creditors to "talk more later," but did not provide a more detailed explanation as to why a formal second 341 meeting would be required. DeGiacomo scheduled the second meeting for Oct. 30 2025 – more than two months later.

7.    Apple then cited Trustee DeGiacomo's unexplained applications for employment and scheduling of a second meeting as some sort of evidence in support of Apple's unilateral motion to stay

my whistleblower litigation in U.S. District Court in California. I complained about this at Dkt. 20

8.    Because of the way that Apple Inc escalated their request for a stay, it led to my whistleblower litigation being stayed for at least two months, a prejudicial court decision being issued against me, and both Apple and DeGiacomo causing great and irreparable harm to my position in that Apple litigation, both procedurally and substantively.

9.    On Sept. 4 2025, the U.S. District Court stayed my whistleblower litigation indefinitely with the only next step being a required status report to be filed no later then Nov. 3 2025. (Dkt. 23). That is Monday, and today is Friday. **If I am not allowed to file this, then DeGiacomo needs to file this with Apple – and accordingly he is not done with this case.**

10.    On Sept. 10 2025, Trustee DeGiacomo wrote to me "*as I know you now understand, any claims which you believe you may assert which arose prior to the bankruptcy filing are at this time property of the bankruptcy estate. As such you cannot commence any legal action or continue any legal action until the actions are abandoned.*" (Dkt. 27).

11.    Through all of this, DeGiacomo refused to file anything to the District Court himself, refused to take any actions to mitigate the harm Apple caused and was causing, and refused to even inform the bankruptcy court about what he was doing. (Dkt. 19-20).

12.    As of today, Trustee DeGiacomo still has not filed any notices of appearance or anything at all in any of my litigation, adjudication, or other proceedings he claimed to exclusively own and control – and during that time multiple cases were stayed and dismissed. I am in a far worse position in my litigation then prior to filing bankruptcy and but for the actions and omissions of DeGiacomo.

13.    As of today, Trustee DeGiacomo still has done nothing to explain or clarify why he scheduled a second 341 meeting, why he set this to an Asset case, why he requested a law firm and accountants -- and never explained his actions. DeGiacomo's only filing responding to my complaints claimed he does not need to explain his actions to anyone, even this court. (Dkt. 24).

14.    DeGiacomo said this as he was threatening me with physical violence in order to coerce me to withdraw legal claims against parties I believe he and/or his law firm represent as clients. (See Emergency Request for Protective Order at Dkt. 27, 29, 38).

15.    On Sept. 11 2025, DeGiacomo filed a notice of abandonment related to these claims that was inaccurate, incomplete, and I believe could be considered unlawful fraud committed against the

creditors and Estate. (Dkt. 32). I filed Objections and sent the Creditors a full disclosure to ensure full reversion of my claims (Dkt. 37).

16.    DeGiacomo then abruptly filed a "corrected" Notice of Abandonment that appears to have intentionally used incorrect names for the very parties that I suspect DeGiacomo has conflicts with. (Dkt. 40).

17.    On Oct. 24 2025, Trustee DeGiacomo filed a Notice of Abandonment of all claims (Dkt. 47) and his "final report" was a text-only docket entry that does not explain his actions or provide any accounting of his activities for three months.

18.    Its my understanding that my claims and litigation will not be reverted back to me for 15 days following the notice and only if no creditors object. Its also my understanding that both DeGiacomo and Apple believe I'm not allowed to participate in the litigation for my whistleblower case as long as the case is part of the Estate for this proceeding.  (I objected to that premise and continue to object to conflating the concepts of "administration" with participation, or that speculative legal claims could be vested property interests – a judge could sanction someone for trying to argue that outside of bankruptcy).

19.    On Oct. 27 2025, this court approved DeGiacomo's requests for employment of a law firm and accounting firm. It was my impression that this court may be nudging DeGiacomo to try harder and/or respond to those applications with an explanation of why he requested them in the first place and why he does not need them anymore. (Ex. B).

20.    I sent an email to Apple and DeGiacomo about the upcoming District Court deadline yesterday Oct. 30 2025. (Ex. B). On Oct. 30 2025, Apple proceeded to attempt to stay my federal whistleblower lawsuit for another 2.5 months, via email, to federal court staff, with nothing filed to the docket, and cc'ing the Trustee.  DeGiacomo said and did nothing. (Ex. A-B).

21.    On Oct. 30 2025, DeGiacomo held the second Meeting of the Creditors. Apple's counsel, Ryan Booms was also at the second Meeting of the Creditors and introduced himself as counsel for Apple but said he was attending as a "member of the public" with no further information. DeGiacomo asked me my name and asked me to swear to tell the truth. I provided my name and swore I would tell the truth. DeGiacomo then said he has no questions for me. DeGiacomo asked Apple's counsel if they have questions for me and Booms said no. DeGiacomo then ended the meeting.

22.    On Oct. 31 2025, Trustee DeGiacomo asked this court to compensate him for his work on

this case, certifying his "services" under federal law. (Dkt. 52).

23.     I ask the court to please consider my pending Motions to Compel the Trustee and requests for relief and sanctions against DeGiacomo.

24.     DeGiacomo has provided me no information about any conversations he's had with Apple's counsel, or which counsel, or about which cases. I find it perplexing how DeGiacomo could fail to obtain any settlement regarding any of my cases with Apple – as Chapter 7 proceedings allow defendants to settle for pennies-on-the-dollar and without having to engage with the plaintiff. Apple should have all incentives to settle whatever claims they can, yet DeGiacomo claims he could not obtain any settlement, while refusing to tell anyone who he talked to, what discussion occurred, if any, or why he's giving up. But also concurrently claiming I have no right to the litigation, and claiming he is justified in tortiously sabotaging my litigation and violating my rights.

25.     I also disclosed dozens of other legal claims which the Trustee apparently did not take any action on other than reading a few brief memos.  I also have a strong case ready to file in state court with the 93A demand letter sent and awaiting settlement offers. A copy was filed at Dkt. 46. This was the first thing DeGiacomo abandoned and I believe the case will be filed against at least one of his clients and that they were in communication with each other and coordinating to sabotage those claims. That's also referenced in the 93A letter.

26.     Urgently, I also ask for emergency clarify from this court as if I can proceed with my whistleblower litigation (at least as Debtor in Possession) or if it still belongs to the Estate, and if it still belongs to the Estate, I ask for an emergency motion to compel the Trustee to complete required federal court deliverables (filing a joint status report due 11/3) and to not cause additional harm to my litigation.

27.     Less urgently but still critically, I ask this court to hold DeGiacomo accountable for his various acts of misconduct.

28.     I also note I reported DeGiacomo's misconduct related to related to the issues related to 18 Worcester Sq to the U.S. Office of the Trustee in Sept. 2025, and they confirmed an investigation prior to the government shutdown. However, with the shutdown still underway, this court is likely the only oversight mechanism still active for Trustee misconduct. I also cannot provide confidential ex parte disclosures to this court as I did to the OUST, so I ask for this court to please read between the lines for those complaints.

29.     Finally, I will pursue the 93A litigation against those parties and the court did approve the Trustee's requests for employment on Oct. 27 2025. I could use those lawyers, actually. If the court would allow me to act as Debtor in Possession, that law firm would be quite helpful in preparing the complaint and the accountants in preparing damages calculations – even if they're conflicted. Its my understanding that if I get a large enough settlement prior to the end of the case, I can then pay the creditors myself and withdraw the bankruptcy. Because DeGiacomo has only harmed my legal claims, concealed settlement offers, misled creditors, and obstructed the proceeding generally – assumably I can't do worse job.

I declare under penalty of perjury under the laws of the United States of America, and in compliance with Fed.R.Bankr.P. Rule 9011, that the foregoing is true and correct.  Executed on Oct. 31  2025 in Boston, Massachusetts.

Respectfully submitted,



/s/ Ashley M. Gjovik
*In Propria Persona*
18 Worcester Square, Apt 1, Boston, MA 02118
Dated: Oct. 31 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served upon parties (Trustee) via the Court's electronic filing system (when the pro se clerk posts it).

## EXHIBITS

**Exhibit A** - Email Exchange between Apple, Trustee, Gjovik, and the U.S. District Court (Oct. 31 2025).

**Exhibit B** - Email Exchange between Apple, Trustee, and Gjovik (Oct. 31 2025).

# Exhibit A

## RE: Gjovik v. Apple Inc., Case No. 3:23-cv-04597-EMC.

| | |
|---|---|
| From | EMC CRD <EMCCRD@cand.uscourts.gov> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com>, Riechert, Melinda<mriechert@orrick.com> |
| CC | EMC CRD<EMCCRD@cand.uscourts.gov>, Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com>, Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com> |
| Date | Thursday, October 30th, 2025 at 5:43 PM |

Ms. Riechert,

The joint status report I was referring to that is due on 1/6/2026,  is for the status conference dated 1/13/2026.  The joint status report regarding the bankruptcy is still due to the Court on 11/3/2025.

Thank you.



**Vicky L. Ayala**

Courtroom Deputy to the Honorable Edward M. Chen

United States District Court

Northern District of California

https://cand.uscourts.gov

Office: 415-522-2034

**CAUTION - EXTERNAL:**

Counselor,

Ms. Ayala did not clarify the status of the bankruptcy/stay update that is due (per formal court Order from Judge Chen) by 11/3.

Please wait for her to respond.

If a Judge's Court Order is to be modified, it should be via a new Court Order from a Judge, and not via out-of-court email with court staff.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Thursday, October 30th, 2025 at 1:57 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Many thanks for confirming.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
> Silicon Valley

T 650/614-7423

M 6507591929

mriechert@orrick.com



On Thursday, October 30th, 2025 at 1:33 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello Ms. Ayala,

Apple's counsel did not engage with me prior to sending this to you. For clarification, at Dkt. 255 on 9/4 Judge Chen requested the parties file a joint status update regarding the status of a case in bankruptcy court. (*"the parties shall file a joint status report – in particular, addressing what has taken place in the bankruptcy proceedings – within sixty (60) days.*" at 9/4, Dkt 255, at 4).

The Joint Case Mgmt Statement and Conference are different and separate, and were scheduled on 8/5 (Dkt. 242 - Minutes) regarding my request to schedule Summary Judgement. (*"Both parties indicated an intent to file Motion for Summary Judgment....CASE CONTINUED TO: 10/21/2025, at 2:30 PM for a Status Conference via Zoom. Joint status report due by 10/14/2025.*")

Its my understanding that Court's request for the bankruptcy status update (9/4) was ordered in addition to and after the Judge Chen already scheduled a case mgmt conference and update (8/5). The bankrucpy update is also specifc the the current stay of District Court case and Judge Chen indicated ("A stay of proceedings also would not impose undue hardship on Ms. Gjovik... the stay sought should not be unduly lengthy.").

On Oct. 15 the Court then rescheduled the Summary Judgement related Status Conf. to Jan. 13 2026 and requested a Joint Status Report by Jan. 6 2026. (Dkt. 262).

Accordingly, Apple's counsel here is emailing Court staff to request another two month extension of a Stay, via email and without filing a motion, by attempting to conflate to different status updates.

Can you please clarify? If the court would like to extend the stay 2.5 additional months for new reasons, I ask the court please issue a formal order with the reasoning.

Thank you,

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

[EXTERNAL]

Good Morning Ms. Reichert,

The joint status report is due on 1/6/2026.

Thank you,

**Vicky L. Ayala**

Courtroom Deputy to the Honorable Edward M. Chen



United States District Court

Northern District of California

https://cand.uscourts.gov

Office: 415-522-2034

---

**From:** Riechert, Melinda <mriechert@orrick.com>
**Sent:** Thursday, October 30, 2025 10:10 AM
**To:** EMC CRD <EMCCRD@cand.uscourts.gov>
**Cc:** Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com>; Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Subject:** Gjovik v. Apple Inc., Case No. 3:23-cv-04597-EMC.

**CAUTION - EXTERNAL:**

Ms. Ayala,

We represent Apple Inc. in the matter *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597-EMC.

On September 4, 2025, the Court issued a stay in the matter and set a November 3, 2025 deadline for a joint status report. Dkt. No. 255. On October 15, 2025, the Court rescheduled the October 21, 2025 status conference to January 13, 2026 and set a January 6, 2026 deadline for a joint status report. Dkt. No. 262.

In light of the October 15 order, is a joint status report still also due on November 3, 2025, or is a joint status report due only on January 6, 2026?

**Melinda Riechert**

Partner

Orrick

Silicon Valley 

T 650/614-7423

M 6507591929

mriechert@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**From:** EMC CRD <EMCCRD@cand.uscourts.gov>
**Sent:** Thursday, October 30, 2025 10:31 AM
**To:** Riechert, Melinda <mriechert@orrick.com>

**Cc:** Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com>; Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Ashley M. Gjøvik <ashleymgjovik@protonmail.com>

**Subject:** RE: Gjovik v. Apple Inc., Case No. 3:23-cv-04597-EMC.

---

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Thursday, October 30, 2025 11:05 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** EMC CRD <EMCCRD@cand.uscourts.gov>; Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com>; Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Subject:** RE: Gjovik v. Apple Inc., Case No. 3:23-cv-04597-EMC.

# Exhibit B

## RE: Motion for Stay in Gjovik v Apple in ND Cal in light of Chapter 7 bankruptcy proceedings

| | |
|---|---|
| From | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| To | Perry, Jessica R.<jperry@orrick.com> |
| CC | Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com>, Ashley Gjovik<ashleymgjovik@protonmail.com>, Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, Booms, Ryan<rbooms@orrick.com> |
| Date | Thursday, October 30th, 2025 at 2:00 PM |

Hello,

I'm documenting here for the record that Apple's response to this email was emailing CAND Court staff and attempting to trick them into extending the stay for multiple additional months, via email, and by conflating the Summary Judgement status conference and the requested ad hoc bankruptcy update.

I note the practical outcome (if that trickery was/is successful), would include preventing Trustee DiGiacomo from administering this lawsuit until at least January 2025. You also engaged in said trickery immediately after I informed you that it appears the Bankruptcy Court and Creditors seem likely to file objections and pressure the Trustee to litigate against Apple and/or get Apple to settle some of the claims.

Apple's response to receiving that information was then attempting to deceive a Courtroom Deputy, in email and without filing anything to the docket, by misrepresenting different court deliverables and deadlines, in order to extend the Stay of the case for at least 2.5 additional months, and without a record of why or what occurred on any formal docket.

While I appreciate your continued dedication to zealous representation of your client, I ask you again to please refrain from engaging in further unlawful, unfair, and unethical conduct as part of your "zeal."

I also note this occurred moments after Apple sent Ryan Booms to my second Section 341 Meeting of the Creditors at 1PM ET today where he introduced himself as a lawyer but justified his presence as being a "member of the public" who was there to observe me. I also note that for a moment it appeared Trustee DiGiacomo forgot who Ryan is and thought Ryan might be my lawyer for the bankruptcy case, at which point Ryan had to clarify that he's legal counsel for Apple Inc. and implied he was just attending for fun.

It appears you folks have a lot of free time on your hands and accordingly I'd like to request to redirect that free time to the litigation, so we can move this case forward and get to some resolution.

Please let me know when we can schedule the deposition. Can we schedule it for November?

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**


Sent with [Proton Mail](#) secure email.

On Thursday, October 30th, 2025 at 1:04 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,
>
> This is a reminder that the U.S. District Court is expecting a joint status report in Case 3:23-cv-04597 on Monday 11/3. Unless Apple and Trustee DiGiacomo would like to adjust their positions about my ability to manage litigation for the day-to-day of my legal claims with compensatory damages, then that status report will need to be filed by Apple and Trustee DiGiacomo.
>
> Trustee DiGiacomo did recently request to close the bankruptcy case and revert all of my property back to me, however that abandonment is not official until 15 days pass and only if there are no objections from creditors. Because the Trustee is now attempting to close the bankruptcy case as No-Asset and without distribution, despite previously declaring the case is an Asset case, with multiple creditor claims filed requesting payment from the Estate, the Trustee previously abandoning other cases despite active settlement offers, and with the Trustee providing only a brief docket text-entry as his final report -- I expect there will probably be objections, if not already filed.
>
> Further, the Bankruptcy Court Judge appears to have rejected the Trustee's request to close the case, as following the Trustee's request to end the case, the Judge subsequently approved the Trustee's prior requests for employment of law firms and accountants to assist the Trustee in recovering funds to pay the creditors.
>
> The Court also turned off the "auto-discharge" mechanism for my Ch.7 case despite there not being any objections to exemptions or the discharge. This implies the Court is not going to approve the Trustee's request close administration. The Court also did not grant my Motion to Compel the Trustee under the reasoning that the Trustee could still find funds to pay the creditors and that the Trustee claimed to be investigating and administering the compensatory legal claims against Apple. Apple's counsel themselves also indicated they believed this civil lawsuit was the best opportunity for the Estate to liquidate property and pay the creditors.
>
> Accordingly, it appears we have two next steps for the deadline on Monday 11/3/25:
>   - The Trustee and Apple are to file a Joint Status Report as requested by Judge Chen on 9/5/25; or,
>   - The Trustee and Apple can change their minds and decide that I can manage the day-to-day litigation of my compensatory legal claims and accordingly I can work with Apple to draft and file that Report.
>
> If we can proceed with Option 2, I also need to talk to Apple's counsel about the plan for restarting discovery where we left off and I ask again if they will agree to a written discovery plan -- if not, I will be filing a Motion requesting the District Court issue a decision on my prior requests for a written discovery plan which Judge Chen said he was looking into but was not able to issue a decision prior to Apple's request for a Stay. Further, because Judge Chen indicated we cannot schedule Summary Judgement until depositions are complete, and Apple's Oct. 2025 deposition of me was cancelled by Apple with no request to reschedule it, I would like to get that promptly scheduled so we can complete it and move promptly to Summary Judgement.

I also note that Trustee DiGiacomo has not shared any information with me regarding any discussions he's had with Apple's counsel and accordingly if Apple wants to later cite or make claims based on out of court communications with Mr. DiGiacomo, I ask that they promptly disclose anything they feel is material and relevant, and explain why it should be binding on me and my litigation if I was not involved or informed.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Monday, August 25th, 2025 at 9:20 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> We object to your attempt to distort the record by intersplicing emails here that are not sequential in a chain.
>
> We also disagree with your characterization and misrepresentations of our prior communications and our filing today.
>
> Regards,
>
> Jessica
>
> [EXTERNAL]
>
> (re-adding separate 7:10 and 7:36 PM emails to the chain below)
>
> Counselors,
>
> It appears that I sent my last email as you already filed nine separate documents (55 pages) to the docket at 7:07-7:10 PM ET, which despite what you said in your earlier email, seem to focus primarily around making false allegations against me of discovery misconduct, including and especially around our ongoing discovery disputes where I had been trying to meet with you in good faith prior to having to escalate the matters to the court -- and our most recent communications, as noted, simply stated you wouldn't engage with me further. In

fact, in your "motions to stay" you even highlight my pending request for leave to file a motion for sanctions, as misconduct by me that has harmed Apple. That's not what you said these motions were about, and even if you did, you know that's improper.

You now claim that my FRCP discovery requests, my proper and good faith objections, my attempts to meet/confer, and even my requests to partner with Apple to write joint letters were done in bad faith, were misconduct, and were somehow abusive and prejudicial to Apple. This appears to be your primary justification for these motions to stay, and in addition to your prior misinterpretation of bankruptcy law, this also has no basis for these motions. However, what you've now done is absolutely outrageous and completely unacceptable, and I'm speechless at how to even respond to this conduct.

Instead of filing a motion to stay and administrative motion asking to make it an emergency stay, you have preempted my ability to properly escalate discovery disputes to our discovery judge. Instead you raised dozens of issues directly to the U.S. Judge while making false statements against me, baselessly accusing me of misconduct, forcing me on the defensive, and further, and most egregious and completely out of line, is you are forcing me to respond to ALL OF THIS by August 29 2025, knowing this week I'm working on my EPA Citizen Complaint to be filed on 9/2. You know, now I have to spend all week responding to you essentially filing what consists of probably 20 separate motions at once, with a four day deadline for my response. This is honestly one of the craziest and most inappropriate things you've done in this litigation.

I honestly don't even know how I could possibly respond to all of those allegations against me, all of the misstatements, and also put forward my own escalations as I had previously planned to, AND ALSO respond to the Motion to Stay/Request for Emergency Motion that you had originally said this was about, and which I already said I did not have time to oppose under the schedule you proposed, and asked you repeatedly to meet/confer with me in good faith. Instead you've filed what's essentially a nuclear warhead attack on this litigation and on me, including extensive smears and false allegations.

I'm still sorting through the pages and pages you just filed, but I'll also note is appears you are justifying Ryan Booms presence at my 341 meeting as gathering intelligence you then plan to use as part of the basis for your emergency motion to stay, that is also concurrently based on your false allegations of misconduct by me, and which basically, based on what you alleged, asks the court to sanction me and dismiss the entire lawsuit, which is just like mindbogglingly evil and inappropriate.

There's literally no way I can even possible begin to properly oppose the hundreds of things you just queued up in these motions, that have a material impact on my litigation and reputation, and put me at risk for sanctions from the court, in literally four days. Again, this is a blitzkrieg attack that could tank this entire litigation, without even telling me or the Trustee what you actually had planned, and doing this when you know my Trustee is on vacation and I cannot even consult with him about how to deal with this -- since what you've done isn't to ask for stay -- what you've done is attempted to get the entire case dismissed based on false

allegations of misconduct by me. This would be outrageous for me to have to respond to under a normal timeline, let alone four days.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, August 25th, 2025 at 7:36 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> You are incorrect. I emailed you back prior to you sending this email. Please stop trying to create a false record.
>
> Our motion is on file.
>
> Thanks,
> Jessica

On Monday, August 25th, 2025 at 7:10 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Apple counsel,
>
> As it is now 7pm ET / 4pm PT, and I have received no response from you to any of my emails today, I write you again, to urge you to meet and confer with me about these motions prior to and instead of your prior stated plan to file your motions by end of day today under a unilateral declaration that I no longer have any authority or agency in my own lawsuit against you.

I propose we schedule a Zoom video conference meet and confer for later this week to discuss your concerns (whatever they may be). Perhaps we can reach a compromise regarding any legitimate issues or concerns. I can make myself available to meet with you on a 30min-1hr video call this Thursday or Friday (8/28-8/29) anytime between 9am-3pm PT (12pm-5pm ET).

Please let me know. Let's please talk through whatever this is about in good faith.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, August 25th, 2025 at 7:03 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley:
>
> We believe you are mistaken that this is still your lawsuit to manage and control. We cited in our initial email authority supporting our motion to stay. *See In re Bronner*, 135 B.R. 645, 648 (B.A.P. 9th Cir. 1992) (noting the rule that prepetition legal claims become "property of the estate as of the commencement of [a Chapter 7 bankruptcy] case"); *see also id*. at 647 (citing 11 U.S.C. § 541(a)(1)) ("A debtor's estate is comprised of all

legal or equitable interests owned by the debtor as of the commencement of the case. Title to estate property generally remains in the trustee unless the property is abandoned or intentionally re-vested.").

Other courts hold similarly and underscore that where a trustee has not abandoned prepetition legal claims, a plaintiff/debtor lacks standing to prosecute them. *See In re Meehan,* No. AP 13-01208-ES, 2014 WL 4801328, at \*4 (B.A.P. 9th Cir. Sept. 29, 2014), *aff'd,* 659 F. App'x 437 (9th Cir. 2016) ("Only a trustee may pursue a cause of action belonging to the bankruptcy estate. The debtor can pursue such claims only if they are abandoned by the estate.") (citations omitted); *Slater v. U.S. Steel Corp.,* 871 F.3d 1174, 1180 (11th Cir. 2017) ("Because a Chapter 7 debtor forfeits his prepetition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim unless the trustee abandons the asset, which then returns the claim to the possession and control of the debtor.") (citation omitted); *In re Harris*, 450 B.R. 324, 335 n. 46 (Bankr. D. Mass. 2011) (holding that where prepetition claims "have not been formally abandoned by the Trustee, … it remains the Trustee, and not the Debtor, who has standing to prosecute those claims") (citations omitted).

We will proceed to file our motion to stay, and are requesting a briefing schedule that permits time for opposition and reply briefs.

As to my emails to you regarding the meet and confer process related to your interrogatories, your characterization is inaccurate.

Regards,
Jessica

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, August 25, 2025 2:53 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** mdegiacomo@harrisbeachmurtha.com; Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** Re: Motion for Stay in Gjovik v Apple in ND Cal in light of Chapter 7 bankruptcy proceedings

[EXTERNAL]

Apple counsel,

I'm checking in again and asking for your response to my request for information, as detailed and sent to you nearly five hours ago.

Mr. DeGiacomo is on vacation, and I am not scheduled to speak with him or anyone else at/with Office of the Trustee regarding my bankruptcy case until Sept. 8 2025 at the earliest. There has been not yet been any substantive discussion about this civil litigation in my bankruptcy case, and thus this threatened request for an emergency stay appears to be originating unilaterally from Apple.

Therefore, my requested information about the statements you made this morning and your threat to file these motions by EOD today regardless of my position, needs to be provided to me and would only come from Apple's counsel.

This is still my lawsuit, I am still managing it, and you need to make an attempt to meet/confer with me in good faith prior to filing motions like this. There is no rule, law, or policy that says once someone files bankruptcy that the DOJ Office of the Trustee would suddenly by default have to approve each and every motion that person files or any litigation decision that person makes -- other then matters related to settlements (which you said on the record on 8/5 that you do not want to discuss and see no point in any further conference).

You cannot just unilaterally declare that I'm no longer party to this lawsuit, or this is no longer my lawsuit, or that I cannot file or respond to motions in my own lawsuit without DOJ approval. That's absurd.

Thus far, I've heard nothing from you other than your three emails at midnight last night essentially saying you won't talk to me anymore going forward (again). The Court already told you that you can not say that and you have to participate in this proceeding, including at least some form of meet/confer. Then this morning you now claim this isn't even my lawsuit anymore -- which is inaccurate and bizarre.

It's already past 5PM my time and tomorrow is my birthday. I'd prefer to not have to deal with this matter late tonight or at all tomorrow. If we can instead please meet/confer this week about whatever your actual concerns are, perhaps we can sort out a compromise and avoid unnecessary motion practice.

To start, please respond to my earlier questions and my request for information.

Thank you.


-Ashley


—

**Ashley M. Gjøvik**

**BS, JD, PMP**


Sent with [Proton Mail](#) secure email.


On Monday, August 25th, 2025 at 12:57 PM, Ashley M. Gjovik (Legal Matters) <[legal@ashleygjovik.com](mailto:legal@ashleygjovik.com)> wrote:

> Hello,
>
> I am unable to respond to you substantively at this time other than to object, because there's no disclosed legal basis for this request. As a preliminary matter, I seek information as to the basis for requesting a stay, and why that stay would be considered an emergency.
>
> In my Bankruptcy case, the Trustee has not consulted me regarding any Trustee plans or interest in this *Gjovik v Apple* civil litigation, or told me there was any communication with Apple about this litigation, or about any of my other litigation with Apple. This is required under Rule 2015(a) and 11 U.S.C. § 704(a) (9) prior to intervening or otherwise disrupting a debtor's pending affairs -- unless some other federal statute preempts this request, but that has not been disclosed to me.
>
> While the U.S. government controls my pecuniary legal claims during a Chapter 7 bankruptcy proceeding, this case also includes injunctive and declaratory relief, as well as punitive damages and statutory fines. I also have a right to information about estate administration as a "party in interest," and as of now, that has not been provided to me regarding this request.  See, 11 U.S.C. § 704(a)(9).

Further, there are no approved employment applications for Trustee lawyers to manage this litigation generally, nor are there any pending applications for employment/labor attorneys who would know how to properly manage the litigation of the retaliation claims. See, Rule 2014 and 11 U.S.C. § 327(a).

In addition, while the DOJ abruptly and without explanation switched my bankruptcy case from "no asset" to "asset," as of today, no one has informed me what DOJ thinks that asset is (which is required by bankruptcy law). To my own actual knowledge, I have no vested assets and no funds that could pay creditors, and as such my bankruptcy would be a full discharge. Therefore, there's no apparent basis that could justify stopping litigation midway and investing government resources (and taxpayer dollars) into this long-running civil litigation without even consulting the Plaintiff/Debtor.

This civil litigation has been ongoing since September 2023, with the similar adjudications ongoing since August 2021, and counsel from Orrick retained to defend Apple from my retaliation claims starting in August 2021 (four years ago). The next civil case events are a deadline for a Joint Case Management Report on October 14 and a Status Conference on October 21. (Dkt. 242). Beyond that, I have a pending motion for leave to request sanctions against Apple, two notices of requests for depositions of Apple employees in September 2025 pending with Apple, and multiple discovery disputes awaiting Apple's response.

Most recently, I formally complained to Apple/Orrick about improper discovery misconduct that would be a new basis for sanctions and asked Orrick to file a joint letter to the court about it, and also complained about what appeared to be intimidation and harassment by their counsel at my 341 meeting on 8/21. Orrick responded late last night (on a Sunday) refusing to meet/confer on open issues or discuss further. As such, this request to stay, based on my own knowledge, thus appears to be Apple's attempt to obstruct my open requests and planned escalations.

The legal standard for granting a stay of litigation is clearly not met here, and no one has attempted to provide a proffered legal basis as to success on the merits, irreparable harm in the absence of relief, the balance of equities, or the public interest -- or even basic justification as to why it would be needed considering there are no major case events until an October 21 2025 status conference -- more than two months away. Similarly, a request could simply be filed to reschedule that conference instead of stay all litigation, if there was even a justification for that.

Even more untethered is any supposed basis to treat this request as an emergency motion for a stay, where supposedly irreparable harm would occur during the time needed to consider a response. Yet no one has offered any sort of basis for the request, the request appears to directly conflict with and violate bankruptcy rules and norms, and there's no case events or outcomes impacted by Trustee consideration

in parallel with ongoing litigation. Thus the request instead appears to be Apple's counsel trying to avoid their discovery obligations and the consequences for their prior discovery misconduct in this case.

To both Apple and the Trustee, I request more information about what this request is about, why its being made, and what the justification is.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, August 25th, 2025 at 10:27 AM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Mr. DeGiacomo and Ms. Gjovik:
>
> I write to advise that Apple intends to file a motion to stay today in N.D. Cal. Case No. 23-cv-04597 – a prepetition litigation brought by Ms. Gjovik, which is now property of her Chapter 7 bankruptcy estate (*see In re Bronner,* 135 B.R. 645, 648 (B.A.P. 9th Cir. 1992)) – to allow the Trustee time to determine how to proceed in this action as the real party in interest.
>
> We will also be filing an administrative motion to have the motion to stay be heard on shortened time, and will request that the hearing on the motion to stay be held next Thursday, September 4, 2025 at 1:30 p.m. PT (with any opposition due by August 29 and any reply due by September 2).
>
> Although we believe only the Trustee's agreement/stipulation to the motion to shorten time is necessary (given that the Chapter 7 bankruptcy estate, not Ms. Gjovik, is the lone party with standing at present to continue the case), we would appreciate hearing from each of you whether you will agree/stipulate to the administrative motion to shorten time.  We would also

appreciate confirmation that the Trustee agrees that entry of a stay would be appropriate in this circumstance.

Thank you,

Jessica

**Jessica Perry**

Partner

Orrick

Silicon Valley 

T +1-650-614-7350

jperry@orrick.com



---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.