**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ASHLEY M. GJOVIK | Case No. 25-11496 (CJP) |
| Debtor. | |

**APPLE INC.'S OPPOSITION TO**
**DEBTOR'S MOTION FOR SANCTIONS**

To the Honorable Christopher J. Panos, Bankruptcy Judge:

Apple Inc. ("Apple") opposes Debtor Ashley M. Gjovik's second *Motion for Sanctions Against Apple Inc.*, ECF No. 58 (the "Motion"), stating as follows:

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT/SUMMARY OF FACTS AND ARGUMENT ......................... 1

BACKGROUND ........................................................................................................... 3

   I.    THE EMPLOYMENT CASE ................................................................... 3

   II.   THE BANKRUPTCY AND MS. GJOVIK'S FIRST SANCTIONS MOTION ............. 3

   III.  RETURNING TO THE EMPLOYMENT CASE ............................................. 5

   IV.  RETURNING TO THE BANKRUPTCY COURT; MS. GJOVIK'S MOTION ........... 7

ARGUMENT AND AUTHORITIES ................................................................................. 8

   I.    MS. GJOVIK'S REQUEST FOR SANCTIONS IS FRIVOLOUS ............................ 8

        A.   Ms. Gjovik's litigation claims were abandoned; they are not property of
the estate, and they are not protected by the automatic stay ................................... 9

        B.   Ms. Gjovik's post-petition misconduct is not immunized by the automatic
stay ................................................................................................................ 10

        C.   Enforcement proceedings against Ms. Gjovik arising from her litigation
misconduct are not subject to the automatic stay. ................................................. 14

        D.   Apple is entitled to defend itself. ........................................................... 15

   II.   THE COURT SHOULD CONSIDER A VEXATIOUS LITIGANT FINDING
AND PREFILING REVIEW ....................................................................... 16

   III.  RESERVATION OF RIGHTS .................................................................... 18

CONCLUSION ............................................................................................................ 18

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ashley M. Gjovik v. Apple Inc.*,
  Case No. 23-cv-04597 (N.D. Cal.) ...............................................................................1, 3, 5

*In re Brian Nelson Drake*,
  136 B.R. 327 (Bankr. D. Mass. 1992) ..................................................................................12

*Castro v. United States*,
  775 F.2d 399 (1st Cir. 1985) .................................................................................................17

*Cok v. Family Court of Rhode Island*,
  985 F.2d 32 (1st Cir. 1993)...................................................................................................17

*Dominic's Rest. of Dayton, Inc. v. Mantia*,
  683 F.3d 757 (6th Cir. 2012) ................................................................................................14

*Elbery v. Louison*,
  1999 WL 1295871 (1st Cir. Dec. 17, 1999) .........................................................................17

*In re Empower Central Mich., Inc.*,
  661 B.R. 222 (Bankr. E.D. Mich. 2024) ...............................................................................12

*In re Furlong*,
  437 B.R. 712 (D. Mass. 2010), *aff'd*, 660 F.3d 81 (1st Cir. 2011)..........................................9

*United States v. Inslaw, Inc.*,
  932 F.2d 1467 (D.C. Cir. 1991) ............................................................................................16

*In re Kupperstein*,
  994 F.3d 673 (1st Cir. 2021).................................................................................................14

*In re Lloyd*,
  603 B.R. 247 (Bankr. D. Mass. 2019) .............................................................................12, 13

*Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*,
  892 F.2d 575 (7th Cir. 1989) ................................................................................................16

*In re Martinez*,
  227 B.R. 442 (Bankr. D.N.H. 1998) .....................................................................................17

*In re Mateer*,
  559 B.R. 1 (Bankr. D. Mass. 2016) .................................................................................11, 13

*Mission Prod. Holdings, Inc. v. Tempnology, LLC*,
  587 U.S. 370 (2019)..............................................................................................................12

*Municipality of San Juan v. Puerto Rico*,
   919 F.3d 565 (1st Cir. 2019) ................................................................................17

*In re Palmdale Hills Prop., LLC*,
   654 F.3d 868 (9th Cir. 2011) ................................................................................16

*Sir Speedy, Inc. v. Morse*,
   256 B.R. 657 (D. Mass. 2000) ...............................................................................12

*In re Spectrum Info. Techs., Inc.*,
   190 B.R. 741 (Bankr. E.D.N.Y. 1996) ...................................................................12

Statutes and Codes

United States Code
   Title 11 Section 101 ...............................................................................................13
   Title 11 Section 105 ...............................................................................................17
   Title 11 Section 362 .................................................................................9, 10, 11, 13
   Title 11 Section 365 ...............................................................................................12
   Title 11 Section 541 ...............................................................................................12
   Title 11 Section 554 ............................................................................................4, 9
   Title 11 Section 727 ...............................................................................................13
   Title 28 Section 1927 ...........................................................................................8, 18

Rules and Regulations

Federal Rules of Bankruptcy Procedure
   Rule 6007 ................................................................................................................4
   Rule 9011 ...........................................................................................................8, 18

## PRELIMINARY STATEMENT/SUMMARY OF FACTS AND ARGUMENT

1.      Ms. Gjovik is a serial and vexatious litigant.[1]  The primary target of her objectively baseless crusade is Apple.[2]  Since 2021, Ms. Gjovik has initiated more than a dozen legal and regulatory proceedings against Apple.[3]  One of those is a lawsuit pending in the United States District Court for the Northern District of California (the "California Court") captioned *Ashley M. Gjovik v. Apple Inc.*, Case No. 23-cv-04597 (N.D. Cal.) (the "Employment Case").  The merits of Ms. Gjovik's Employment Case are not before this Court—Ms. Gjovik's chapter 7 trustee (the "Trustee") abandoned the proceeding, along with *all* of Ms. Gjovik's other claims, in October 2025.

2.      In the current Motion, Ms. Gjovik seeks this Court's intervention in the abandoned Employment Case to regulate the California Court's management of that case.  She complains that Apple's actions to protect its rights under an agreed protective order entered by the California Court are a violation of the automatic stay.  But there are no stay violations.  The Employment Case has been abandoned, at Ms. Gjovik's insistence.  The Employment Case is no longer an estate asset, and this Court is not the proper one to decide issues about conduct—including the parties' rights and obligations under the agreed protective order—in that case.

---

[1] *See* ECF No. 1 at 48–49 (listing legal actions); ECF No. 11 (expanding on those legal actions and adding new ones); ECF No. 18 (adding new legal actions); ECF No. 57 (adding new legal actions).  Apple has not yet sought a vexatious litigant finding, and no court has yet entered one.  For all the reasons below, Apple asks this Court to do so now.

[2] Ms. Gjovik now also claims she has been harmed by various factions of the mob or mafia or agents conspiring with them, like the city of Boston, the Commonwealth of Massachusetts, Harvard University and Harvard Medical School, and Boston University and Boston Medical Center.  *See* ECF No. 57-1.

[3] *See* ECF Nos. 1, 11, 18, 57 & 58.

1

3.     Ms. Gjovik also complains that Apple has violated the automatic stay by mentioning the breach of a confidentiality agreement she signed while employed by Apple.  But the fact of Ms. Gjovik's breach does not evaporate simply because she filed for bankruptcy.  Her chapter 7 filing only limits Apple's ability to prosecute and collect *damages* from her based on *pre-petition* breaches to the extent that those *damages* monetize *pre-petition* claims that are capable of being discharged.  It does not limit Apple's ability to advance Ms. Gjovik's pre-petition breach of the terms of her employment in response to, in defense of, or even as a setoff or recoupment to, the Employment Case she is prosecuting or to demonstrate the confidential nature of the information for which protection is provided under the California Court's protective order.  Nor does her bankruptcy limit Apple's ability to seek relief for post-petition violations of her continuing obligation to maintain confidentiality.

4.     Simply, Ms. Gjovik's bankruptcy does not give her license to ignore orders of the California Court or to ignore the publication and use limitations set out in her separate pre-petition confidentiality agreement with Apple.  There is no violation of the automatic stay, and the Motion should be seen for what it is—Ms. Gjovik's attempt to evade an order (or collaterally attack an order) of the California Court and leverage Apple to compromise its legitimate interests in that protective order and in its confidential information, by dragging Apple back to this Court to defend a baseless Motion.[4]  The Motion should be denied, and the Court should consider additional relief to minimize future costs, expenses, and time dealing with Ms. Gjovik's meritless motions.

---

[4] Ms. Gjovik's intent is not simply inferred.  In her email attached as Exhibit A, she threatened this Motion if Apple did not halt efforts to enforce the protective order and give up its claims to protecting confidential information.

2

## BACKGROUND

5.     The reasons to deny the Motion are clear from the face of the Motion itself. Providing some context regarding the Employment Case, its status, and the status of this bankruptcy case, however, further demonstrates the Motion's objective lack of merit.

## I.    THE EMPLOYMENT CASE

6.     Ms. Gjovik filed the Employment Case in September 2023.  Employment Case, Dkt. No. 1.[5]  The operative complaint (her fifth amended one) generally asserts that Ms. Gjovik was wrongfully terminated after raising alleged health, safety, and environmental concerns. Employment Case Dkt. No. 142.  She was not.  Ms. Gjovik was terminated after leaking Apple's confidential information on, among other platforms, X.com (formerly Twitter.com), in direct violation of a Confidentiality and Intellectual Property Agreement (the "Employment CIPA") she signed when she was hired, and for refusing to cooperate in, and interfering with, Apple investigations.  *See, e.g.*, Employment Case Dkt. No. 269.  But, again, the merits of Ms. Gjovik's Employment Case are not before this Court; she elected to proceed, and is proceeding, in the California Court.

## II.    THE BANKRUPTCY AND MS. GJOVIK'S FIRST SANCTIONS MOTION

7.     On July 21, 2025, while the Employment Case was pending in California, Ms. Gjovik filed a voluntary chapter 7 petition with this Court.  ECF No. 1.  Less than one month later, Ms. Gjovik filed two motions: (1) to, among other things, compel the Trustee to abandon her employment claims against Apple, so she could continue pursuing them in the California Court;

---

[5] For clarity, Apple cites to the docket in this bankruptcy case as "ECF No. __" and to the docket in the Employment Case as "Employment Case Dkt. No. __."  Due to their volume, Apple does not attach copies of the documents filed in the Employment Case here.  Apple will, however, provide a copy of the documents filed in the Employment Case and cited in this opposition upon the Court's request.

and (2) to sanction Apple for communicating with the Trustee about her bankruptcy case and for appearing at her public § 341(a) meeting of creditors.  ECF Nos. 19, 20, 23, 26 & 27.

8.      On October 6, 2025, this Court denied both motions.  ECF Nos. 42 & 43.  As to the motion against the Trustee, the Court found that the Trustee had discretion to evaluate and prosecute claims against third parties, that the Trustee was in the process of evaluating Ms. Gjovik's claims, and that, until abandoned, the Trustee had the authority to act in pending cases, including stayed litigation.  ECF No. 42.  As to the motion against Apple, the Court found "the allegations in [Ms. Gjovik's first sanctions motion] do not state a cognizable claim for a violation of the automatic stay and center around statements regarding the Trustee's authority over causes of action that are property of the estate."  ECF No. 43.

9.      On October 24, 2025, the Trustee gave Ms. Gjovik precisely the relief she wanted. The Trustee filed a notice of intent to abandon all claims listed in Ms. Gjovik's schedules.  ECF No. 47.  That includes the Employment Case, which the trustee found had "no value [or] benefit" to Ms. Gjovik's bankruptcy estate.[6]  *Id.*  No party objected within Rule 6007's 14-day period and, consequently, the claims, including the Employment Case, were abandoned as of November 7, 2025.  *See* FED. R. BANKR. P. 6007; 11 U.S.C. § 554.

10.     On October 31, 2025, Ms. Gjovik filed a second motion to compel the Trustee to act on her claims in the Employment Case (despite the fact he had already filed a notice of intent to abandon them).  ECF No. 54.  There, Ms. Gjovik argued that her Employment Claims were never subject to the stay—"I objected to th[e] premise . . . that speculative legal claims could be

---

[6] The other Apple-related abandoned claims and lawsuits include, without limitation, claims asserted under the National Labor Relations Act ("NLRA") with the National Labor Relations Board ("NLRB") and a separate environmental "citizen" lawsuit against Apple (and others) also pending in the California Court.  *See* ECF Nos. 1, 11, 18 & 57.

vested property interests"—and asked for a declaration that, even if it were estate property, she could "proceed with [her] whistleblower litigation." *Id.* On November 2, 2025, this Court denied the motion, noting the Trustee had already abandoned Ms. Gjovik's claims so there was no relief to be given. ECF No. 55.

### III.   RETURNING TO THE EMPLOYMENT CASE

11.   After abandonment, Ms. Gjovik returned to litigating against Apple in the California Court. On November 14, 2025, Ms. Gjovik filed a motion to lift stay in the Employment Case. Employment Case Dkt. No. 265. There, she asserted "Bankruptcy law creatively views pending litigation or potential legal claims as vested property rights and the Trustee's Notice of Abandonment thus serves as a 'reversion'" of the abandoned claims to her. *Id.* She thus requested the California Court "issue an Order officially lifting the Stay in this litigation and Order the parties to resume all previously active litigation activities, including discovery." *Id.* Ms. Gjovik's motion was granted and litigation in the Employment Case resumed. Employment Case Dkt. No. 267.

12.   On December 16, 2025, Apple deposed Ms. Gjovik, consistent with her repeated demands that discovery resume in the Employment Case. Employment Case Dkt. No. 294. During the deposition, Apple designated certain portions of Ms. Gjovik's testimony as "Confidential" pursuant to an agreed protective order entered in the Employment Case—*i.e.*, one that Ms. Gjovik agreed to and signed (the "Agreed Protective Order").[7] *See id.* Apple also noted that it intended to review the transcript of Ms. Gjovik's deposition, after it was prepared, and attempt to narrow its designations. *See id.*

---

[7] More specifically, Apple and Ms. Gjovik filed a *joint* stipulated protective order in the Employment Case on July 2, 2025. Employment Case Dkt. No. 229. The California Court entered that protective order on July 7, 2025. Employment Case Dkt. No. 235.

13.    On February 4, 2026, after it had received the transcript, Apple provided Ms. Gjovik with limited and targeted confidentiality designations, seeking to prevent public disclosure of information related to her description of Apple confidential studies. *See id.* Less than two weeks later, Ms. Gjovik filed, publicly and without redaction, an NLRB charge against Apple, asserting its confidentiality designations violate the NLRA. *See id.* In her NLRB charge, Ms. Gjovik recites, *verbatim*, portions of her deposition transcript which Apple designated "Confidential" under the Agreed Protective Order. *See id.* Ms. Gjovik then posted unredacted copies of her NLRB charge to her X.com account and her personal website and authored a blog post that revealed the substance of the material designated as "Confidential." *See id.*[8]

14.    On February 18, 2026, Apple's counsel emailed Ms. Gjovik asking her to remove the offending content—at least until she had complied with the Agreed Protective Order's provisions for challenging designations and the California Court had entered an order de-designating the material. *See id.* Ms. Gjovik refused, instead asserting Apple's request that she comply with the Agreed Protective Order itself violated the NLRA.[9] Unable to obtain Ms. Gjovik's agreement to remove the designated material, Apple sought an informal discovery conference with Magistrate Judge Westmore in the Northern District of California to discuss the issue. *See id.* Ms. Gjovik opposed that. *See id.*[10] Following the discovery conference, Magistrate Judge Westmore issued an order underscoring the parties' obligations to comply with the Agreed

---

[8] Ms. Gjovik later filed an unredacted copy of her NLRB charge disclosing information designated as "Confidential" on the Employment Case's public docket as an attachment to a document titled "Notice of Pendency," which apparently was designed to alert the California Court of this Motion. *Id.*

[9] Ms. Gjovik also filed another NLRB charge, based on Apple's email. *See* ECF No. 58.

[10] Ms. Gjovik then filed yet another NLRB charge, based on the request for an informal discovery conference. *See* ECF No. 58.

Protective Order.  Employment Case Dkt. No. 288.  Apple has since filed a Motion to Enforce the

Protective Order, seeking an order finding Ms. Gjovik to be in breach and ordering her to refrain

from further disclosure of material designated "Confidential" while the challenge process plays

out.

## IV.   RETURNING TO THE BANKRUPTCY COURT; MS. GJOVIK'S MOTION

15.   After the discovery conference in the California Court, Ms. Gjovik filed the present

Motion claiming Apple's email and request for an informal discovery conference violated the

automatic stay in this bankruptcy.  ECF No. 58.  In Ms. Gjovik's mind, Apple's requests that she

comply with her (post-petition) obligations under the Employment Case's Agreed Protective Order

constitute the commencement or continuation of an action or proceeding against the debtor and an

act to collect or recover a claim against the debtor.  *Id.*  As a result, Ms. Gjovik asks this Court to

award actual damages (she has none), attorneys' fees (there are none, she is *pro se*), and punitive

damages (which are unsupportable) and to declare that any order of contempt issued against her

by the California Court (where she demanded to continue litigating her claim) related to the Agreed

Protective Order is void.  *Id.*  Incredibly, she also claims that the Employment Case is "the

[bankruptcy] estate's most valuable known asset," *id.* at ¶ 35, even though it has been abandoned

and any recovery in the Employment Case would be exclusively hers and not shared with her

creditors whose claims will be discharged.

16.   Ms. Gjovik's Motion lacks even minimal merit; its sole purpose is to harass Apple,

increase litigation expense, and play one federal court against another, hoping that her willful

violation of the Employment Case's Agreed Protective Order will go unaddressed.  As discussed

below, however, the stay does not apply to the Employment Case after it was abandoned at Ms.

Gjovik's demand, the stay does not protect Ms. Gjovik from her wrongful post-petition conduct,

and, even if all the foregoing were incorrect (it is not), the stay does not apply to enforcement

7

proceedings.  While Ms. Gjovik is a *pro se* litigant, she has a law degree, and even minimal research would show that her request for stay violation sanctions falls far short of passing Bankruptcy Rule 9011 muster.

17.    Moreover, the grievances alleged in Ms. Gjovik's Motion (and elsewhere) not only lack factual and legal support, but she also burdens this Court, and others, with hundred-page filings alleging far-flung conspiracy theories that neither cure those deficiencies nor represent a prudent use of Ms. Gjovik's, her creditors', or this Court's time and resources.  For all the reasons below, Apple respectfully requests the Court deny Ms. Gjovik's Motion and consider (i) making a vexatious litigant finding and, (ii) at a minimum, subjecting Ms. Gjovik to a pre-filing review process to ensure future filings in this Court are colorable before requiring a response.  Apple also reserves the right to seek sanctions under Bankruptcy Rule 9011 and 28 U.S.C. § 1927.

## ARGUMENT AND AUTHORITIES

### I.    MS. GJOVIK'S REQUEST FOR SANCTIONS IS FRIVOLOUS

18.    After filing bankruptcy, Ms. Gjovik repeatedly demanded that her chapter 7 trustee (the "Trustee") abandon all claims against Apple so she could continue pursuing them in California or with the NLRB.  That happened in November 2025.  Since then, Ms. Gjovik has pursued the abandoned claims, including by actively litigating the Employment Case in the California Court. She cannot now ask this Court to sanction Apple for defending itself in the litigation she commenced or to declare that any order the California Court issues in that litigation is void. Ms. Gjovik railed to remove her claims against Apple from her bankruptcy estate and proceed with them in California.  She must live with that choice.  Ms. Gjovik's Motion lacks even minimal merit and should be rejected.  She cannot accept any perceived benefits from having the Employment Case abandoned without accepting potential burdens as well.

8

**A.**   **Ms. Gjovik's litigation claims were abandoned; they are not property of the estate, and they are not protected by the automatic stay.**

19.    Abandoned property is no longer property of the estate and is not protected by the automatic stay.  Section 362(c) governs the duration of the automatic stay.  It provides that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate."  11 U.S.C. § 362(c).  Once property is abandoned under § 554, it is no longer property of the estate and, consequently, no longer subject to § 362's automatic stay.[11]  *See, e.g.*, 11 U.S.C. § 554; *In re Furlong*, 437 B.R. 712, 720–21 (D. Mass. 2010), *aff'd*, 660 F.3d 81 (1st Cir. 2011).

20.    Each iteration of Ms. Gjovik's bankruptcy schedules includes her Employment Case (along with a litany of other purported claims and actions against Apple).  *See* ECF Nos. 1, 11, 18, 31, 57 & 58.  The Trustee's notice of intent to abandon includes "all claims the Debtor listed in her [schedules]," including the Employment Case.  ECF No. 47.  Abandonment was effective on November 7, 2025, 14 days after the Trustee's notice was filed.  11 U.S.C. § 554; FED. R. BANKR. P. 6007.  On that date, the Employment Case ceased to be estate property, and the automatic stay ceased to apply to it.  *In re Furlong*, 437 B.R. at 720–21.

21.    There is no credible basis for Ms. Gjovik to assert the Employment Case is still affected, or protected, by her bankruptcy filing or the automatic stay.  Ms. Gjovik's claims that "Apple's conduct directly devalues the estate's primary asset," *i.e.*, the abandoned Employment

---

[11]  On February 13, 2026, Ms. Gjovik filed amended schedules expanding descriptions related to already abandoned claims, including the Employment Case.  *See* ECF No. 57.  On March 6, 2026, the Trustee filed a Notice of Chapter 7 Trustee's Intent to Abandon Claims indicating that, to the extent unclear, he is abandoning all the affirmative claims listed in Ms. Gjovik's February 13, 2026 amended schedules.  ECF No. 61.

Case, and that this Court is the proper one to adjudicate disputes arising in the abandoned Employment Case lack merit.

**B.**    **Ms. Gjovik's post-petition misconduct is not immunized by the automatic stay.**

22.    Preliminarily, it is important to clarify what Apple *is* doing in the Employment Case and what it is *not* doing.  Apple *is* seeking to enforce the Agreed Protective Order entered by the California Court, which establishes a process for designating discovery material as "Confidential," for challenging those designations, and for enforcing violations.  Whether and what type of relief may be afforded to Apple for Ms. Gjovik's post-petition violation of her obligations under the Agreed Protective Order is exclusively within the province of the California Court (the court that entered the order) and is in no way impacted by Ms. Gjovik's bankruptcy proceeding.

23.    Apple *is* also seeking to use Ms. Gjovik's pre-petition violation of a separate confidentiality agreement (the one she signed as an employee) as a *defense* to her wrongful termination and retaliation claims.  To be quite clear, Ms. Gjovik was terminated in 2023 for leaking confidential information on social media websites and to tech rags, among other things.  Apple is entitled to establish that *defense* in the course of the Employment Case, and nothing about Ms. Gjovik's bankruptcy mitigates or vitiates that defense.

24.    Apple, however, is *not* seeking to recover dollars for Ms. Gjovik's pre-petition breach of the Employment CIPA.  Apple fully understands that a monetary recovery for pre-petition breaches would require filing a claim in Ms. Gjovik's bankruptcy case and would be limited to distributions from her chapter 7 estate from non-exempt assets that the Trustee has not abandoned.

25.    With that in mind, Ms. Gjovik's claims of a stay violation fall apart.  Section 362(a)(1) and (a)(6)'s stays against Ms. Gjovik, herself, are simply inapplicable to her post-petition misconduct.  That is apparent from the plain language of those provisions.  Subsection (a)(1) stays

"the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor *that was or could have been commenced before* [the bankruptcy filing] or to recover a claim against the debtor *that arose before* [the bankruptcy filing]." 11 U.S.C. § 362(a)(1). Subsection (a)(6) is likewise limited to the proceedings "to collect, assess, or recover a claim against the debtor *that arose before* [the bankruptcy filing]." 11 U.S.C. § 362(a)(6). Both subsections are limited to proceedings or claims that arose *before* or that could have been commenced *before* Ms. Gjovik's bankruptcy filing, on July 21, 2025.

26.    The actions Ms. Gjovik complains of as purportedly violating her automatic stay are rooted entirely in her post-petition conduct. As illustrated:

| **Date** | **Event** |
|---|---|
| July 21, 2025 | Ms. Gjovik files a voluntary chapter 7 petition. |
| November 7, 2025 | The Employment Case is abandoned. |
| December 16, 2025 | Ms. Gjovik sits for a deposition in the Employment Case. |
| February 4, 2026 | Apple sends revised Confidentiality designations related to that deposition. |
| February 17, 2026 | Ms. Gjovik posts designated material online. |
| February 18, 2026 | Apple sends an email requesting Ms. Gjovik remove the designated material from her public postings. |
| February 19, 2026 | Apple requests an informal discovery conference. |

27.    Putting to one side whether Apple's email to Ms. Gjovik and letter to Magistrate Judge Westmore were either "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding" or "to collect, assess, or recover a claim" (which they are not), the order of events is dispositive.

28.    Ms. Gjovik's violation of the Agreed Protective Order did not occur until nearly seven months after her bankruptcy filing. Until Ms. Gjovik violated the Agreed Protective Order, which occurred post-petition (as well as post-abandonment), no "claim" arose, and no proceeding

was, or could have been, commenced.  That destroys Ms. Gjovik's argument that either § 362(a)(1)

or (a)(6) apply.  *See, e.g.*, *In re Mateer*, 559 B.R. 1, 5–8 (Bankr. D. Mass. 2016) (analyzing under

§ 541 when a claim accrues and, consequently, whether it is property of the estate to determine

whether a chapter 7 trustee had standing to pursue it; holding trustee lacked standing to prosecute

malpractice action because it "was not a claim rooted in any way in the prebankruptcy past"); *In

re Lloyd*, 603 B.R. 247, 252–53 (Bankr. D. Mass. 2019) (same, finding a trustee lacked standing

where there was no "actual prepetition harm to the Debtor").

29.    Apple's passing reference to the Employment CIPA does not change that

conclusion, for several reasons.  First, and contrary to Ms. Gjovik's assertion, the Employment

CIPA's confidentiality provisions remain binding on her.  The Employment CIPA is <u>*not*</u> an

executory contract subject to rejection under § 365(d)(1).  Apple completed its performance of that

agreement before the chapter 7 case was filed and Ms. Gjovik's "remaining obligations of

confidentiality . . . are vestiges of [the Employment CIPA] that do not give rise to a level of material

future performance."  *In re Spectrum Info. Techs., Inc.*, 190 B.R. 741, 747–48 (Bankr. E.D.N.Y.

1996) (citing, among others, *In re Brian Nelson Drake*, 136 B.R. 327 (Bankr. D. Mass. 1992)

(holding contract did not contain continuing mutual obligations where debtor was obligated not to

compete)); *In re Empower Central Mich., Inc.*, 661 B.R. 222, 229 (Bankr. E.D. Mich. 2024)

("[T]he Confidentiality Agreement is a separate non-executory agreement that [] is not subject to

rejection by the Debtor and, therefore, the confidentiality and non-competition terms of this

agreement continue to bind the Debtor.").

30.    Second, even if the confidentiality provisions of the Employment CIPA were

executory and, consequently, rejected by operation of law under § 365(d)(1), the Supreme Court

has clarified that rejection "breaches a contract, but does not rescind it.  And that means that all

the rights that would ordinarily survive a contract breach . . . remain in place." *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 372 (2019); *accord Sir Speedy, Inc. v. Morse*, 256 B.R. 657, 659 (D. Mass. 2000) (enforcing non-competition clause post-rejection, holding "[r]ejection does not cause a contract magically to vanish. The post-rejection rights and obligations of the debtor and the non-debtor are exactly the same as they would have been had the debtor first breached the contract and then filed for bankruptcy.").[12]

31. Third, as set forth above, Ms. Gjovik's February 2026 disclosures of designated material arose from, and are rooted solely in, her post-petition conduct. To the extent the February 2026 disclosures violate the Employment CIPA in addition to the Employment Case's Agreed Protective Order, the automatic stay offers no refuge. Any claim or proceeding based on Ms. Gjovik's post-petition violation falls outside the protection of the automatic stay. 11 U.S.C. § 362(a)(1), (a)(6); *In re Mateer*, 559 B.R. at 5–8; *In re Lloyd*, 603 B.R. at 252–53.

32. There is no credible basis for Ms. Gjovik to assert that Apple's email requesting she comply with the Agreed Protective Order and remove the offending content unless and until she obtains a ruling that the designations were improper or Apple's request for an informal discovery conference violated her automatic stay. Her claims that this Court is the proper one to adjudicate her post-petition violations of the Agreed Protective Order (or the Employment CIPA for that matter) or that the automatic stay shields her from those violations are incorrect. The Motion should be denied.

---

[12] Indeed, breaching a confidentiality agreement does not give rise to a dischargeable claim because the enforcement of confidentiality obligations generally results in equitable remedies that do not give rise to monetary damages; the relief given is to enjoin the prohibited disclosure and require the return (*e.g.*, taking down from social media) of the improperly published materials. *See* 11 U.S.C. § 101(5) (excluding from the definition of "claim" a right to equitable relief that does not "give[] rise to a right to payment"), § 101(12) (defining "debt" as "liability on a claim"), and § 727(b) (limiting an individual's discharge to prepetition debts and prepetition liability on claims).

**C.**     **Enforcement proceedings against Ms. Gjovik arising from her litigation
misconduct are not subject to the automatic stay.**

33.     Even if the stay did operate to protect *some* of Ms. Gjovik's post-petition actions
(which it does not), it offers no protection here.  Apple's email to Ms. Gjovik and letter to
Magistrate Judge Westmore requesting an informal discovery conference both stem from Ms.
Gjovik's violation of the Agreed Protective Order when she took deposition testimony that had
been marked as "Confidential" and published it to X.com and her personal website.  Both the email
and the letter may, as Ms. Gjovik has noted, be evidence in a future proceeding to enforce the
Agreed Protective Order.  But even if that were true, it would not mean that the email or letter (or
any other action related to the Agreed Protective Order) violated the automatic stay.

34.     Proceedings to enforce court orders are excepted from the automatic stay as
"proceedings [] intended to effectuate the court's public policy interest in deterring litigation
misconduct," necessary to "uphold the dignity of the court and the judicial process, to punish bad
behavior and to educate the public in the importance of obeying court orders."  *In re Kupperstein*,
994 F.3d 673, 678 (1st Cir. 2021) (quotation omitted).

35.     As explained in more detail:

It is within a court's inherent power to take whatever steps [are] necessary to ensure
those persons within its power comply with its orders.  [We] cannot conceive that
Congress intended to strip [a] court of this power, and instead permit a party to
blatantly violate direct orders of the court and then seek shelter from a bankruptcy
judge.  If this were so, the court's orders could be rendered almost meaningless.

*Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 761 (6th Cir. 2012).

36.     That is precisely the relief Ms. Gjovik seeks from this Court.  She asks the Court to
declare that any order entered by the California Court interpreting or enforcing its own Agreed
Protective Order is void *ab initio*.  As explained in *Kupperstein* and *Dominic's Restaurant*, the

automatic stay does not operate to nullify or neuter the California Court's authority to, among other things, interpret and enforce its own orders.

37.     There is no credible basis for Ms. Gjovik to ask this Court to preemptively (or remedially) declare Judge Chen's or Magistrate Judge Westmore's existing or future orders, especially those pertaining to the Agreed Protective Order, void or invalid.[13]

### D.     Apple is entitled to defend itself.

38.     Finally, and as discussed in Apple's opposition to Ms. Gjovik's first sanctions motion, her request is illogical and contrary to the policy behind the stay.  Section 362 is not designed to prevent people or entities that bankruptcy debtors have sued from defending themselves and protecting their legal rights.  As aptly explained by Judge Posner, writing for the Seventh Circuit:

> [T]he automatic stay is inapplicable to suits *by* the bankrupt ("debtor," as [s]he is now called).  This appears from the statutory language, which refers to actions "against the debtor," 11 U.S.C. § 362(a)(1), and to acts to obtain possession of or exercise control over "property of the estate," § 362(a)(3), and from the policy behind the statute, which is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors. . . . There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights.  True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, subsection (a)(3) is no more applicable than (a)(1) is.

---

[13] Ms. Gjovik's anticipated argument that the stay is violated by Apple's failure to stop any further action in the California Court while this Motion is pending similarly fails.  Apple is not restrained, and its position is fully supported by the Bankruptcy Code and case law.  But it is equally telling that Ms. Gjovik has not sought an order stopping Apple from proceeding in California on an interim or expedited basis, with this Court or the California Court, and delay only permits Ms. Gjovik's continued and willful decision to publicize the confidential materials pending resolution of this Motion or any decision by the California Court.

*Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) (emphasis in original); *accord U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1473 (D.C. Cir. 1991) ("[S]omeone defending a suit brought by the debtor does *not* risk violation of § 362(a)(3) by filing a motion to dismiss the suit, though his resistance may burden rights asserted by the bankrupt." (emphasis in original); *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011) ("The stay does not . . . prevent a defendant from protecting its interests against claims brought by the debtor.").

39.     That reasoning is true regardless of whether the ongoing lawsuit by the debtor commenced pre-petition or relies on pre-petition activities.  Ms. Gjovik chose to sue Apple in California.  After filing bankruptcy, she chose to continue advancing that lawsuit in California. She cannot now object, in this Court, to Apple's participation in the litigation she initiated.  Apple cannot be enjoined from fully defending itself in that litigation.  The Northern District of California cannot be enjoined from entering orders in that litigation.  All the conduct Ms. Gjovik complains about in her Motion was precipitated by her own actions and decisions.  That those decisions have consequences she disagrees with or subjectively feels are unfair is not a basis for her stay violation Motion or injunctions.

## II.     THE COURT SHOULD CONSIDER A VEXATIOUS LITIGANT FINDING AND PREFILING REVIEW

40.     Ms. Gjovik's Motion lacks any merit for all the reasons above.  And this is not the first time Ms. Gjovik has filed a frivolous pleading with this Court.  Even a cursory review of her first sanctions motion against Apple or the several motions against the Trustee reveal a troubling pattern—Ms. Gjovik repeatedly files lengthy papers with no reasonable basis in law or plausible basis in fact, causing her litigation adversaries and this and other courts to incur time and expense

to respond to and adjudicate meritless accusations.[14]  That is not a legitimate purpose.  It should

not be condoned.

41.     Under § 105, this Court has the authority and discretion to "issue any order, process,

or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.

11 U.S.C. § 105(a).  That includes the power to declare litigants vexatious and to impose, among

other things, a system of pre-filing review to ensure filings have minimal merit before requiring a

response.  *See, e.g.*, *Elbery v. Louison*, 1999 WL 1295871, at *2 (1st Cir. Dec. 17, 1999) ("It is

well established that '[f]ederal courts . . . possess discretionary powers to regulate the conduct of

abusive litigants.'" (quoting *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir.

1993))).  And those powers may be invoked to impose "an injunction barring a party from filing

and processing frivolous and vexatious lawsuits."  *Id.* (quoting *Castro v. United States*, 775 F.2d

399, 408 (1st Cir. 1985)).

42.     Apple urges this Court to consider exercising that discretion by declaring Ms.

Gjovik a vexatious litigant and imposing a pre-filing review process to ensure her filings have

some minimal level of color before requiring a response.  That would properly balance Ms.

Gjovik's access to the courts while also ensuring her litigation adversaries are not prejudicially

---

[14]  Ms. Gjovik could have asked the California Court to determine whether the automatic stay applies to Apple's efforts to require her compliance with the Agreed Protective Order, but she did not and instead is causing litigation to occur both in this court and that one.  The California Court has jurisdiction to determine whether the automatic stay has any application to enforcement of the Agreed Protective Order.  *See, e.g.*, *Municipality of San Juan v. Puerto Rico*, 919 F.3d 565, 575 (1st Cir. 2019) ("In the ordinary bankruptcy context, a district court has concurrent jurisdiction with a bankruptcy court to decide whether the automatic stay provision of Section 362 applies to its own proceedings."); *In re Martinez*, 227 B.R. 442, 444 (Bankr. D.N.H. 1998) ("The court in which the litigation claim to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay.").

burdened by responding to pleadings which are doomed from inception.  Apple respectfully submits that a pre-filing review is appropriate in this case.

**III.**    **RESERVATION OF RIGHTS**

43.    Of course, pre-filing review may be an insufficient remedy for Ms. Gjovik's improper litigation conduct and assertion of unsupportable claims based on her bankruptcy filing. Apple, therefore, reserves its right, and intends, to seek sanctions against Ms. Gjovik for the Motion itself, and for future vexatious litigation conduct, under Bankruptcy Rule 9011 and 28 U.S.C. § 1927, which may include fees, costs, and other relief.

**CONCLUSION**

44.    For all the reasons above, the Court should deny Ms. Gjovik's Motion in its entirety and consider (i) making a vexatious litigant finding and (ii) subjecting Ms. Gjovik to a pre-filing review to ensure any future filings are colorable before requiring a response.

Dated: March 6, 2026                    Respectfully submitted,

                                              **PILLSBURY WINTHROP SHAW PITTMAN LLP**

                                              By: */s/ Andrew M. Troop*

                                                    Andrew M. Troop
    Mass. Bar No. 547179
    31 West 52nd Street
    New York, NY 10019-6131
    Tel: (212) 858-1000
    Fac: (212) 858-1500
    andrew.troop@pillsburylaw.com

    - and -

    Reed C. Trechter
    *Admitted Pro Hac Vice*
    609 Main Street, Suite 2000
    Houston, TX 77007
    Tel: (713) 276-7600
    Fac: (713) 276-7673
    reed.trechter@pillsburylaw.com

    ***Counsel for Apple Inc.***

19

## CERTIFICATE OF SERVICE

       I certify that, on March 6, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Massachusetts and to be mailed by first-class mail postage prepaid, and emailed, to the following parties.

<u>Debtor Ashley M. Gjovik</u>
Ashley M. Gjovik
18 Worcester Square, Apt. 1
Boston, MA 02118

*and also at:*

2108 N. St., Ste. 4553
Sacramento, CA 95816
ashleymgjovik@protonmail.com
legal@ashleygjovik.com

<u>Chapter 7 Trustee</u>
HARRIS BEACH MURTHA CULLINA PLLC
Mark G. DeGiacomo
33 Arch Street, 12th Floor
Boston, MA 02110
mdegiacomo@harrisbeachmurtha.com

<u>United States Trustee</u>
Richard King, Asst. U.S. Trustee
J.W. McCormack P.O. & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109
richard.t.king@usdoj.gov

*/s/ Andrew M. Troop*
Andrew M. Troop