# **<u>Exhibit A</u>**

| | |
|---|---|
| **From:** | Ashley M. Gjovik (Legal Matters) |
| **To:** | Troop, Andrew M. |
| **Cc:** | Trechter, Reed C.; Kelcey Phillips; Mahoney, Brian; Stolzenburg, Mark L.; harry.johnson |
| **Subject:** | RE: RE: Gjovik v. Apple: Ex Parte application regarding motion for violation of protective order and motion to provisionally seal |
| **Date:** | Friday, February 27, 2026 11:35:51 AM |
| **Attachments:** | image002.png |

Hello counselor,

The decision as to whether the stay applies, and whether to lift that stay if it does apply, is solely vested in Judge Panos' discretion. The stay applies to all parties regardless of pending or potential claims, or creditor status. If a party wants to seek relief against the debtor, that party needs the bankruptcy court to first agree to let it proceed, but otherwise proceeding solo is a violation of the stay -- and that's fundamental.

See *In re Hruby,* 512 B.R. 262, 274 (Bankr. D. Colo. 2014) (employer must seek stay relief before enforcing confidentiality provisions against debtor-employee)
https://case-law.vlex.com/vid/midwest-motor-supply-co-891006785

The test to determine if the stay can/should be lifted is different then if the claimant party has to first go to the bankruptcy court and ask for permission to make claims against the debtor -- the second test applies to everyone and was put in place as a hard stop by Congress to protect the integrity of bankruptcy proceedings and objectives. All you had to do was file a motion and ask -- but you refused.

Yet, concurrently Apple's filing at Dkt. 280 states: "Plaintiff is also independently prohibited from publicly disclosing information regarding Apple studies pursuant to the terms of the Confidentiality and Intellectual Property Agreement she signed. But Plaintiff has disregarded those obligations before; indeed, it was her public disclosure of confidential Apple product-related information that led to her termination from Apple in the first place." page 2 at footnote 2.

Apple's legal arguments about the protective order providing an independent legal basis for alleging breaches or violations is bogus, and scholarship and case law opposes and refuses Apple's interpretation. In order to request injunctions, sanctions, or sealing of records -- Apple has to provide an independent basis, which here, Apple already said is the employment agreement and said this dispute represents the same legal issues and factual scenario as when it terminated my employment.

And then Apple claims that it doesn't have to request approval to make these pre-petition employment law claims against a debtor in a Ch. 7 proceeding, despite Apple also interfering with that proceeding for over sixth months. That makes it a "willful" violation.

You guys knew you had to ask permission first, and you refused, and you filed bogus motions instead making claims against a debtor arising out of a pre-petition executory contract, that specifically assures the employee that Apple may seek financial relief from any employee where Apple alleges violates the agreement. Apple is also certainly going to try to seek attorneys fees in this litigation as Orrick gets all of its cases dismissed due to manufactured allegations of discovery abuse and resulting in upwards of millions of dollars of attorneys fees against the employee plaintiffs - that's their mo, so thats what they're building towards here and I already plead that in the bankruptcy matters.

Further, Apple also promised NLRB it would stop enforcing those exact terms in that agreement but here it is again threatening to enforce the same illegal terms. So Apples threatening financial

ruin based on an illegal contract it promised to stop enforcing, in violation of bankruptcy laws, in violation of the NLRA, in violation of the Protective Order and court rules, but somehow I'm the bad one here.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**


Sent with [Proton Mail](#) secure email.

On Friday, February 27th, 2026 at 9:15 AM, Troop, Andrew M. <andrew.troop@pillsburylaw.com> wrote:

> Ms. Gjovik,
>
> Please include all our correspondence, if you want, in any filing with the Bankruptcy Court.
>
> The *only* relief that Apple is currently seeking in California is to enforce the protective order. It has not sought to enforce your employment agreement based on any pre-petition breach by you. But to be clear, it is not a violation of the automatic stay to raise your breach – even a prepetition breach – of your employment agreement in response to, as defense to, or even as an offset to, among others, retaliatory discharge claims you have asserted in litigation in California – claims which have been abandoned by the chapter 7 trustee. It also is not a stay violation to report the fact of your breach in litigation you commenced, which has been abandoned and is now proceeding in California, or to use your employment agreement to demonstrate the confidential and proprietary nature of certain of the information and documents covered by the protective order that you have published or the reasons you were terminated.
>
> At bottom, your belief that your bankruptcy erases any impact from your failure to conduct yourself consistent with the various obligations contained in your employment agreement that, among other things, constrain your ability to use, take or keep Apple's information is wrong, but that is beyond the point right now. Again, the only relief being sought at present in California is to enforce a protective order where (a) you published information in violation of that order and (b) you failed to comply with the provisions of that protective order by doing so without following the challenge process in the protective order, and without the court first ruling that the materials you published were not properly designated as confidential. The Bankruptcy Court is not the forum in which compliance with a protective order issued by another court, in this

case a Federal District Court, in litigation abandoned to you at your insistence and which you are prosecuting in that California Court, is to be resolved.  There is no continuing bankruptcy interest in the conduct of that litigation.  Your claims are no longer estate property.  The conduct of the litigation is reposed in the California District Court.  The automatic stay does not apply.

I have answered your email as a courtesy.  Apple will respond to your pending motion for sanctions and any others in the time permitted by the Local and Federal Bankruptcy Rules.  The Bankruptcy Court will rule on any motions you file.  There is no need for further email back and forth, and we will not be responding to further emails from you – other than with respect to scheduling a hearing if that becomes relevant – about this topic.

All Apple's rights are reserved and none are waived.

Regards,

/s/ Andrew M. Troop

**Andrew M. Troop** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1660 | f +1.212.973.7435 | m +1.617.710.0902
andrew.troop@pillsburylaw.com | website bio

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, February 26, 2026 9:42 PM
**To:** Trechter, Reed C. <reed.trechter@pillsburylaw.com>; Troop, Andrew M. <andrew.troop@pillsburylaw.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Mahoney, Brian <brian.mahoney@morganlewis.com>; Stolzenburg, Mark L. <mark.stolzenburg@morganlewis.com>; harry.johnson <harry.johnson@morganlewis.com>
**Subject:** RE: RE: Gjovik v. Apple: Ex Parte application regarding motion for violation of protective order and motion to provisionally seal

Counselor,

Apple's own filings said the "breach" was also under my employment agreement and they were seeking remedies for the employment agreement "breach" along with the supposed protective order "breach" (ie, me talking about body functions, filing NLRB charges, and discussing/sharing already public information and records which is already subject to whistleblower and labor complaints) and all of which clearly makes this matter subject to a bankruptcy Stay, in addition to the many other arguments I made in my oppositions and motion to stay.

However, I appreciate you responding and I will include your response in my reply to your response to the pending Motion for Sanctions against Apple to illustrate how "willful" this violation is.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Thursday, February 26th, 2026 at 6:30 PM, Troop, Andrew M. <[andrew.troop@pillsburylaw.com](mailto:andrew.troop@pillsburylaw.com)> wrote:

> Ms. Gjovik,
>
> None of Apple's actions or proposed actions violate the Bankruptcy Code's automatic stay.

The various lawsuits or claims you initiated against Apple have been abandoned by your chapter 7 trustee at your insistence, and the courts or other tribunals in which they are pending have jurisdiction to enforce their own orders, including protective orders.  Your bankruptcy does not relieve you of the obligation to comply with the orders issued by those courts in those cases, particularly orders that regulate your conduct in those cases, like prohibiting the disclosure of confidential information without complying with the terms of the protective order.  This is true whether your violation of a protective order occurred before or after you filed your chapter 7 case, but it especially true where your violations of the order occurred post-petition after you chose the fora in which you want to litigate disputes with Apple.  The Bankruptcy Code, and the Bankruptcy Court, provide you no shelter.

Because there can be no stay violation, Apple need not seek relief from stay to obtain authority to enforce a protective order issued by the California Court in response to your meritless argument that the automatic stay applies.  Apple will respond to your pending sanctions' motion in due course.  To be clear, there is no basis for this sanctions' motion or your assertion that the automatic stay applies, just as the Bankruptcy Court found that there was no basis for your prior sanctions' motion against Apple with its various allegations including stay violation allegations.  Your pattern of pursuing baseless claims against Apple in the Bankruptcy Court to multiply proceedings "unreasonably and vexatiously" is now firmly established, and Apple will pursue remedies to the fullest extent permitted under applicable law, including Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. §1927, based on your pending sanctions' motion and any additional motion or motions you might file.

Regards,

*/s/ Andrew M. Troop*

**Andrew M. Troop** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1660 | f +1.212.973.7435 | m +1.617.710.0902
andrew.troop@pillsburylaw.com | website bio

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, February 26, 2026 6:26 PM
**To:** Jimenez, Catherine M. <catherine.jimenez@pillsburylaw.com>; Trechter, Reed C. <reed.trechter@pillsburylaw.com>; Troop, Andrew M. <andrew.troop@pillsburylaw.com>
**Subject:** Fw: RE: Gjovik v. Apple: Ex Parte application regarding motion for violation of protective order and motion to provisionally seal

Hello,

There will be a second motion for sanctions filed in the bankruptcy proceeding if your client's other counsel proceeds with this.

I am willing to consider not supplementing the first pending motion with this latest email if you can get Orrick/Apple to actually file a motion in the bankruptcy court asking to lift the stay prior to doing any of the things mentioned below, and confirming in writing that they will not proceed with the things mentioned below prior to the bankruptcy court lifting the stay for them to do so (if the court would agree to such a thing, which seems unlikely).

Let me know ASAP.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

------- Forwarded Message -------
From: Riechert, Melinda <mriechert@orrick.com>

Date: On Thursday, February 26th, 2026 at 3:02 PM
Subject: RE: Gjovik v. Apple: Ex Parte application regarding motion for violation of protective order and motion to provisionally seal
To: Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>, Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
CC: Perry, Jessica R. <jperry@orrick.com>, Mantoan, Kathryn G. <kmantoan@orrick.com>, Booms, Ryan <rbooms@orrick.com>, Weaver, Nicholas <nweaver@orrick.com>, Russell, Zoe <zrussell@orrick.com>, Horton, Nicholas J. <nhorton@orrick.com>

Ashley,

Apple intends to move the Court for an order finding that you are in violation of the Protective Order and enforcing the Protective Order by (i) ordering you to de-publish material Apple designated as Confidential and (ii) sealing your filings at Dkt. Nos. 278, 284, and 285 (which contain material Apple designated as Confidential).

Apple also intends to seek an order to shorten the time for briefing and hearing on Apple's Motion to Enforce Protective Order. Apple intends to request that the hearing be held on March 5, 2026 at 1:30 p.m., or on a date sooner than March 5, 2026 as this Court's schedule permits, and that any opposition be due by March 2, 2026, and Apple's reply be due by March 4, 2026. **Pursuant to Local Rules 6-3 and 7-11, please let us know if you are willing to stipulate to an order to shorten the time for briefing and hearing on Apple's Motion to Enforce Protective Order as detailed above.**

Further, Apple intends to seek an order to provisionally seal material Apple designated as Confidential that is referenced in Apple's Motion to Enforce the Protective Order and evidence to be filed in support of Apple's Motion until such time as any challenges to those designations have been ruled upon. **Pursuant to Local Rules 79-5 and 7-11, please let us know if you are willing to stipulate to an order to seal as detailed above.**

**Melinda Riechert**
Partner
Orrick
Silicon Valley
T 650/614-7423
M 650 759 1929
mriechert@orrick.com



Orrick

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing

in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.


The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.