

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>Ashley Marie Gjovik<br><br>Debtor | Chapter 7<br>25-11496-CJP |

### ORDER

**MATTER:**

#58 Motion filed by Debtor Ashley Marie Gjovik for Sanctions Against Apple Inc for Its Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. Sec. 362 (K)(1).

AFTER CONSIDERATION OF THE MOTION AT ECF NO. 58 ("MOTION"), THE RESPONSE AT ECF NO. 60, AND THE SUPPLEMENTS AT ECF NOS. 63, 65, AND 67, AND THE RECORD IN THIS CASE, THE MOTION IS DENIED FOR THE REASONS STATED IN THE RESPONSE, AND THE HEARING SCHEDULED FOR APRIL 2, 2026, IS CANCELLED.

THE MOTION SEEKS SANCTIONS UNDER 11 U.S.C. SECTION 362(k) FOR ALLEGED VIOLATIONS OF THE AUTOMATIC STAY BY APPLE. THE CONDUCT ALLEGED TO BE IN VIOLATION RELATE TO ACTIONS TAKEN BY APPLE IN LITIGATION COMMENCED BY THE DEBTOR THAT HAS BEEN ABANDONED BY THE ESTATE. MOREOVER, THE ACTIONS BY APPLE RELATE TO ENFORCEMENT OF A PREPETITION CONFIDENTIALITY AGREEMENT AND A PROTECTIVE ORDER ENTERED BY THE COURT IN THAT LITIGATION. IT IS UNDISPUTED THAT APPLE IS A DEFENDANT IN THAT LITIGATION AND IS NOT SEEKING TO RECOVER DAMAGES FROM THE DEBTOR. IT IS ALSO UNDISPUTED THAT APPLE SEEKS TO ENFORCE THE PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT IN THAT LITIGATION BASED ON POSTPETITION CONDUCT OF THE DEBTOR. THE DEBTOR ASSERTS THAT APPLE'S ACTS VIOLATE SECTION 362(a)(1) AND (a)(6). EVEN IF ASSUMED TO BE TRUE AS ALLEGED, THEY DO NOT. APPLE CAN NOT BE VIEWED TO HAVE TAKEN ANY ACTION TO CONTINUE OR COMMENCE AN ACTION OR TO CONSTITUTE ANOTHER ACT TO RECOVER AGAINST THE DEBTOR A CLAIM THAT AROSE BEFORE THE PETITION DATE OF HER BANKRUPTCY CASE. WHILE APPLE SEEKS TO ENFORCE BOTH A PREPETITION CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER IN THE CONTEXT OF THE PENDING EMPLOYMENT LITIGATION, THE ACTS THAT ARE THE BASIS FOR ITS REQUESTS ARE POSTPETITION ACTS BY THE DEBTOR.

APPLE REQUESTS THAT THIS COURT FIND THAT THE DEBTOR'S MOTION DEMONSTRATES VEXATIOUS CONDUCT AND IMPOSE PRE-FILING RESTRICTIONS ON THE DEBTOR. WHILE AN ARGUMENT CAN BE MADE THAT THE DEBTOR HAD NO GOOD FAITH BASIS FOR THE CLAIMS MADE IN THE MOTION, APPLE HAS NOT SOUGHT SANCTIONS UNDER RULE 9011. THE COURT IS NOT PREPARED AT THIS TIME TO IMPOSE A PRE-FILING RESTRICTION ON THE DEBTOR. THE TRUSTEE HAS FILED A REPORT OF NO DISTRIBUTION. IT APPEARS THAT THE DEBTOR'S BANKRUPTCY CASE IS MOVING TOWARD CLOSURE. ANY DISPUTES RELATING TO THE EMPLOYMENT LITIGATION ARE LIKELY TO BE BROUGHT BEFORE THE COURT PRESIDING IN THAT CASE.

Dated: 04/01/2026

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge