**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

| | |
|---|---|
| In re: | Chapter 7 |
| **ASHLEY M. GJOVIK** | Case No. 25-11496-CJP |
| Debtor. | |

**DEBTOR'S MOTION**
**FOR ENTRY OF DISCHARGE**
**AND TO CLOSE CH. 7 CASE NO. 25-11496**

The Debtor, ASHLEY M. GJOVIK, (the "Debtor"), respectfully moves this Court, pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. P. 4004(c), for entry of an order of discharge, and for entry of a final decree closing this case, and in support states as follows:

1.      The Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 21, 2025 (Dkt. 1).

2.      The meeting of creditors under 11 U.S.C. § 341 was convened twice by the Trustee, and concluded on October 30, 2025.

3.      The deadline for filing complaints objecting to discharge under 11 U.S.C. § 727 and Fed. R. Bankr. P. 4004(a), and for filing motions to dismiss under 11 U.S.C. § 707, expired in October 2025. No such complaint or motion was filed, and none is pending.

4.      The deadline for filing objections to the Debtor's claimed exemptions under Fed. R. Bankr. P. 4003(b) expired thirty days following the conclusion of the meeting of creditors. No objection to the Debtor's claimed exemptions was filed, and none is pending.

5.      The deadline for filing proofs of claim, including the governmental claims bar date, has likewise passed.

6.      The Debtor has satisfied all prerequisites to entry of a discharge, including completion of the personal financial management course required by 11 U.S.C. § 727(a)(11), the certification of which has been filed with the Court. The filing fee has been paid in full, and no waiver of discharge under § 727(a)(10) has been filed.

7.      During the administration of this case, the Chapter 7 Trustee abandoned property of the estate on several occasions pursuant to 11 U.S.C. § 554. To the extent any property of the estate that was duly scheduled or otherwise properly disclosed of record has not been expressly abandoned, or was incorrectly or incompletely abandoned, such property is to be abandoned to the Debtor by operation of 11 U.S.C. § 554(c) upon the closing of this case.

8.      The discharge to be entered herein operates as to each debt listed or scheduled by the Debtor and, pursuant to 11 U.S.C. § 524(a), binds the holder of each such debt and any successor, assignee, or transferee thereof, regardless of any transfer or change in ownership of the debt occurring before or after entry of the discharge.

9.      The only matter that has remained outstanding in this case is Adversary Proceeding No. 25-01104, in which the Debtor sought a determination under 11 U.S.C. § 523(a)(8) of the dischargeability of certain federal student loan obligations held by the United States Department of Education.

10.     The Department of Education has agreed to resolve Adversary Proceeding No. 25-01104 by stipulation providing that the subject student loan obligations are discharged. A stipulation to that effect was filed contemporaneously herewith at Dkt. 31 ("*Stipulation and Agreement for Judgment Discharging Student Loan Indebtedness*") and Dkt. 32 ("*Assented-To Motion To Approve Stipulation*") on June 1 2026.

11.     Entry of the Debtor's general discharge under § 727 does not impair the relief embodied in the parties' stipulation in the adversary proceeding. Together, the discharge and the stipulation fully and finally resolve all matters before the Court.

12.     With the resolution of Adversary Proceeding No. 25-01104, no objection, contested matter, motion, or other proceeding remains pending that would preclude entry of the

Debtor's discharge under Fed. R. Bankr. P. 4004(c)(1), and no administrative matter remains that would preclude the entry of a final decree closing this case.

**WHEREFORE**, the Debtor respectfully requests that this Court:

(a) enter an order of discharge in favor of the Debtor pursuant to 11 U.S.C. § 727;

(b) upon entry of the discharge and the approval of the stipulation in Adversary Proceeding No. 25-01104, enter a final decree closing this case;

(c) confirm that any property of the estate that was duly scheduled or otherwise properly disclosed of record, and that has not been administered or expressly abandoned (or was incompletely or inaccurately abandoned, such as by the Trustee's repeated and knowing use of incorrect and non-existent entity names), shall be fully and properly abandoned to the Debtor pursuant to 11 U.S.C. § 554(c) upon the closing of this case;

(d) provide that the discharge entered herein applies to each debt listed or scheduled by the Debtor and, pursuant to 11 U.S.C. § 524(a), binds the holder of each such debt and any successor, assignee, or transferee thereof; and

(e) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
Ashley Gjovik

**/s/ Ashley M. Gjovik**
Ashley Gjovik (*pro se*)
Dated June 1 2026 in San José, California
(415) 964-6272
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served upon the Court and Trustee via the Court's electronic filing system (when the pro se clerk posts it).

/s/ Ashley M. Gjovik
Ashley Gjovik (*pro se*); Dated: June 1 2026